UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VALENTINO DIXON,

          Plaintiff,

-vs-

CITY OF BUFFALO and COUNTY OF ERIE; and
DETECTIVE MARK R. STAMBACH, DETECTIVE
RANIERO MASECCHIA, DETECTIVE JAMES P.
LONERGAN, DETECTIVE JOHN VICKERD; CHIEF
RICHARD T. DONOVAN, JOHN DOES, Unknown Buffalo
Police Department Supervisors, and ASSISTANT
DISTRICT ATTORNEY CHRISTOPHER BELLING, in
their individual capacities,

          Defendants.

**ANSWER WITH CROSS CLAIM**

Civil Action No.:
19-cv-01678

---

The Defendants, COUNTY OF ERIE and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING, in his individual capacity (collectively, the "County Defendants" or "Defendants"), answer the Complaint of the Plaintiff as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted herein, County Defendants deny each and every allegation contained in the Complaint and specifically deny any liability to Plaintiff. Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary. The County Defendants:

1. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 1, 3, 4, 13, 14, 15, 34, 35, 36, 37, 38, 39, 42, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 62, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 83, 86, 87, 88, 89, 92, 93, 96, 97, 98, 99, 100, 104, 105, 106, 107, 111, 112, 113, 114, 115, 116, 117, 119, 121, 124, 125, 129,

134, 136, 139, 140, 143, 146, 179, 180, 181, 182, 183, 185, 186, 188, 190, 191, 192, 193, 195, 196, 197, 198, 199 and 200.

2. Deny any allegation of wrongful conduct or misconduct by County Defendants and deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraphs 2, 8, 9, 10, 16, 17, 18, 20, 23, 41, 46, 59, 60, 61, 65, 101, 102, 103, 109, 120, 126, 127, 133, 137, 138, 141, 144, 145, 147, 148, 149, 150, 151, 152, 153, 154, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 184, 187, 189, 194 and 222.

3. Deny the allegations set forth in Paragraphs 5, 6, 7, 11, 12, 19, 21, 22, 25, 26, 43, 44, 45, 63, 64, 66, 74, 82, 90, 91, 94, 95, 108, 118, 128, 142, 155, 201, 202, 203, 204, 205, 206, 207, 208, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 223, 225, 226(a-g), 227, 228, 229, 230, 232, 233, 234, 235, 237, 238(a-f), 239, 240, 242, 243, 244, 245, 246, 248, 249, 250, 251, 252, 253, 254, 256(a-d), 257, 258, 259, 261, 262, 263, 264, 266, 267, 268, 270, 271, 272, 273, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 286, 287, 288, 290, 291, 292, 294 and 295.

4. Deny any allegation in Paragraph 24 that the County Defendants "coerced" Scott into recanting his confession and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

5. Admit upon information and belief the allegations set forth in Paragraphs 27 and 32, but defer any questions of law to the Court.

6. Admit the allegations set forth in Paragraph 28 as to the Erie County Defendants and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

7. Admit the allegations set forth in Paragraph 29 as to the County of Erie and deny

knowledge or information sufficient to form a belief as to the remainder of the allegations.

8. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 and defer questions of law to the Court.

9. Admit upon information and belief the allegation set forth in Paragraph 31 that the Plaintiff resides in New York State and deny the remainder of the allegations.

10. Admit the allegation set forth in paragraph 33 that the County of Erie is a municipality organized and existing under the laws of the State of New York and deny knowledge or information sufficient to form a belief as to the remainder of the allegations and defer questions of law to the Court.

11. Admit the allegation set forth in Paragraph 40 that Christopher Belling was an assistant district attorney and deny knowledge or information sufficient to form a belief as to the remainder of the allegations and defer questions of law to the Court.

12. Deny the allegation set forth in Paragraph 84 of the existence of any "conspiracy" and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

13. Deny the allegation set forth in Paragraph 85 that there was no probable cause and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

14. Deny the allegation set forth in Paragraph 110 that there was wrongful conduct or misconduct by the County Defendants; deny the allegation that Belling intimidated Mr. Scott into perjuring himself in the grand jury; and deny knowledge or information sufficient to form a belief as to the remaining allegations.

15. Deny the allegation set forth in Paragraph 122 of the existence of any "conspiracy" and deny knowledge or information sufficient to form a belief as to the remainder of the

allegations.

16. Deny the allegation set forth in Paragraph 123 that there was wrongful misconduct by the County Defendants and deny knowledge or information sufficient to form a belief as to the remaining allegations.

17. Deny the allegation set forth in Paragraph 131 that Belling "hid that information from the defense"; Defendants deny any wrongful conduct or misconduct by County Defendants and deny knowledge or information sufficient to form a belief as to the remaining allegations.

18. Admit upon information and belief the allegation set forth in Paragraph 132 that Plaintiff was convicted on June 16, 1992 and deny the remaining allegations.

19. Admit upon information and belief the allegation set forth in Paragraph 130, that the prosecutor presented no physical or forensic evidence specifically linking Plaintiff to the shooting and deny the remaining allegations.

20. Deny the allegation set forth in Paragraph 135 that Belling "communicated to him that, consistent with his placement on their target list, Mr. Dixon was someone they believed should be taken 'off the street'." Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations.

21. Deny the allegation in Paragraph 209 that "ECDA" had corrupt policies, practices or customs and deny knowledge or information sufficient to form a belief as to the remaining allegations.

22. As for an answer to Paragraphs 224, 231, 236, 241, 247, 255, 260, 265, 269, 274, 285, 289 and 293 of the Plaintiff's Complaint, Defendants repeat and reallege their answers with the same force and effect as fully set forth herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Plaintiff's action is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. The Defendants are protected by the doctrine of absolute immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. The Defendants are protected by the doctrine of qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Defendants are protected by the doctrine of sovereign immunity and the eleventh amendment to the United States Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. The Plaintiff's action is barred, in whole or in part, by reason of collateral estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. The Plaintiff's action is barred, in whole or in part, by reason of res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. The Plaintiff's action is barred, in whole or in part, by reason of judicial estoppel.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30. The Plaintiff's action is barred, in whole or in part, as the criminal prosecution did not result in a favorable termination as is required to sustain a cause of action for malicious prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. The damages alleged in the complaint were caused, in whole or in part, by the culpable conduct of the Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. By reason of the foregoing, the Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

33. Under relevant state and federal law, punitive damages cannot be awarded against certain municipal defendants.

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

34. Any damages complained of were caused by the culpable conduct of others over whom the County Defendants exercised no control and for whom the County Defendants bear no responsibility.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. Any award for Plaintiff must be reduced by the amount he has received or will receive from collateral sources.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36. Upon information and belief, Plaintiff's Complaint is barred, in whole or in part for failure to comply with Article 4 of the General Municipal Law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the County Defendants did not violate any of Plaintiff's constitutional rights.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the County Defendants were without malice, prejudice or bias and were objectively reasonable under the totality of the circumstances.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

39. Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities and their employees including but not limited to governmental immunity for alleged errors of judgment in discretionary decisions and absolute immunity for witness testimony provided at criminal proceedings.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS CITY OF BUFFALO, DETECTIVE MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA, DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN VICKERD, CHIEF RICHARD T. DONOVAN AND JOHN DOES, UNKNOWN BUFFALO POLICE DEPARTMENT SUPERVISORS

40. Although these answering County Defendants are not aware of any culpable conduct on the part of the co-defendants, any injuries or damages sustained by the Plaintiff as alleged in the Complaint, if not caused by reason of the negligence, carelessness, illegal, reckless, and/or other culpable conduct of the Plaintiff, were caused or contributed to by the negligence, wrongful, carelessness and/or other culpable conduct of the co-defendants, City of Buffalo, and its agents, servants and employees, and Detective Mark R. Stambach, Detective Raniero Masecchia,

Detective James P. Lonergan, Detective John Vickerd, Chief Richard T. Donovan and John Does, Unknown Buffalo Police Department Supervisors.

41.     Therefore, these answering County Defendants will be entitled to indemnification by and judgment against the above referenced co-defendants.

**WHEREFORE**, The Defendants, COUNTY OF ERIE and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING, in his individual capacity demand judgment as follows:

a)     Dismissing the Complaint herein together with the costs and disbursements of this action, an award of attorneys' fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. §1988;

b)     Directing that the Plaintiff's damages, in the event the Plaintiff is entitled to recover, be diminished by the proportion which the culpable conduct of the Plaintiff bears to the culpable conduct which caused or contributed to said damages;

c)     Awarding contribution and/or indemnification to the County Defendants from co-defendants; and

d)     Granting such other and further relief in favor of Defendants, COUNTY OF ERIE and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING, in his individual capacity as the Court deems just and proper, together with the costs and disbursements of this action.

Dated: March 16, 2020
       Buffalo, New York

                          Respectfully submitted,

                          **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

By:    /s/ Jennifer C. Persico
       Jennifer C. Persico
       *Attorneys for Defendants, County of Erie and Assistant District Attorney Christopher Belling in his individual capacity*
       50 Fountain Plaza, Suite 1700
       Buffalo, New York 14202
       (716) 853-5100
       jpersico@lippes.com

TO:    Anna Benvenutti Hoffman
        **NEUFELD SCHECK & BRUSTIN LLP**
        *Attorneys for Plaintiff*
        *Valentino Dixon*
        99 Hudson Street, Eighth Floor
        New York, New York 10013
        (212) 965-9081
        anna@nsbcivilrights.com

CC:    Maeve Huggins
        **CITY OF BUFFALO**
        *Attorneys for Defendants City of Buffalo, Detective Mark R. Stambach, Detective Raniero Masecchia, Detective James P. Lonergan, Detective John Vickerd; Chief Richard T. Donovan, John Does, and Unknown Buffalo Police Department Supervisors*
        65 Niagara Square, Room 1111
        Buffalo, New York 14202
        (716) 851-4317
        mhuggins@city-buffalo.com