UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINO DIXON,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF BUFFALO et al.,<br><br>　　　　Defendants. | Civil Action No. 19-cv-01678<br><br>**AFFIDAVIT IN SUPPORT OF JOINT MOTION FOR A DISCOVERY CONFIDENTIALITY ORDER** |

### AFFIDAVIT IN SUPPORT OF JOINT MOTION FOR A DISCOVERY CONFIDENTIALITY ORDER

I, **NICK JOEL BRUSTIN**, hereby swear and state as follows:

1. I am an attorney at law of the State of New York and a partner of the law firm Neufeld Scheck & Brustin LLP. I represent Plaintiff Valentino Dixon in the above-captioned matter.

2. I submit this affidavit pursuant to Local Civil Rule 7(a)(3) in support of the Proposed Discovery Confidentiality Order ("the Proposed Order") that has been consented to by all parties in this case.

3. Plaintiff Valentino Dixon seeks damages from Defendants for claims arising from his wrongful conviction.

4. Because of the nature of the dispute, discovery in the above-captioned matter will likely require the disclosure of documents and other media containing sensitive or confidential personal information. For example, parties will likely seek Plaintiff's medical, psychological, psychiatric, inmate, employment, or educational records. As discovery continues, the need to disclose additional confidential and personal information will likely arise.

1

5. Accordingly, "Confidential Information" as defined in the Proposed Order may include without limitation "private and confidential medical, personal, or financial information, such as medical records, physiological or psychiatric records; inmate records, employment records, educational records, or personal correspondence; personnel records and/or employment histories of public employees, disciplinary-related records, complaints, and/or investigations of public employees; Buffalo Police Department and/or Erie County District Attorney's Office training materials, including but not limited to, sections of the Manual of Procedures and/or Rules & Regulations that are not publicly available, directives, General Order(s), and/or Training Bulletin(s)." Proposed Order ¶ 1.

6. The Proposed Order makes clear that Confidential Information does not include any information that is "otherwise publicly available." Id.

7. The legitimate public and private interests which warrant confidentiality include, but are not limited to, the protection of confidential medical information, as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Pub. Law 104-91, as well as the protection of confidential inmate, employment, and educational records.

8. Given the sensitive and private nature of the Confidential Information, the producing party would suffer serious injury if the Proposed Order is not entered to prohibit access to, release of, or use of its Confidential Information by the public or others not involved in this litigation. For instance, there is a risk that HIPPA privacy rights would be violated or that identity theft could occur. In addition, publication of Confidential Information could subject the producing party or some other person or entity to undue embarrassment or otherwise unfairly publicize information that was expected to be kept private. Such disclosure could cause significant personal harm to the producing party.

9. The Proposed Order authorizes the filing of materials under seal with the Court only in accordance with the local rules, including Local Civil Rule 5.3, and the Federal Rules of Civil Procedure. Proposed Order ¶ 7.

10. Under the terms of the Proposed Order, the parties are afforded the opportunity to challenge any designation of confidentiality. Id. ¶ 5.

11. For the foregoing reasons, the parties meet the requirements of Federal Rules of Civil Procedure 26(c) for entry of the Proposed Order.

12. Defendants have consented to the Proposed Order.

I affirm that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to discipline.

DATED: May 20, 2020                              /s/ Nick Joel Brustin

                                                                Nick Joel Brustin
NEUFELD SCHECK & BRUSTIN LLP
99 Hudson Street, 8th Floor
New York, NY 10013
T: (212) 965-9081
E: nick@nsbcivilrights.com

*Counsel for Plaintiff Valentino Dixon*