UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINO DIXON,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF BUFFALO et al.,<br><br>　　　　Defendants. | Civil Action No. 19-cv-01678<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

### DISCOVERY CONFIDENTIALITY ORDER

**WHEREAS,** pursuant to Rule 26, the parties will disclose certain documents and information to each other;

**WHEREAS**, pursuant to Rule 33 and 34, the parties may seek certain documents and information from each other in accordance with their discovery demands in this matter;

**WHEREAS,** the parties have agreed to the relief requested herein;

**WHEREAS**, discovery in this case will involve the disclosure of documents, materials, and related information including, but not limited to, private medical, personal, or financial information and records, which the parties deem confidential, private, and/or subject to applicable privileges. Accordingly, good cause having been shown:

**IT IS HEREBY ORDERED THAT:**

1.　For the purposes of this Order, "Confidential Information" may include, but not be limited to, private and confidential medical, personal, or financial information, such as medical records, physiological or psychiatric records; inmate records, employment records, educational records, or personal correspondence; personnel records and/or employment histories of public employees, disciplinary-related records, complaints, and/or investigations of public

1

employees; Buffalo Police Department and/or Erie County District Attorney's Office training materials, including but not limited to, sections of the Manual of Procedures and/or Rules & Regulations that are not publicly available, directives, General Order(s), and/or Training Bulletin(s). Documents and information shall not be designated Confidential Information to the extent they are otherwise publicly available.

2. Confidential Information supplied by the parties shall be reviewed only by the parties and attorneys in this litigation, as well as their supervisors, secretaries, investigators, paralegals, interns, staff, consultants, witnesses, experts retained for these cases, and others by written consent of the parties or order of the Court. Confidential Information supplied by the parties shall not be reviewed by, or disclosed to, any other persons not associated with these cases, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3. A party may designate the above referenced "Confidential Materials" as confidential by either writing, typing or stamping the word "CONFIDENTIAL" (or words to that effect) on the face of the materials upon the initial production to the opposing party or by written notice to counsel for the opposing party that includes a description of the materials to be designated "CONFIDENTIAL."

4. No document shall be presumed to be confidential until and unless a party explicitly designates it as "Confidential Information" or it is confidential as a matter of law.

5. A party may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference or a letter to the Court, provided, however, that the receiving party first made a good-faith attempt to resolve the dispute by conferring with the producing party. A good-faith effort must include

ample notice, an opportunity to review the issue, a discussion between the parties, and a response in writing if necessary to protect the record therein. After presentation to the Court, a formal motion may be filed. Unless and until the parties agree that information designated as "Confidential" is not entitled to the protections conferred by such designation, or in the absence of agreement the Court so rules, said information shall remain Confidential Information subject to this Order.

6. Each party receiving Confidential Information will take steps to ensure that disclosure is strictly limited to persons so authorized in ¶ 2 of this Order and is maintained in a manner that prevents its use for purposes not authorized in this Order. All Confidential Information, regardless of where it is contained, shall be kept in such a manner sufficient to protect its confidential nature. In other words, Confidential Information shall, at all times, be maintained in the utmost confidentiality.

7. In these proceedings, any party may file a motion for leave to file under seal any pleading or other submission which contains Confidential Information consistent with the local rules and the Federal Rules of Civil Procedure.

8. Each party shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers, or employees, or otherwise provided by the other party.

9. This Order and the production of any Confidential Information pursuant thereto are not intended as a waiver of any privilege or right. Disclosure of Confidential Information may not be compelled simply because it is covered by this Order. Further, this Order is not intended to waive any objections that may be raised at the time of trial. This Order is not intended to have any impact upon the admissibility of "Confidential Information" at trial and

each party hereto reserves all rights to challenge the competency, relevance, materiality, and admissibility of, and to object on any grounds to, the use of any "Confidential Information."

10. The provisions of the Order are without prejudice to the right of any party to: (a) apply to the Court for a further confidentiality order relating to any Confidential Information or relating to discovery in this litigation; (b) apply to the Court for an order removing the Confidential Information designation (subject to the procedure described in ¶ 5 above); and (c) apply to the Court for an order permitting use or disclosure of particular documents marked as Confidential during pretrial proceedings and/or hearings or at trial.

11. The parties shall communicate the confidentiality requirements of this Order to every person who is given access to Confidential Information produced by any other party.

12. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, the parties shall take all steps reasonably required to protect its confidentiality during such use, and the parties shall meet and confer to determine how the parties' interests can be best accommodated at trial.

13. Any party may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

14. Within 60 days after the termination of this Action, including all appeals, the Confidential materials shall be returned to the Producing Party's attorneys, or upon their consent, destroyed.  Notwithstanding this provision, counsel for the Receiving Party may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose.  Any such

copies that contain or constitute Confidential Materials shall remain subject to this Protective Order.

DATED: _____ day of _____, 2020.

**SO ORDERED:**

_____
**United States District Court Judge**