# Exhibit H

*July 19, 2021 Defendant County of Erie's Initial Response to Plaintiff's Revised Request for Production of Documents and Things*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALENTINO DIXON,

              Plaintiff,

-vs-

CITY OF BUFFALO and COUNTY OF ERIE; and
DETECTIVE MARK R. STAMBACH, DETECTIVE          Civil Action No.:
RANIERO MASECCHIA, DETECTIVE JAMES P.          19-cv-01678
LONERGAN, DETECTIVE JOHN VICKERD; CHIEF
RICHARD T. DONOVAN, JOHN DOES, Unknown Buffalo
Police Department Supervisors, and ASSISTANT
DISTRICT ATTORNEY CHRISTOPHER BELLING, in
their individual capacities,

              Defendants.

_____

## DEFENDANT COUNTY OF ERIE RESPONSE TO PLAINTIFF'S REVISED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

       The Defendant, County of Erie, by its attorneys, Lippes Mathias Wexler Friedman LLP, in answering the revised first request for production of documents of the Plaintiff states upon information and belief:

### GENERAL OBJECTIONS

       Defendant objects to these demands to the extent that they seek information and/or documents that are protected by privilege including but not limited to the attorney-client privilege, work product doctrine and/or material prepared in anticipation of litigation. To the extent that these demands seek information or documents not presently known to or readily ascertainable to the Defendant, Defendant reserves all rights to object to subsequent discovery on the aforementioned basis or any other basis or bases. Defendant and Defendant's counsel hereby asserts and maintains all applicable privileges and protections with respect to any information and/or documents that may be subsequently discovered in accordance with these responses.

       Defendant further objects to these demands to the extent that they are unduly burdensome

and overbroad and/or seek information that is not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of relevant or admissible evidence. These demands are also vague and ambiguous.

Defendant does not concede that any of its responses to these demands are or will be admissible evidence at any trial or hearing of this action. Defendant does not waive any objection, on any ground, whether or not asserted herein, to the use of any such responses at a later date or at a trial or hearing of this action.

Defendant's responses are based upon documents and information that are known and reasonably available to it and its counsel. Defendant cannot exclude the possibility that other documents and/or materials may exist that may provide additional or more complete information.

The aforementioned General Objections are incorporated by reference into each of the responses provided below.

Defendant reserves its right to supplement or amend this response upon completion of discovery and investigation of this action.

## DEFENDANT COUNTY OF ERIE RESPONSES TO PLAINTIFF'S REVISED REQUESTS FOR PRODUCTION

DEMAND NO 1.    Identify and produce true and correct copies of all documents in the possession, custody, or control of the County of Erie, including without limitation the ECDA, prior to June 16, 1992, concerning the August 10, 1991 Buffalo shooting investigation, including the prosecution of Valentino Dixon for that shooting. This request includes but is not limited to the following categories of documents:

    a.    The complete ECDA file relating to the August 10, 1991 Buffalo shooting;

    b.    The complete ECDA file relating to the criminal action *People of the State of New York v. Valentino Dixon* in Supreme Court of Erie County, indictment number 91-1476-001;

    c.    Any documentation or audio recordings of suspect or witness interviews or interrogations, whether taken by an employee of the ECDA, the BPD, or anyone else, including without limitation documentation of agreements, payments, inducements, promises, or benefits offered to or request by any witness or potential witness;

    d.    All documents provided to Valentino Dixon's defense counsel as discovery or *Rosario*, specifically including all disclosed *Brady* and *Giglio* material, as well as any correspondence, index pages, cover sheets, notes, or other documents or filing relating to production of such discovery material to defense counsel;

    e.    All handwritten notes from any employee of the ECDA, including without limitation all notes by prosecutors Christopher Belling, Frank Sedita, and/or any other prosecutor or investigator involved in the 1991–92 investigation and prosecution of the August 10, 1991 Buffalo shooting;

    f.    All documents reflecting any communication, including without limitation, reports, letters, e-mails, and SMS messages, between any officer, agent, or employee of the ECDA or to or from any such person of the ECDA, pertaining to Valentino Dixon or the August 10, 1991 Buffalo shooting; and

    g.    All tangible or physical evidence collected during or pertaining to the investigation of the August 10, 1991 Buffalo shooting, or the prosecution of Valentino Dixon as a suspect in those crimes, including but not limited to photographs, fingerprint evidence, seized property, clothing worn by any victim, serological evidence, DNA evidence or testing, and any other forensic evidence;

        i.    For any such tangible or physical evidence, produce any and all documents, including without limitation communications, logs, e-mails, letters, notes, reports, receipts, and chain of custody forms, concerning the location of that evidence; and

    h.    To the extent not produced above, any other document relating to Valentino Dixon, Lamar Scott, or any other suspect in the August 10, 1991 Buffalo shooting in the possession, custody, or control of the County prior to June 16, 1992.

**RESPONSE TO DEMAND NO 1.** Defendant objects to this demand as overly broad, unduly burdensome and not likely to lead to the discovery of relevant and material information. Notwithstanding the foregoing, and while reserving all rights, Defendant responds as follows:

    a.    Plaintiff is referred to the Defendants' prior responses served on November 20, 2020 including documents COE 001666-2406 which constitute a copy of the Erie County District Attorney's file relating to the August 10, 1991 shooting, excluding privileged or

confidential information which, if it exists, will be identified in a forthcoming privilege log. That material supplemented the prior production made on July 7, 2020 of documents COE 001395-1665 and those materials are incorporated herein by reference. Our prior disclosures are supplemented by COE 003996 enclosed herewith which is a video of the scene taken on August 10, 1991.  This information is provided subject to the Defendant's right to supplement the same.

b.      The Erie County District Attorney's Office file relating to *People v. Valentino Dixon,* indictment no. 91-1476-001, is included in the response to 1.a. above. Defendant incorporates any objections and reservation of rights set forth above in its response to this demand.

c.      Defendant objects to this demand as overly broad and insufficiently identifying the requested information.  Defendant cannot respond on behalf of the BPD or on behalf of "anyone else". Notwithstanding the foregoing objections, enclosed please find COE 003997 which is a video of LaMarr Scott apparently taken on 8-12-91.  Defendant reserves the right to supplement this response.

d.      Defendant objects to this demand as duplicative of 1a.-b. and because these materials are in the possession of Plaintiff.  To the extent Defendant is in possession of documents responsive to this demand, see response to 1.a.

e.      Defendant objects to this demand as overly broad and duplicative of 1.a.–b. Plaintiff is not entitled to all handwritten notes of any prosecutor involved in the prosecution at issue.  Notwithstanding the foregoing and while reserving all rights, inasmuch as handwritten notes do not constitute attorney work product, material prepared in anticipation of litigation or subject to other privilege, relevant documents are enclosed in the response to 1.a.

f.      Defendant objects to this demand.  Plaintiff is not entitled to, without limitation, any and all communications between ECDA personnel pertaining to Valentino Dixon or the August 10, 1991 Buffalo shooting.  To the extent discoverable, materials responsive to this demand are included in the response to 1.a.

g.      Defendant objects to this demand as duplicative of 1.a.  Upon information and belief, Defendant is not in possession of any additional tangible and physical evidence collected during or pertaining to the August 10, 1991 shooting not already disclosed and

4

reserves its right to supplement this demand at a later date.

h.    Defendant objects as this demand as overly broad and duplicative of 1.a.-g.

DEMAND NO 2.    Identify and produce true and correct copies of all documents in the possession, custody, or control of the County, including without limitation the ECDA— but which were not in its possession, custody, or control on or before June 16, 1992— concerning the August 10, 1991 Buffalo shooting investigation, any subsequent reinvestigation of that crime, and/or any reinvestigation relating to Valentino Dixon's conviction. This request includes but is not limited to the following categories of documents currently in the possession of the County or its attorneys, employees, or agents:

a.    Subcategories #1(a) – (h);

b.    The complete ECDA file relating to any appellate and/or postconviction proceedings;

c.    The complete ECDA file relating to the reinvestigation of the August 10, 1991 Buffalo shooting, including without limitation, the reinvestigation of Valentino Dixon's arrest, prosecution, and conviction;

d.    Notes from any employee of the County of Erie, including without limitation the ECDA, involved in the reinvestigation of the August 10, 1991 Buffalo shooting, including without limitation John Flynn, Christopher Belling, Frank Sedita, and/or any other prosecutor or investigator involved in the reinvestigation;

e.    All tangible or physical evidence collected during or pertaining to the reinvestigation of the August 10, 1991 Buffalo shooting, or the prosecution of Valentino Dixon as a suspect in those crimes, including but not limited to photographs, fingerprint evidence, seized property, clothing worn by any victim, serological evidence, DNA evidence or testing, and any other forensic evidence,

   i. For any such tangible or physical evidence, produce any and all documents,including without limitation communications, logs, e-mails, letters, notes, reports, receipts, and chain of custody forms, concerning the location of thatevidence.

f.    To the extent not produced above, any other document relating to Valentino

Dixon, Lamar Scott, or any other suspect in the August 10, 1991 Buffalo shooting in possession, custody, or control of the County on or after June 16, 1992.

**RESPONSE TO DEMAND NO 2.** Defendant generally objects to this demand as overly broad, unduly burdensome and not likely to lead to discovery of relevant and material information. See the following for additional detail:

a.    Defendant objects to this demand as duplicative of prior demands. Plaintiff is directed to the response to 1.a.

b.    Defendant objects to this demand as overly broad, unduly burdensome and encompassing material already in Plaintiff's possession. Notwithstanding the foregoing, Defendant and Plaintiff have agreed to further confer and cooperate to determine which post-conviction proceeding documents, if any, need to be produced. Each party has reserved all rights, but will endeavor to ensure the efficient production of all discoverable documents.

c.    Defendant objects to this demand. Plaintiff is not entitled to "the complete ECDA file relating to the reinvestigation of the August 10, 1991 Buffalo shooting, including without limitation, the reinvestigation of Valentino Dixon's arrest, prosecution, and conviction". Plaintiff is in possession of the ECDA's response to his 440 motion and any and all subsequent documentation. Notwithstanding the foregoing, we refer Plaintiff to our previous disclosure of videotaped interviews of Valentino Dixon dated 8/17/18 (COE002555); 8/30/18 (COE0002554) and 8/31/18 (COE002556); videotaped interviews of Lamarr Scott dated 8/2/18 (COE002552) and 8/15/18 (COE002553). Additionally, enclosed herewith please find juror videos (COE 004294 – 004295) and additional documents responsive to this demand (COE 003998-4293) We reserve the right to supplement this demand should we discover additional responsive materials.

d.    Defendant objects to this demand as overly broad, encompassing privileged material and otherwise referring to information already in Plaintiff's possession. As with Demand 2.c, Plaintiff is in possession of the ECDA's response to his 440 motion and any and all subsequent documentation. Plaintiff is not entitled to the broad category of "[n]otes from any employee of the County of Erie, including without limitation the ECDA, involved in the reinvestigation of the August 10, 1991 Buffalo shooting,

including without limitation John Flynn, Christopher Belling, Frank Sedita, and/or any other prosecutor or investigator involved in the reinvestigation." as those items are privileged, core work product and/or materials prepared in anticipation of litigation. Notwithstanding the foregoing, documents responsive to this demand are included in Defendants' response to 2.c. We reserve the right to supplement this response.

e.    Defendants object to this demand as duplicative of 2.a; 2.c and 2.d. Notwithstanding said objection, and reserving all rights, other than the items in Plaintiff's possession and those addressed in 2.c. and 2.d., Defendant believes that no documents or other evidence responsive to this demand exist.  Defendant reserves its right to supplement this response should it become aware of responsive items.

f.    Enclosed herewith are (COE 004425-004431), which are various recordings provided to the ECDA on or after June 16, 1992.

DEMAND NO 3.    Identify and produce true and correct copies of all documents in the possession, custody, or control of the County, including without limitation the ECDA, concerning the perjury investigation and prosecutions of Leonard Brown and Mario Jarmon (Indictment # 91- 1476-003). This request includes without limitation:

a.    The complete ECDA file relating to the criminal action *People of the State of New York v. Mario Jarmon and Leonard Brown* in Supreme Court of Erie County, indictment # 91-1476-003;

b.    Any documentation or audio recordings of suspect or witness interviews or interrogations, whether taken by an employee of the ECDA, the BPD, or anyone else, including without limitation documentation of agreements, payments, inducements, promises, or benefits offered to or request by any witness or potential witness;

c.    All handwritten notes from any employee of the ECDA, including without limitation all notes by prosecutors Christopher Belling, Frank Sedita, and/or any other ECDA prosecutor or investigator involved in the 1991–92 investigation and perjury prosecutions;

d.    The complete ECDA file relating to any appellate and/or postconviction proceedings for Mario Jarmon or Leonard Brown;

7

e.    Any files regarding any reinvestigation of the Brown and Jarmon perjury investigations and/or prosecutions;

f.    All documents provided to Leonard Brown's defense counsel as discovery or *Rosario*, specifically including all disclosed *Brady* and *Giglio* material, as well as any correspondence, index pages, cover sheets, notes, or other documents or filing relating to production of such discovery material to defense counsel;

g.    All documents provided to Mario Jarmon's defense counsel as discovery or *Rosario*, specifically including all disclosed *Brady* and *Giglio* material, as well as any correspondence, index pages, cover sheets, notes, or other documents or filing relating to production of such discovery material to defense counsel;

h.    All documents reflecting any communication, including without limitation, reports, letters, e-mails, and SMS messages, between any officer, agent, or employee of the ECDA or to or from any such person of the ECDA, pertaining to Leonard Brown or Mario Jarmon;

i.    All tangible or physical evidence collected during or pertaining to the reinvestigation of the perjury prosecution of Leonard Brown and Mario Jarmon, including but not limited to photographs, fingerprint evidence, seized property, clothing worn by any victim, serological evidence, DNA evidence or testing, and any other forensic evidence;

    i.    For any such tangible or physical evidence, produce any and all documents, including without limitation communications, logs, e-mails, letters, notes, reports, receipts, and chain of custody forms, concerning the location of that evidence; and

j.    To the extent not already described above, any and all documents concerning Mario Jarmon and/or Leonard Brown and the August 10, 1991 Buffalo shooting.

**RESPONSE TO DEMAND NO 3.** Defendants object to this demand as overly broad, unduly burdensome and not likely to lead to the discovery of relevant and material information. Notwithstanding the foregoing and while reserving all rights:

a.    Previously provided on July 15, 2021 were documents COE 002557-3387 which constitute a copy of the Erie County District Attorney's office file relating to

8

the criminal action *People of the State of New York v. Mario Jarmon and Leonard Brown* in Supreme Court of Erie County, indictment # 91-1476-003. Defendant reserves the right to supplement its responses.

b.      See response to 3.a and 1.c.

c.      See response to 1.e

d.      See response to 2.b

e.      Defendant objects to this demand as irrelevant to this matter and not likely to lead to information material to this case.

f.      See response to 3a. and 1.d.

g.      See response to 3a. and 1.d.

h.      See response to 1.f.

i.      See response to 3.a. and 1.g.

j.      See response to 3.a. and 1.h.

DEMAND NO 4.      The complete ECDA files for any and all other investigations or prosecutions of ValentinoDixon, including without limitation:

a.      Indictment #90-2383 (sentence date: 08/20/91), charging attempted assault in thesecond degree and other related charges;

b.      Indictment #90-0832 (sentence date: 08/20/91), charging attempted criminal possession of a weapon in the second degree and other related charges;

c.      Indictment #91-1167 (sentence date: 03/06/1992), charging criminal sale of acontrolled substance in the third degree and other related charges;

d.      Indictment #91-1550 (sentence date: 03/06/1992), charging criminal possession ofa weapon in the third degree and other related charges.

**RESPONSE TO DEMAND NO 4.**  Defendant objects to this demand as irrelevant and not likely to lead to the discovery of information relevant to this proceeding. Notwithstanding the foregoing, enclosed herewith are COE 003762-3969 and COE 004432-4671.  Responsive documents may also be contained in the response to 1.a. Defendant reserves the right to supplement this response.

DEMAND NO 5.      To the extent not otherwise requested above, all documents in the possession, custody, or control of the County, including without limitation ECDA,

9

pertaining to Valentino Dixon, Leonard Brown, or Mario Jarmon, including but not limited to criminal history information, investigations, arrests, or prosecutions.

**RESPONSE TO DEMAND NO 5.** Defendant objects to this demand as entirely duplicative of Demands 1 through 4 and otherwise overly broad.

DEMAND NO 6.      Any and all correspondence including but not limited to electronic communications, such as e-mail, SMS, or text communications, in the County's possession, custody, or control, concerning the investigation of the August 10, 1991 Buffalo shooting; the prosecution of Valentino Dixon for that shooting and any and all resulting appeals and post-conviction matters; the perjury investigation and 1992 prosecutions of Mario Jarmon and Leonard Brown; the reinvestigation of the August 10, 1991 Buffalo shooting and exoneration of Valentino Dixon, or the instant civil action, *Dixon v. City of Buffalo*, 19-cv-01678, including without limitation:
    a.     Reports;
    b.     Press statements;
    c.     Communications with media;
    d.     Communications with BPD;
    e.     Communications with Mr. Dixon or counsel for Mr. Dixon; or
    f.     Any private individuals.

**RESPONSE TO DEMAND NO 6.** Defendant objects to this demand. This demand is patently overly broad in seeking "[a]ny and all correspondence including but not limited to electronic communications, such as e-mail, SMS, or text communications, in the County's possession, custody, or control, concerning the investigation of the August 10, 1991 Buffalo shooting; the prosecution of Valentino Dixon for that shooting and any and all resulting appeals and post-conviction matters; the perjury investigation and 1992 prosecutions of Mario Jarmon and Leonard Brown; the reinvestigation of the August 10, 1991 Buffalo shooting and exoneration of Valentino Dixon, or the instant civil action, Dixon v. City of Buffalo, 19-cv-01678." Moreover, this demand is duplicative of all the prior demands.

DEMAND NO 7.      To the extent not otherwise requested above, all documents in the

10

possession, custody, or control of the County, including without limitation the ECDA, concerning Lamar Scott, Aaron Jackson, Emil Adams, John Sullivan, Heather Smith in any law enforcement operations including without limitation:

a.    documents concerning his or her activities as an informant, whether registered or unregistered, for the County of Erie or its agents;

b.    any plea negotiations or offers made between 1/1/1980 and 12/31/1995;

c.    any and all ECDA files regarding the investigation, prosecution, or incarceration of him or her, and regarding the investigations of the crimes for which they were convicted.

**RESPONSE TO DEMAND NO 7.**  Defendant objects to this demand as being outside the scope of permissible discovery, overly broad, unduly burdensome and not likely to lead to information relevant to plaintiff's claims in this suit.  Additionally, as a threshold issue, there is no basis for any demand encompassing information from the expanded time frame of approximately ten (10) years prior to and several years after the incident at issue.  Irrespective of those threshold issues, the privacy concerns of the individuals set forth in the demand render it inappropriate.

DEMAND NO 8.    All documents in the possession, custody, or control of the County, including without limitation the ECDA, concerning Lamar Scott, Aaron Jackson, Emil Adams, John Sullivan, Heather Smith including without limitation:

a.    his or her complete criminal "rap sheet";

b.    any agreement entered into between he or she and the BPD;

c.    all files regarding any arrest of him or her, or regarding any incident during which he or she was detained by the County of Erie, the City of Buffalo or its agencies;

d.    all files regarding the investigation or prosecution of every crime with which he or she was charged;

e.    a true and correct copy of every statement he or she gave to any City of Buffalo or County of Erie employee;

f.    a list of cases or incidents in which he or she was involved in any way, including but not limited to: as a complainant, witness, informant, suspect,

person of interest;

g.      true and correct copies of any and all testimony he or she gave in any judicial proceeding;

h.      true and correct copies of any and all agreements between he or she and County of Erie, the City of Buffalo, or its agents;

i.      any communication between he or she and the County of Erie its agencies, or the City of Buffalo, or its agencies, or any other law enforcement agencies, including without limitation the ECDA and BPD; and

j.      any and all documentation, including, but not limited to, notes or transcripts, of any employee of the ECDA or BPD advocating for leniency or favorable treatment of the person enumerated in the header paragraph in connection with a crime, violation, or other criminal case.

**RESPONSE TO DEMAND NO 8.**  Defendant objects to this demand and refers Plaintiff to the response to demand no. 7.  Documents responsive to this demand may be included in the response to demand No. 1.

DEMAND NO 9.      Identify and produce true and correct certified copies of any and all documents concerning training (whether internal or external) received by ECDA prosecutors, officers, investigators, and supervisors, from 1/1/1980 and 12/31/1995, including but not limited to presentations, ECDA directives, memoranda, videos, analyses, reports, correspondence, and instructional materials, with respect to the following categories:

a.      conducting criminal investigations, particularly of homicides;

b.      communicating and working with the BPD and other police agencies;

c.      identifying and eliminating individuals as suspects;

d.      conducting eyewitness identification procedures, including without limitation photo arrays and line-ups;

e.      documenting investigative work and suspect and witness statements;

f.      charging or threatening to charge witnesses with perjury;

g.      record keeping;

h.      interrogating or interviewing suspects and witnesses, specifically including anytraining in the Inbau & Reid technique or method of interrogation;

i.      dealing with witnesses, suspects, or other persons with intellectual disabilities;

j.      coercing, threatening, pressuring, or intimidating witnesses or suspects;

k.      offering promises, rewards, or inducements to witnesses or suspects;

l.      communications with prosecutors;

m.      conducting and documenting polygraph examinations;

n.      the documentation and disclosure of exculpatory and impeachment information toprosecutors pursuant to *Brady v. Maryland*, *Giglio v. United States*, and their progeny;

o.      supervision of prosecutors and investigators;

p.      supervising serious felony investigations;

q.      evidence retention or chain-of-custody with respect to either the ECDA or the BPD;

r.      providing day-to-day supervision of prosecutors and investigators; and

s.      reporting, investigating, remediating, and tracking employee misconduct.

**RESPONSE TO DEMAND NO 9.** Defendant objects to this demand as overly broad, unduly burdensome and not likely to lead to information relevant to plaintiff's claims in this suit. There is no basis to demand training documents, presentations, directives, memoranda, videos, analyses, reports, correspondence and instructional materials relating to nineteen (19) different categories for an extended fifteen (15) year period set forth in the demand. Notwithstanding the foregoing, the Defendants are not in possession of any materials responsive to this demand.  Defendants reserve their rights to supplement this response.

DEMAND NO 10.     Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of the County, including without limitation the ECDA, concerning the ECDA's policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any pointbetween 1/1/1980 and 12/31/1995, regarding the following:

a.      conducting interviews of witnesses, potential witnesses, persons-of-interest,

13

suspects, and defendants;

b.    conducting interviews or any other business or making contact with persons, witnesses, or suspects with intellectual disabilities;

c.    *Miranda* requirements;

d.    investigating homicides;

e.    the use of video or audio recording during interviews of witnesses, potential witnesses, persons-of-interest, suspects, and defendants;

f.    the documentation and disclosure of interviews of witness, potential witnesses, persons-of-interest, suspects, and defendants;

g.    the documentation and disclosure of exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland*, *Giglio v. United States*, and their progeny;

h.    gathering, examining, testing, and using physical and forensic evidence;

i.    conducting and documenting polygraph examinations;

j.    communicating and working with the BPD and its agents or other police agencies;

k.    supervision of detectives and officers; and

l.    reporting, investigating, remediating, and tracking employee misconduct.

**RESPONSE TO DEMAND NO 10.** Defendants object to this demand as overly broad and unduly burdensome. There is no basis to demand documents from the extended fifteen (15) year period set forth in the demand. Notwithstanding the foregoing, the Defendants are not in possession of any materials responsive to this demand.  Defendants reserve their rights to supplement this response.

DEMAND NO 11.    Identify and produce true and correct certified copies of any and all documents listing individuals that the ECDA or BPD sought to surveil, monitor, stop, arrest, prosecute, or incarcerate, including without limitation any watchlists, whether gang or drug-related or otherwise, from 1/1/1980 and 12/31/1995.

**RESPONSE TO DEMAND NO 11.** Defendants object to this demand as overly broad and

unduly burdensome. There is no basis to demand documents for the fifteen (15) year period set forth in the demand, encompassing a period of ten (10) years prior to this incident and several years after. Additionally, Defendant cannot respond on behalf of the BPD.  Notwithstanding the foregoing, and not acknowledging that responsive documents ever existed, Defendants are not in possession of documents responsive to this demand.

DEMAND NO 12.    Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, the County, including without limitation the ECDA, concerning allegations of investigative misconduct on the part of BPD officers relating to excessive force, false arrest, malicious prosecution, coerced confessions or witness statements, or other misconduct, including but not limited to allegations concerning the following officers, arrests, and/or prosecutions:

    a.     The BPD assault and arrest of Jeffrey Dunbar in 1990;

    b.     The BPD assault of Mageda Dhali in 1990;

    c.     The BPD assault of Domingo Morales in 1990;

    d.     The BPD assault of Mark Aiken and Steven Johnson in 1990; and

    e.     The BPD assault of Robert Staudacher in 1978 by Mark Stambach and other officers.

**RESPONSE TO DEMAND NO 12.** Defendants object to this demand as being wholly irrelevant to this matter and not likely to lead to the discovery of information material to this case. Moreover, Defendant is unable to respond to allegations made against the BPD.

DEMAND NO 13.    Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, the County of Erie, including without limitation the ECDA, concerning the investigation, arrest, and prosecution of:

    a.     Anthony Capozzi in 1985 for alleged rape, including without limitation:

          i.  the full ECDA case file including documents from before and after Mr.

             Capozzi's conviction; and

          ii.  any and all documents describing BPD investigative conduct in the course of the arrest, investigation, and/prosecution, including without

limitation witness statements, identification procedures, contact between police and witnesses, and communications between ECDA and BPD.

b.    Lynn DeJac in 1984 for the murder of her daughter, including without limitation:

   i.   the full ECDA case file including any documents from before and after Ms.DeJac's conviction;

   ii.  any and all documents describing BPD investigative conduct in the course of the arrest, investigation, and/or prosecution, including without limitation witness statements, identification procedures, contact between police and witnesses, and communications between ECDA and BPD; and

   iii. any and all documents created by, reviewed by, or containing information relating to Mark Stambach or James Lonergan.

c.    Cory Epps in 1998 for the murder of Tomika Means, including without limitation:

   i.   the full ECDA case file including any documents from before and after Mr.Epps' conviction;

   ii.  any and all documents describing BPD investigative conduct in the course of the arrest, investigation, and/or prosecution, including without limitation witness statements, identification procedures, contact between police and witnesses, and communications between ECDA and BPD; and

   iii. any and all documents created by, reviewed by, or containing information relating to Mark Stambach or Raniero Masecchia.

d.    Josue Ortiz in 2004 for murder, including without limitation:

   i.   the full ECDA file case including any documents from before and after Mr.Ortiz's conviction;

   ii.  any and all documents describing BPD investigative conduct in the course of the arrest, investigation, and/or prosecution, including without limitation witness statements, identification procedures, contact between police and witnesses, and communications between ECDA and BPD; and

   iii. any and all documents created by, reviewed, or containing information relating to Mark Stambach.

e.    Louis Eze, Joy Wosu, and Emeka Okongwu for the alleged assault of Mr. Okongwu's two daughters in 1991, including without limitation:

16

i. the full ECDA case file including any documents from before and after theconvictions in this case; and

ii. any and all documents describing BPD investigative conduct in the course of the arrest, investigation, and/prosecution, including without limitation

witness statements, identification procedures, contact between police andwitnesses, and communications between ECDA and BPD.

**RESPONSE TO DEMAND NO 13.** Defendants object to this demand as overly broad, unduly burdensome, not likely to lead to the discovery of information material to this case. Upon information and belief, Plaintiff seeks discovery regarding these cases in order to support his *Monell* claims. For the reasons set forth below, this demand is rejected:

a. Anthony Capozzi in 1985. The materials requested are irrelevant to Plaintiff's claims. Plaintiff fails to cite this case in his complaint and there is no nexus between the instant matter and the Anthony Capozzi case.

b. Lynn DeJac in 1984. Plaintiff alleges at paragraphs 210-211 of his complaint that this case supports his *Monell* claims. However, the Western District has already specifically determined that the DeJac case fails to support a *Monell* claim. See *Ortiz v. Case,* 2019 WL 1236413, *9 (W.D.N.Y. 2019). Judge Wolford specifically held that inasmuch as the DeJac case (*Peters v. City of Buffalo,* 848 F.Supp.2d 378 (W.D.N.Y. 2012)) was resolved without a finding of liability, it does not support a *Monell* claim.

c. The Cory Epps matter occurred in 1998, nine (9) years after Plaintiff's arrest. Plaintiff does not reference this matter in his complaint. The information sought is irrelevant to the claims at issue in this matter.

d. Josue Ortiz in 2004. This case occurred after plaintiff's arrest and was dismissed on the merits, thus it cannot support a *Monell* claim. See *Ortiz v. Case*, 2019 WL 1236413 (W.D.N.Y. 2019).

e. Louis Eze, Joy Wosu, and Emeka Okongwu for the alleged assault of Mr. Okongwu's two daughters in 1991. Plaintiff alleges at paragraphs 212-214 of his complaint that the Okongwu case supports his *Monell* claim that the "ECDA's policies, practices, and customs in failing to discipline prosecutorial misconduct, ignoring and

suborning police misconduct and failing to train prosecutors to turn over exculpatory evidence" caused him injury. (Para 214). However, the District Attorney and Assistant District Attorneys were dismissed from the Okongwu action based upon prosecutorial immunity, thus that case cannot support Plaintiff's allegations of prosecutorial misconduct, much less such misconduct rising to the level necessary to support a *Monell* claim. See *Ortiz v. Case,* 2019 WL 1236413 (W.D.N.Y. 2019).

DEMAND NO 14.    Identify and produce true and correct certified copies of any and all documents relating to the hiring, employment, performance, discipline, and/or remediation of Christopher Belling or Frank Sedita III from the dates each first applied for any position at the Countyof Erie, or any of its agencies, to the present, including without limitation the following:

    a.     complete personnel files;

    b.     complete materials related to applications for employment with the County of Erie,including applications submitted and any materials generated or obtained during background evaluations or other evaluation of those applications;

    c.     all records and communications concerning promotions or changes of assignment,including but not limited to applications for promotion to detective, the results of any promotion-related examinations, and records or communications relating to precinct assignments or transfers;

    d.     complete training records, including but not limited to all syllabi, course descriptions, records of attendance at any in-house or outside training courses, andtraining-related evaluations, proficiency evaluations and testing results;

    e.     complete medical and psychological records, including pre-employment testing orevaluation and any follow-up or subsequent testing or evaluation after being hired,and any necessary authorizations therefore signed and executed by the individual defendants;

    f.     all documents relating to background investigations conducted at any time prior to hiring and through retirement;

    g.     all documents relating to performance evaluations;

    h.     all documents relating to salary, payment, and expense records and reports;

i.      all documents relating to any civilian complaints, irrespective of whether the complaint(s) were substantiated;

j.      all documents relating to any County of Erie internal allegations, complaints, or investigations of misconduct, irrespective of whether the complaint(s) were substantiated, including without limitation complete Internal Affairs files;

k.      any document created by or in the possession of any departmental supervisor regarding any allegation of misconduct of any kind, or any action taken in response to such an allegation;

l.      any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct by Christopher Belling or Frank Sedita III;

m.      all Notices of Claim filed with the County of Erie or its agencies naming Christopher Belling or Frank Sedita III, or which, although not naming those individuals, allege misconduct attributable to any of them;

n.      all documents concerning civil or criminal lawsuits involving misconduct by Christopher Belling or Frank Sedita III;

o.      all documents concerning civil or criminal lawsuits involving allegations of official misconduct in which Christopher Belling or Frank Sedita III was a witness or prosecutor;

p.      all documents concerning allegations of misconduct against Christopher Belling or Frank Sedita III from any source;

q.      all requests for leave of absence, disability, or early retirement;

r.      all requests for authorization to engage in employment outside of the County of Erie by Christopher Belling or Frank Sedita III; and

s.      any and all documents relating to awards, decorations, commendations or other positive citations bestowed for any positive acts or qualities for Christopher Belling or Frank Sedita III.

**RESPONSE TO DEMAND NO 14.** Defendant objects to this demand, including its subparts, as being overly broad and encompassing material not subject to disclosure based, among other things, upon privilege and privacy concerns, and/or that the information is not relevant or material to Plaintiff's case.  Notwithstanding the foregoing, Defendant specifically rejects demands c, e, f, g,

19

h, k, l, q and r inasmuch as they request privileged and confidential information not subject to disclosure and/or are irrelevant to this matter.

As to the remaining No. 14 Demands, the Defendant responds as follows:

     a.     Defendant objects to the demand for complete personnel files of Christopher Belling or Frank Sedita III as being overly broad and seeking privileged and/or confidential materials.

     b.     Defendant objects to disclosure of the "complete materials related to applications for employment with the County of Erie, including applications submitted and any materials generated or obtained during background evaluations or other evaluation of those applications" as privileged, confidential and/or irrelevant to this matter.

     d.     Defendant objects to disclosure of the "complete training records, including but not limited to all syllabi, course descriptions, records of attendance at any in-house or outside training courses, and training-related evaluations, proficiency evaluations and testing results" as insufficiently particular and overly broad to allow Defendant to provide a response The individuals named in the demand held their positions for an extended period of time. Absent some specificity, Defendant is unable to meaningfully respond to this demand. Notwithstanding the foregoing and reserving all rights, Defendant would consider a revised demand.

     i.     Defendant objects to the demand for "'all documents' relating to any civilian complaints, irrespective of whether the complaint(s) were substantiated" as being overly broad inasmuch as any complaint, to the extent it exists, which does not relate to the same or similar allegations as those made by plaintiff would be irrelevant. Notwithstanding the foregoing and reserving all rights, Defendant would consider a revised demand.

     j.     Defendant objects to the demand for "all documents relating to any County of Erie internal allegations, complaints, or investigations of misconduct, irrespective of whether the complaint(s) were substantiated, including without limitation complete Internal Affairs files" as being overly broad inasmuch as any document, to the extent it exists, which does not relate to the same or similar allegations as those made by plaintiff, would be irrelevant. Furthermore, the County of Erie does not address

"internal allegations, complaints, or investigations of misconduct" relative to Assistant District Attorneys and therefore, upon information and belief, no documents responsive to this demand exist. Notwithstanding the foregoing and reserving all rights, Defendant would consider a revised demand.

m.      Defendant objects to this demand because it is overly broad, unduly burdensome, irrelevant and not likely to lead to material information.  There is no realistic way for the Defendant to identify "all Notices of Claim filed with the County of Erie or its agencies naming Christopher Belling or Frank Sedita III, or which, although not naming those individuals, allege misconduct attributable to any of them".

n. and o.      Defendant objects to demands n and o because they are overly broad, unduly burdensome, irrelevant to the instant action and not likely to lead to material information.  Plaintiff has access to all public filings "concerning civil or criminal lawsuits involving misconduct by Christopher Belling or Frank Sedita III" and "all documents concerning civil or criminal lawsuits involving allegations of official misconduct in which Christopher Belling or Frank Sedita III was a witness or prosecutor"

p.      Defendant objects to demand p. as "all documents concerning allegations of misconduct against Christopher Belling or Frank Sedita III from any source" as overly broad, unduly burdensome, irrelevant to the instant action and not likely to lead to material information.

s.      Defendant objects to this demand as overly broad, unduly burdensome, irrelevant to the instant action and not likely to lead to material information.  "any and all documents relating to awards, decorations, commendations or other positive citations bestowed for any positive acts or qualities for Christopher Belling or Frank Sedita III."  Notwithstanding the foregoing and reserving all rights, Defendant would be willing to consider a revised demand.

DEMAND NO 15.      Any reports or documents in the possession, custody, or control of the County, including without limitation the ECDA, concerning investigations into ECDA or BPD misconduct, or any communications regarding those reports or investigations, including without limitation reports published by:

a.    The U.S. Department of Justice;

b.    The U.S. Attorney's Office for the Western District of New York;

c.    The International Association of Chiefs of Police; and

d.    And including without limitation the following specific reports:

i.    The 1991 300-page report by the IACP on the Buffalo Police Department;

ii.    The 1992 report by the DOJ examining complaints about the Buffalo Police Department and other midsized cities between 1983 and 1990.

**RESPONSE TO DEMAND NO 15.** Defendant objects to this demand. The Defendant did not create, produce or publish any of the reports listed. Plaintiff makes no allegation that he is unable to obtain the demanded documents from the publishing agencies or departments and therefore this demand to the Defendant is inappropriate.

DEMAND NO 16.    Identify and produce true and correct copies of any and all insurance policies covering lawenforcement activities, both operational and supervisory, for the ECDA from 1985 to the present. This includes but is not limited to the following types of policies: commercial general liability/general liability policies, D&O or other error and omission policies, professional liability policies and law enforcement liability policies.

**RESPONSE TO DEMAND NO 16.** Defendant objects to this demand as overly broad, unduly burdensome and not likely to lead to the discovery of information or evidence relevant to plaintiff's case. Plaintiff's complaint makes no allegations relative to action occurring prior to 1991, thus any demands for insurance prior to that time are irrelevant. Notwithstanding the foregoing, at and around the time of this incident and currently, the County of Erie was and is, self-insured. Defendant reserves the right to supplement this response.

DEMAND NO 17.    Identify and produce true and correct certified copies of any and all documents that you will use to support your defenses as to liability or damages at trial.

**RESPONSE TO DEMAND NO 17**. Defendant objects to this demand as overly broad and

premature. Prior to completion of further discovery, the Defendant is not in a position to respond to this demand other than with the documents produced herewith. Defendant reserves its right to supplement this response in the future.

Dated:  Buffalo, New York
        July 19, 2021


                            **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                    By:      */s/ Jennifer C. Persico*
                            Jennifer C. Persico, Esq.
                            *Attorneys for Defendants, County of Erie and*
                            *Assistant District Attorney Christopher Belling*
                            *in his individual capacity*
                            50 Fountain Plaza, Suite 1700
                            Buffalo, New York 14202
                            (716) 853-5100
                            jpersico@lippes.com


TO:    Anna Benvenutti Hoffman, Esq.
       Nick Brustin, Esq.
       Mary McCarthy, Esq.
       Julian Clark, Esq.
       **NEUFELD SCHECK & BRUSTIN LLP**
       *Attorneys for Plaintiff*
       *Valentino Dixon*
       99 Hudson Street, Eighth Floor
       New York, New York 10013
       (212) 965-9081
       anna@nsbcivilrights.com
       nick@nsbcivilrights.com

       Donald Thompson, Esq.
       **EASTON THOMPSON KASPEREK SHIFFRIN LLP**
       The Powers Building
       16 West Main Street, Suite 243
       Rochester, New York 14614
       (585) 423-8290
       dmthompson@etksdefense.com

Hugh M. Russ, III, Esq.
**HODGSON RUSS LLP**
*Attorneys for Defendants City of Buffalo,*
*Detective Mark R. Stambach, Detective Raniero*
*Masecchia, Detective James P. Lonergan, Detective John Vickerd;*
*Chief Richard T. Donovan, John Does, and*
*Unknown Buffalo Police Department Supervisors*
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 848-1388
hruss@hodgsonruss.com