# Exhibit K

*November 5, 2021 Email from Plaintiff Valentino Dixon*



Moises Soto-Brito <mo@nsbcivilrights.com>

---

## Dixon v. City of Buffalo, et al.: Defendants' Document Productions

**Gerardo Romo** <gerardo@nsbcivilrights.com>                                        Fri, Nov 5, 2021 at 2:42 PM
To: PSahasra@hodgsonruss.com, jpersico@lippes.com, mhuggins@ch.ci.buffalo.ny.us, HRuss@hodgsonruss.com, skemnitzer@lippes.com
Cc: dmthompson@etksdefense.com, NSB Dixon Case Team <dixoncaseteam@nsbcivilrights.com>

Counsel:

I am writing to follow up on the status of Defendants' outstanding document productions.  It has been over a year since we first served our first set of requests for production, and we are still awaiting definitive responses and further productions from Defendants in connection with many of our requests. While we appreciate the challenges that Defendants have confronted in locating many of the outstanding documents, we require more concrete timelines and information in order to preclude the need to seek the Court's intervention. To that end we request that Defendants respond to our specific requests below.

**County of Erie and ADA Belling (Jenn)**: On July 20, 2021, you previously advised us that you were in the process of obtaining contact information for ADA Sara Dee, who worked on the 2013 reinvestigation of the shooting.  You also stated that you would review the personnel files of Christopher Belling and Frank Sedita III and provide a general list of categories of the contents in order for us to assess relevance. When can we expect that information?  Can you also provide guidance regarding what authorization, if any, you require to produce documents concerning Lamar Scott, Aaron Jackson, Emil Adams, John Sullivan, and Heather Smith (request #7)?

In addition, on July 8, 2021, you previously represented that the County does not possess documents responsive to requests #12 (BPD officer misconduct files) and #14 (Belling and Sedita files). Please confirm that you do not have any responsive documents and describe the County's search efforts in connection with these requests. Please also provide any relevant retention policies. You also previously stated that the County will revisit its conclusion that it does not possess any of the reports responsive to request #15 (ECDA/BPD misconduct). To date, we have received no update. What is the County's position?

Lastly, also on July 8, 2021, you stated that, based on the County's position that incidents that occurred after Valentino Dixon's wrongful conviction cannot support Plaintiff's *Monell* claim, you would not produce documents responsive to request #13. It is our view that these incidents are relevant to our *Monell* claim and that the County therefore is obligated to produce them. Does the County's position remain the same?

**City of Buffalo and Remaining Individual Defendants (Peter and Hugh)**:  On August 3, 2021, you represented that you were attempting to obtain documents responsive to requests #4 (Dixon's criminal records), 5 (Scott, Jackson, Adams, and Sullivan records), 7 (BPD employment records), 8 (BPD misconduct allegations), and 9 (BPD personnel files), and would produce them on a rolling basis. To date, we have not received any additional documents -- including the personnel files you indicated you were reviewing as of our follow-up call on September 13th. When can we expect to receive these documents, and what is your anticipated schedule for completion of that production? On our September 13 call, you also indicated that you would ask your client what, if any, authorization is needed from Mr. Dixon to obtain his own records for request #4.  Please let us know us know as soon as possible so we can provide it if necessary.

In addition, during our August meet-and-confer, you stated that the City would determine if it possesses any documents responsive to requests #13 (BPD misconduct investigations) and #17 (perjury investigation communications). To date, we have not received any update regarding the City's efforts for these requests.  When can we expect the City's answer as to whether it will produce any documents responsive to these requests?

Regarding requests #2 & 3 (perjury investigation), on July 8, 2021, you informed us that you completed a search and you do not believe that the City was involved in the investigations and prosecutions. Please clarify what search was done and confirm in writing that the City does not possess any documents responsive to this request.

Lastly, on July 8, 2021, you also objected to the production of the documents listed in request #19, citing various sealing and confidentiality orders. Please clarify why the sealing order in *Ortiz* or confidentiality order in *Epps* prevents the City from sharing those materials with us given the protective order in this case. We believe the City has an obligation to produce these responsive documents, and the protective order should assuage any concerns regarding confidentiality. You also stated that the City objects to producing the Anthony Capozzi and Lynn Dejac investigations because they are not relevant to any of the claims or defenses in this case, and that the request is not proportional to the needs of the case.  Is

this still the City's position? As you know, it is our position that these investigations are clearly relevant, and the production of those documents is proportional to the needs of the case because they may provide support for our *Monell* claims. Please clarify the City's position on these *Monell* requests.

Finally, none of the Defendants have produced privilege logs. Therefore, it is impossible to determine which documents, if any, Defendants are holding from production based on claims of privilege or some other protection, especially given the County's often broad objections. Please provide a date by which privilege logs will be produced.

We request that you provide responses to these requests by next **Friday, November 12th.** If you feel it would be helpful to confer by phone, we are happy to arrange a call next week. With respect to our *Monell* requests, if Defendants' positions regarding the documents relevant to supporting Plaintiff's *Monell* claims remain the same, we anticipate filing a motion to compel regarding that issue as well as any other outstanding issues relating to the current set of document requests this month.

Thank you,
Gerardo

--
Gerardo Romo
Johnnie L. Cochran, Jr. Fellow
Neufeld Scheck & Brustin, LLP
99 Hudson St., 8th Floor | NYC 10013
T: (212) 965-9081 | F: (212) 965-9084
www.nsbcivilrights.com
Pronouns: he/him/his