UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VALENTINO DIXON,

                                        Plaintiff,

    v.                                                  Case No. 19-cv-01678

CITY OF BUFFALO, et al.,

                                        Defendants.

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

 

**HODGSON RUSS LLP**
*Attorneys for City of Buffalo and other City Defendants*
Hugh M. Russ, of counsel
Peter Sahasrabudhe, of counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
716.856.4000

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL AND PROCEDURAL HISTORY ...................................................................3

ARGUMENT.......................................................................................................................3

POINT I.    THE COURT SHOULD DENY PRODUCTION OF MATERIALS RELATED TO THE DEJAC, EPPS, AND ORTIZ CASES.......................3

    A.    Incidents that Post-Date the Plaintiff's Case are not Relevant to the Plaintiff's Monell Claims......................................................4

    B.    Plaintiff's Request is not Sufficiently Tailored to the 404(b) Exceptions...5

POINT II.    THE COURT SHOULD NOT COMPEL PRODUCTION OF MATERIALS RELATED THE CAPOZZI CASE......................................7

POINT III.    THE PORTION OF PLAINTIFF'S MOTION SEEKING PRODUCTION OF LISTS IS MOOT...........................................................9

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Cooks v. Town of South Hampton*,
 No. 13–3460, 2015 WL 1476672 (E.D.N.Y. Mar. 2015) ................................................. 4, 5, 7

*Dobson v. Dougherty*,
 17-CV-1014, 2018 WL 6321390 (W.D.N.Y. Dec. 2018) (Reomer, J.) ............................. 5, 6, 9

*Frazier v. Morgan Stanley*,
 No. 16-cv-804, 2021 WL 2709250 (S.D.N.Y. Jul. 2021) ......................................................... 7

*Gibbs v. City of New York*,
 CV-06-5112, 2008 WL 314358 (E.D.N.Y. Feb. 4, 2008) ........................................................ 8

*Katt v. New York City Police Dept.*,
 No. 95 CIV. 8283, 1997 WL 394593 (S.D.N.Y. July 14, 1997) ............................................... 8

*Kozak v. Office Depot*,
 16-CV-00943, 2020 WL 5757183 (W.D.N.Y. Sep. 2020) ....................................................... 3

*Monell v. Department of Social Services of the City of New York*,
 436 U.S. 658 (1978) ............................................................................. 1, 2, 3, 4, 5, 6, 7, 8

**Rules**

Federal Rule of Evidence 404(b) .................................................................................................... 2

**PRELIMINARY STATEMENT**

This discovery dispute between the plaintiff, Valentino Dixon, and the City of Buffalo ("the City") primarily centers on four investigative and arrest files spanning from the mid 1980's through the mid 2000's. The plaintiff seeks files and documents related to the investigations and arrests of Anthony Capozzi, Lynn DeJac, Cory Epps, and Josue Ortiz. Like the plaintiff, all four of these individuals were convicted of committing a serious crime. Their convictions were later overturned. But that one similarity does not automatically entitle the plaintiff to blanket discovery of all materials related to these four individuals' arrests and convictions.

Three of these four cases in fact occurred well-after the plaintiff's 1991 arrest and 1992 conviction for the murder of Torriano Jackson. The DeJac case involves an investigation and arrest that began in 1993,[1] the Epps case involves an arrest and investigation that occurred in 1997-1998, and the Ortiz case involves an arrest that occurred in 2004. By definition, therefore, none of these case files contain information relevant to the plaintiff's claims invoked pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). None of the materials in these case-files is capable of showing what the City's policies and customs were at the time of the plaintiff's arrest. Nor are they capable of showing that City policy makers had notice of prior acts of misconduct similar to those alleged in the Complaint.

---

[1] The plaintiff mistakenly claims in his moving papers that the DeJac arrest and investigation occurred in 1983. However, pleadings from Ms. DeJac's civil lawsuit make clear that her arrest occurred in 1993.

Although the plaintiff cannot use any materials from these three files to support his *Monell* claims, he may use of the materials for one of the traditional exceptions to Federal Rule of Evidence 404(b) such as pattern, modus operandi, or absence of mistake. However, the plaintiff's request goes far beyond this limited use. It essentially seeks every single document or record related to these three individuals' arrests and investigation, regardless of whether the materials would have a remote possibility of meeting one of the 404(b) exceptions. At the very least, the plaintiff should be instructed to significantly narrow his request such that any production regarding these three cases will be focused on an individual who was actually involved in investigating the plaintiff. Specifically, the request should, at the very least, be narrowed to seek information about an individual officer or defendant engaging in the same type of investigative activity he or she undertook during the investigation of Torriano Jackson's murder. The plaintiff's request for blanket production of these three case files, however, must be denied.

The plaintiff's request to compel production of documents and records regarding the Capozzi case should also be denied, but for a different reason. Although this case occurred years before the plaintiff's arrest and conviction, the plaintiff has made absolutely no showing of any potential relevance of the materials related to this case. The Capozzi case involved a different kind of crime and therefore a fundamentally different investigation than the 1991 investigation in this case. Moreover, the plaintiff has made no allegation that the investigation of Mr. Capozzi involved any of the same Buffalo Police Department personnel or supervisors that were involved in his arrest and investigation. The Court should therefore deny the plaintiff's

request to compel production of materials related to all four of cases referenced in his Request for Production addressed to the City.

Finally, with respect to the plaintiff's request that the Court compel production of lists of people who were surveilled by the Buffalo Police Department or who the Buffalo Police Department targeted for arrests, the City is not in the possession of any such documents. There are no lists. So the remaining portion of the plaintiff's motion to compel is moot.

For these reasons, and for the reasons stated in the Declaration of Peter Sahasrabudhe, the City respectfully requests that the plaintiff's motion to compel be denied.

### FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural history is fully set forth in the Declaration of Peter Sahasrabudhe, dated September 20, 2022, with exhibits A-C. The facts and procedural history will not be repeated here except for purposes of argument.

### ARGUMENT

**POINT I.    THE COURT SHOULD DENY PRODUCTION OF MATERIALS RELATED TO THE DEJAC, EPPS, AND ORTIZ CASES**

The Court should deny the plaintiff's request that it compel production of the DeJac, Epps and Ortiz case files. As a threshold matter, the materials requested in discovery must be relevant to the claims or defenses raised by the parties. *Kozak v. Office Depot*, 16-CV-00943, 2020 WL 5757183, at *2 (W.D.N.Y. Sep. 2020). Here, the DeJac, Epps, and Ortiz cases do not meet the relevance threshold because: (A) they are in no way probative of the plaintiff's *Monell* claims, and (B) many of the materials contained in these files are not capable of showing

3

pattern, modus operandi, or absence of mistake by the individuals who arrested and investigated the crime the plaintiff was accused of committing.

### A. Incidents that Post-Date the Plaintiff's Case are not Relevant to the Plaintiff's *Monell* Claims

For claims brought under *Monell*, Courts within this Circuit have held that incidents or complaints which post-date the plaintiff's alleged constitutional injury are not discoverable. *Cooks v. Town of South Hampton*, No. 13–3460, 2015 WL 1476672, at *7 (E.D.N.Y. Mar. 2015).

In *Cooks*, the plaintiff had pled guilty to a drug related crime, but his conviction was later overturned after it was revealed that the arresting officer had been dependent on drugs and had engaged in other misconduct. *Id.* at *1. The plaintiff then brought suit against the officer as well as the Town which employed him. *Id.* The plaintiff's claims against the Town were brought pursuant to *Monell* under the theory that Town maintained an unconstitutional policy of "condoning and ignoring a pattern of law enforcement improprieties and misconduct, and by failing to properly train and supervise its police officers." *Id.* In discovery, the plaintiff sought production of materials and records related to alleged misconduct by his arresting officer and his unit. Many of these materials were created based on incidents that post-dated the plaintiff's arrest. *Id.* at *2, *7. The Court, however, held these materials were not discoverable because these materials were not relevant to any of the plaintiff's claims. *Id.* at *7. Of course, such incidents were not relevant to whether the plaintiff himself had suffered a constitutional violation. *Id.* Nor were the incidents relevant to the plaintiff's *Monell* claims, because they had no bearing on what the Town's customs and policies were at the time of the plaintiff's arrest, or

4

whether the Town had any notice of prior incidents of misconduct before the plaintiff was arrested. *Id.* Accordingly, the Court properly held that these materials were not discoverable.

As in *Cooks*, the Court should deny discovery of the DeJac, Epps, and Ortiz case files here to the extent the plaintiff seeks their discovery to support his *Monell* claims. These cases all involve arrests and investigations that took place *years* after the plaintiff was convicted for the murder of Torriano Jackson. It cannot reasonably be disputed that these case files would bear on the City's notice of police officer or detective misconduct prior the plaintiff's arrest, nor would these files be probative of what the City's policies and customs were at the time of the plaintiff's arrest.

**B.      Plaintiff's Request is not Sufficiently Tailored to the 404(b) Exceptions**

In addition, the circumstances presented here do not demonstrate that the DeJac, Epps, and Ortiz case files are relevant for other, non-*Monell* purposes. Although courts in this District have held that records of incidents that post-date a plaintiff's alleged constitutional injury may be discoverable for limited purposes other than proving *Monell* liability, they have done so when ruling on drastically different discovery requests. *Cf. Dobson v. Dougherty*, 17-CV-1014, 2018 WL 6321390, at *5 (W.D.N.Y. Dec. 2018) (Reomer, J.).

In *Dobson*, the plaintiff was pulled over and arrested for driving under the influence of drugs. *Id.* at *1. Later, a toxicology report confirmed that he had no drugs in his system, and the charges against him were dropped. *Id.* at *2. The plaintiff brought suit against the Livingston County Sherriff's Deputies which arrested and evaluated him as well as the County itself. *Id.* As part of his claims against the County, the plaintiff alleged that the County

5

instituted a policy where law enforcement was encouraged to make as many DWI arrests as possible, regardless of what the credible evidence showed. *See id.*

In discovery, the plaintiff sought production of an arrest file of another individual who was arrested and evaluated by the same County Sheriff's Deputies only three months after his arrest, and who similarly had his charges dismissed after a toxicology report revealed there were no drugs or alcohol in his system. *Id.* at *5. In ruling that the arrest file was discoverable, Judge Roemer noted that the arrest file could not be used for a *Monell* purpose like proving the County's notice of its Deputies' misconduct. *Id.* Rather, because the arrest involved the exact same Deputies who arrested and charged the plaintiff, and because the individual arrested was cleared of charges under the exact same circumstances as the plaintiff, Judge Roemer ruled that the arrest file could potentially be used to show the individual Deputies' pattern of conduct, absence of mistake, or modus operandi. *Id.*

This case is different. Unlike the plaintiff in *Dobson*, who requested only a single arrest file involving an arrest that took place only three months after his own, the plaintiff is requesting three arrest files covering incidents that span well over a decade after he was arrested. The arrest file ordered produced in *Dobson* also involved the exact same law enforcement officers engaging in the exact same type of activity that led to the plaintiff's arrest. In contrast, the three arrest files the plaintiff requests relate to arrests that occurred under three very different circumstances, in three different eras, and with varying Buffalo Police Department personnel involved. The incredibly broad request for blanket discovery of all three of these arrest and investigation files thus is not reasonably calculated to lead to the discovery of evidence that could be used for the permissible purposes stated by Judge Roemer in *Dobson*, such as pattern,

6

lack of mistake, or modus operandi. For this reason, production of the DeJac, Epps, and Ortiz case files should be denied.

If anything, the plaintiff should be ordered to narrow his request such that it only seeks information regarding officers and detectives actually involved in his arrest and investigation. *Frazier v. Morgan Stanley*, No. 16-cv-804, 2021 WL 2709250, at *6 (S.D.N.Y. Jul. 2021) (invoking inherent authority of court to narrow scope of discovery sought by the plaintiff). This reduction in scope would ensure that discovery is being conducted for the narrow purposes of seeking information relevant to individual officers' pattern, absence of mistake, or modus operandi. Specifically, the plaintiff should be instructed to narrow his request such that he is only seeking information regarding officers or detectives engaged in the specific conduct he takes issue with in his Complaint. For example, if the plaintiff alleges that an officer engaged in faulty identification procedures in his case, then his request should be narrowed only to seek information regarding that officer's employment of identification procedures in subsequent cases. As argued at length, however, blanket production of every single material in the City's possession that relates to this case is overbroad and improper, and therefore must be denied. *See Cooks*, 2015 WL 1476672 at *7.

        **POINT II.    THE COURT SHOULD NOT COMPEL PRODUCTION OF MATERIALS RELATED THE CAPOZZI CASE**

As it should for the cases that occurred after the plaintiff was convicted, the Court should similarly deny the plaintiff's request to compel production of materials related to the Capozzi case, which occurred around half a decade before the plaintiff's arrest and conviction. The Capozzi file is not relevant to the plaintiff's *Monell* claims, and there has been no showing

7

that any of the individual detectives or officers involved in the Capozzi case were involved in the plaintiffs' arrest and investigation.

With respect to *Monell* claims, "citizen complaints, internal affairs investigations, lawsuits, [and other materials] containing allegations wholly unrelated to those alleged in the plaintiff's complaint *are too tenuous to allow discovery*." *Katt v. New York City Police Dept.*, No. 95 CIV. 8283, 1997 WL 394593, at 3-4 (S.D.N.Y. July 14, 1997) (citation and internal quotation marks omitted). And here, the relation between the Capozzi case and the plaintiff's case is tenuous at best. One case involved a rape investigation and the other involved a murder investigation. Once case involved a confession by the alleged true perpetrator, and the other involved exoneration through DNA evidence. The only true similarities cited by the plaintiff between his case and the Capozzi case are that both he and Mr. Capozzi were identified by witnesses as the perpetrator of the crimes for which they were charged and he and Mr. Capozzi ultimately had their convictions overturned. However, absent a showing that Mr. Capozzi and the plaintiff were convicted because of similar conduct by Buffalo Police Department personnel, these similarities are simply not enough to warrant outright discovery of the entire arrest and investigative file in the Capozzi case. *See Gibbs v. City of New York*, CV-06-5112, 2008 WL 314358, at *1-*2 (E.D.N.Y. Feb. 4, 2008) (explaining that discovery for *Monell* claims is limited to instances of *similar conduct*).

Further, the plaintiff has made no allegation or showing that any of the same Buffalo Police Department personnel were actually involved in the arrest or investigation of Mr. Capozzi. For this compelling reason, discovery of the Capozzi file is not likely to lead to the discovery of evidence that would show any of the individual defendants' pattern, lack of mistake,

or modus operandi at the time of the plaintiff's arrest. *Cf. Dobson*, 2018 WL 6321390, at *5. The Court should therefore deny the plaintiff's request to compel production of the Capozzi files.

### POINT III. THE PORTION OF PLAINTIFF'S MOTION SEEKING PRODUCTION OF LISTS IS MOOT

As detailed in the Declaration of Peter Sahasrabudhe, the City is not in possession of any of the lists requested by the plaintiff in Request 20 of his Requests for Production addressed to the City. There are no lists. Accordingly, the remaining portion of the plaintiff's motion to compel is moot. *See Moll v. Telesector Resources Group*, Inc, No. 04–CV–0805S, 2010 WL 4642931, at *3 (W.D.N.Y. Nov. 2010) (denying portion of motion to compel based on representation that party was not in possession of records requested), *rev'd in part on other grounds*, 760 F.3d 198 (2d Cir. 2014).

### CONCLUSION

For the foregoing reasons, the City respectfully requests that the plaintiff's motion to compel be denied.

Dated:  January 20, 2022

                               **HODGSON RUSS LLP**
                               *Attorneys for City of Buffalo and other City Defendants*

                               By:  //s Peter A. Sahasrabudhe
                                    Hugh M. Russ, of counsel
                                    Peter A. Sahasrabudhe, of counsel
                               The Guaranty Building
                               140 Pearl Street, Suite 100
                               Buffalo, New York 14202-4040
                               716.856.4000