UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALENTINO DIXON,

                                 Plaintiff,

     v.                                                        Civil No.: 1:19-cv-01678

CITY OF BUFFALO and COUNTY OF ERIE, and
DETECTIVE MARK R. STAMBACH,
DETECTIVE RANIERO MASECCHIA,
DETECTIVE JAMES P. LONERGAN,
DETECTIVE JOHN VICKERD,
CHIEF RICHARD T. DONOVAN,
JOHN DOES, Unknown Buffalo Police Department
Supervisors, and ASSISTANT DISTRICT
ATTORNEY CHRISTOPHER BELLING,
in their individual capacities,

                                 Defendants.

# CITY DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF BIFURCATING AND
# STAYING DISCOVERY ON PLAINTIFF'S *MONELL* CLAIMS

**HODGSON RUSS LLP**
*Attorneys for City of Buffalo*
*and other City Defendants*
*Hugh M. Russ III, of counsel*
*Peter A. Sahasrabudhe, of counsel*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

# **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

LEGAL STANDARD........................................................................................................2

ARGUMENT.....................................................................................................................3

    THE COURT SHOULD BIFURCATE THE PLAINTIFF'S
    MONELL CLAIMS FOR PURPOSES OF DISCOVERY ...................................3

CONCLUSION..................................................................................................................6

## TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Amato v. City of Saratoga Springs*,
    170 F.3d 311 (2d Cir. 1999)......................................................................................2

*Aquino v. City of New York*,
    1:16-cv-1577, 2017 WL 2223921 (S.D.N.Y. May 2017).........................................3

*Gavin v. City of New York*,
    20-CV-8163, 2021 WL 3774113 (S.D.N.Y. Aug. 2021).......................................2, 3

*Monell v. Department of Social Services of the City of New York*,
    436 U.S. 658 (1978)...........................................................................1, 2, 3, 4, 5, 6

*Phillips v. City of New York*,
    871 F. Supp. 2d 200 (E.D.N.Y. 2012) .....................................................................3

*Williams v. City of Chicago*,
    315 F. Supp. 3d 1060 (N.D. Ill. 2018) .................................................................4, 5

**Rules**

Federal Rule of Civil Procedure 42(b).......................................................................1, 2

## **PRELIMINARY STATEMENT**

Even without the plaintiff's claims brought pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), this case is complicated and complex. It involves events that took place over twenty years ago. It involves eye witness identifications, confessions, recantations of confessions, reinvestigations, varying accounts of what took place on the date of the underlying crime, and much more. The plaintiff's own 67 page complaint and the multiple judicial decisions written on his post-conviction challenges (one that is itself over 100 pages) demonstrate the breadth of the facts and issues that relate only to the plaintiff's arrest and prosecution. To conduct discovery on just the facts of the plaintiff's arrest and conviction for the murder of Torraino Jackson will, in and of itself, be a significant undertaking for the parties. Juggling extensive *Monell* discovery while simultaneously conducting discovery related to the plaintiff's case will be outright overwhelming. The Court can simplify this process, however, if discovery is bifurcated and the parties proceed only with discovery of facts related to the plaintiff's arrest and conviction at this time.

Bifurcation will undoubtedly further the goals enumerated in Federal Rule of Civil Procedure 42(b). Most importantly, bifurcation will serve to expedite proceedings and further judicial economy. If bifurcation is granted, the parties can focus their efforts solely on litigating whether any of the individual defendants actually violated the plaintiff's constitutional rights. Such a plan may result in the parties avoiding the need for extensive and time consuming discovery on the plaintiff's *Monell* claims altogether if, in fact, the plaintiff suffered no underlying constitutional violation. At the very least, dispositive motion practice involving whether the plaintiff suffered a constitutional injury has a strong potential to narrow the scope of *Monell* discovery based on the claims and issues that survive and are permitted proceed to trial.

For these reasons, the City Defendants respectfully request that the Court grant the County's cross-motion, bifurcate the plaintiff's *Monell* claims, and stay discovery on those claims until after it is determined whether there are triable issues of fact as to whether the plaintiff suffered a constitutional injury.

## STATEMENT OF FACTS

The relevant facts are relayed in the City Defendants' Opposition to the Plaintiff's Motion to Compel (Dkt. Nos. 57-1-57-4), as well the County's Cross-Motion to Bifurcate. (Dkt. Nos. 58-1-58-4.) The facts will not be repeated here except for purposes of argument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides: "for convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." With respect to claims brought pursuant to *Monell*, Courts within this Circuit have invoked their authority to bifurcate claims and issues for purposes of discovery without prejudice to the parties' ability to try those claims jointly at the same trial. *Gavin v. City of New York*, 20-CV-8163, 2021 WL 3774113, at \*5 (S.D.N.Y. Aug. 2021). Bifurcation is proper when: (1) it would narrow or eliminate issues to be litigated and therefore expedite proceedings and further judicial economy; or (2) it would avoid prejudice to a party or parties. *See Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). However, a showing that bifurcation could narrow or eliminate triable issues and expedite a case is alone sufficient for the Court to bifurcate proceedings. *Gavin*, 2021 WL 3774113, at \*5.

## **ARGUMENT**

### **THE COURT SHOULD BIFURCATE THE PLAINTIFF'S *MONELL* CLAIMS FOR PURPOSES OF DISCOVERY**

Because bifurcation would expedite proceedings and potentially narrow or eliminate relevant issues in this case, the Court should bifurcate the plaintiff's *Monell* claims for the purposes of discovery.

Recent decisions from Courts within this Circuit reinforce that bifurcation of *Monell* claims is warranted because a municipality's *Monell* liability is predicated upon whether the plaintiff can first show that individual officers or agents of the municipality actually violated his constitutional rights. Litigating whether an individual constitutional violation occurred in the first instance, therefore, has the potential of narrowing the issues to be tried in a case or obviating the need for litigating and discovering information relevant to a plaintiff's *Monell* claims entirely. This process promotes efficient resolution of claims and judicial economy. *Gavin*, 2021 WL 3774113, at *5 (noting that City's liability was predicated upon whether the plaintiff can first show a constitutional violation and explaining that "bifurcating the case, at least until [the plaintiff] prevails on a motion for summary judgment, bears the potential of reducing unnecessary discovery and is therefore warranted"); *Aquino v. City of New York*, 1:16-cv-1577, 2017 WL 2223921, at *2 (S.D.N.Y. May 2017) (granting request to bifurcate and noting that "litigating his excessive force claim against the individual Defendants first may obviate the need to try Plaintiff's municipal liability claim against the City"); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 (E.D.N.Y. 2012) (noting that if the plaintiff did not succeed on his claim against individual officers, litigating *Monell* claims would not be necessary).

Courts from other Circuits similarly have granted requests to bifurcate *Monell* claims against a municipality where the plaintiff raised allegations of police officer misconduct similar to those raised by the plaintiff in this case. *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1079-1084 (N.D. Ill. 2018). In *Williams*, the plaintiff was arrested, charged with, and prosecuted for murder despite credible evidence that he was not involved in the subject shooting. *Id.* at 1066-1069. After being acquitted, the plaintiff sued the City of Chicago and individual Chicago police officers alleging that the police officers coerced false testimony, created false or misleading investigative reports, and failed to preserve or produce exculpatory evidence. *Id.* at 1068. The plaintiff brought claims against Chicago pursuant to *Monell* under the theory that its policies and customs promoted or enabled this type of misconduct by its police officers. *Id.* In bifurcating the plaintiff's *Monell* claims, the District Court reasoned that the plaintiff's *Monell* claims were entirely predicated on his ability to show that the individual police officers actually engaged in the type of misconduct alleged in the complaint. *Id.* at 1081. As such, the District Court concluded that the case presented a "significant possibility that after narrowly litigating the underlying Section 1983 constitutional claim, proceeding to the more expansive *Monell* issues may become entirely unnecessary." *Id.* For the same reason urged here, the Court concluded that bifurcation of the plaintiff's *Monell* claim was warranted. *Id.*

In this case, the plaintiff alleges that officers of the Buffalo Police Department and Assistant Eire County District Attorney Christopher Belling engaged in a host of improper activities in investigating, arresting, and prosecuting him for the murder of Torriano Jackson. In an effort to hold the City and County liable under *Monell*, the plaintiff also alleges that the City and County enabled this misconduct through their policies and customs. However, before the City and County conduct extensive discovery into what their policies and customs were during

the relevant time period by looking into unrelated cases dating back over 20 years, the parties should first conduct discovery regarding what ADA Belling and the relevant police officers actually did in the underlying investigation and prosecution of the plaintiff.  As in *Williams*, tailoring discovery to the actual actions of the individual defendants in their investigation and prosecution of the plaintiff creates a possibility that proceeding to more expansive discovery on the plaintiff's *Monell* claims will become unnecessary.  If, for example, it is demonstrated through discovery that BPD officers did not coerce or fabricate witness statements or suppress exculpatory evidence, there will be no need to conduct discovery regarding whether the City had policies or customs condoning or enabling such activities at the time of the plaintiff's arrest.  For this reason alone, bifurcation is warranted.

Even if there are triable issues of fact regarding whether certain individual defendants engaged in certain forms of misconduct, staying discovery on the plaintiff's *Monell* claims until after dispositive motion practice related his specific constitutional injury has the potential of narrowing the scope of *Monell* discovery.  It is very likely that at least some of the forms of police officer and prosecutor misconduct alleged in the Complaint will not be substantiated and will be refuted by evidence revealed in discovery.  If this happens, then discovery of the City and County's policies related to those specific activities will no longer be necessary.  For example, the Court may hold after dispositive motion practice that there is no triable issue of fact that regarding whether police officers threatened or coerced witnesses, but there is a triable issue of fact regarding whether officers used unduly suggestive techniques in their identification procedures.  In that case, the City would only be required to conduct discovery as to its policies and customs regarding witness identification, but would not have to conduct discovery regarding witness interrogation and coercion.  Even this limited process

5

would promote efficient resolution of this dispute and would narrow the relevant issues to be litigated.

In short, the underlying facts of the plaintiff's arrest and investigation are entirely too complex and complicated to conduct discovery on his individual claims and discovery of his *Monell* claims simultaneously. The Court can either completely eliminate this burden or, at the very least, significantly lighten this burden by granting the defendants' request for bifurcation.

## CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court bifurcate the plaintiff's *Monell* claims and stay discovery of those claims until after dispositive motion practice related to his own alleged constitutional injury has occurred. In the alternative, the City Defendants request that the Court deny the plaintiff's pending Motion to Compel for the reasons stated in their previously filed opposition to that motion.

Dated:    Buffalo, New York
          January 27, 2022

                                        **HODGSON RUSS LLP**
                                        *Attorneys for City of Buffalo*
                                        *and other City Defendants*

                                        By:  /s Peter A. Sahasrabudhe
                                              Hugh M. Russ III, of counsel
                                              Peter A. Sahasrabudhe, of counsel
                                        The Guaranty Building
                                        140 Pearl Street, Suite 100
                                        Buffalo, NY  14202-4040
                                        716.856.4000

6