# Exhibit R

*January 27, 2022 Plaintiff's Second Set of Request for Production of Documents and Things to Defendant City of Buffalo*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINO DIXON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BUFFALO, *et al.*,<br><br>    Defendants. | Case No. 19-cv-01678<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CITY OF BUFFALO** |

### PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CITY OF BUFFALO

Under Federal Rules of Civil Procedure 26 and 34, Plaintiff Valentino Dixon, by his attorneys, Neufeld Scheck & Brustin, LLP, and Donald Thompson, Easton Thompson Kasperek Shiffrin LLP, demands that Defendant City of Buffalo ("Defendant") produce documents responsive to the following requests within 30 days of service of this demand. As required by Rule 26(e), Defendant must promptly amend or supplement answers or disclosures within 30 days after additional information or material is acquired, and in no event later than 30 days before trial.

Defendant's answers must restate each document request in full before responding to it. Each document request must be accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another document request unless the document request or subpart referred to supplies a complete and accurate answer to the document request or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened

1

together shall be produced in the order in which they were originally arranged. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents. In accordance with the parties' agreement before the Court, documents shall be produced electronically.

If documents are not in Defendant's possession but within Defendant's control, Defendant is required to comply with the definition and instructions for "control" below. If no responsive documents exist, then so state. If Defendant objects to any request on the grounds of privilege, its response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5). If Defendant objects to or otherwise does not respond to any Request, in whole or in part, it must set forth the nature and basis for the objection or other failure or refusal to respond in sufficient detail so that the Court can determine the propriety of such objection or failure or other refusal to respond, and state whether any information is being withheld on the basis of the objection.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meanings set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

   a. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   b. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

   c. **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present

2

|   |   |
|---|---|
|   | or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. |
| d. | **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d). |
| e. | **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. |
| f. | **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association. |
| g. | **You**. The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys. |
| h. | **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting. |
| i. | **Control**. "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date |

    or dates or approximate date or dates on which such disposition was made, and why.

  j. **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

  k. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  l. **Number.** The use of the singular form of any word includes the plural and vice versa.

  m. **BPD.** The term "BPD" refers to the Buffalo Police Department, including any department, officer, employee, agent, or contractor thereof.

  n. **ECDA.** The term "ECDA" refers to the Erie County District Attorney's Office, including any department, officer, employee, agent, or contractor thereof.

  o. **August 10, 1991 Buffalo shooting investigation.** The term "August 10, 1991 Buffalo shooting investigation" refers to the investigation of the August 10, 1991 altercation and shooting around 1:00 a.m. near the intersection of East Delevan and Bailey Avenues in Buffalo, NY. It includes without limitation the investigation, arrest, and/or prosecution of Valentino Dixon.

**REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF BUFFALO**

23. Identify and produce any and all documents concerning the BPD Intelligence Section's and/or Special Services' surveillance of or investigations into Valentino Dixon or individuals that BPD considered to be "associates of Valentino Dixon" at any time from 1/1/1987 to 12/31/1993, including without limitation documents relating to the following incidents:

  a. Plaintiff's alleged involvement in the drive-by shooting of Frankie Johnson on or around April 9, 1990;

  b. Plaintiff's alleged involvement in the shooting of Byron Barnes on or around June 23, 1990;

4

      c. Plaintiff's alleged involvement in the shooting of Anthony Wright on or around November 14, 1990;

      d. Harold Foster's report regarding Plaintiff allegedly shooting him on or around March 26, 1991; and

      e. Any other shootings allegedly involving Plaintiff and/or any alleged associate of Plaintiff.

24. Identify and produce any and all communications, files, intelligence documents, or other information concerning Valentino Dixon shared between the BPD Intelligence Section and/or Special Services and any other BPD employee, department, or section, including without limitation the homicide section, and/or any employee of the Erie County District Attorney's Office including without limitation Christopher Belling.

25. Identify and produce any and all documents concerning training (whether internal or external) received by City of Buffalo officers, investigators, detectives, and supervisors from 1/1/1980 to 12/31/1995 including but not limited to presentations, BPD directives, memoranda, videos, analysis, reports, correspondence, and instructional materials with respect to the following categories and/or units:

      a. the BPD Intelligence Section and/or Special Services division and its operations;

      b. the BPD Special Police Task Force (Street Crime Unit), created in 1991, and its operations;

      c. developing, conducting, and documenting intelligence operations and/or surveillance, including narcotics and/or gang-related intelligence operations; and

      d. the development, use, tracking, and documentation of informants.

26. To the extent not already disclosed, identify and produce any and all documents reflecting the City of Buffalo—including BPD's—policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1/1/1980 to 12/31/1995 concerning the categories **(a) – (d)** identify in RFP 25 above.

27. Identify and produce any and all documents concerning BPD's surveillance, investigation, and/or prosecution of members of the "Good Year Crew" or "G.Y.C.,"

including without limitation any documentation indicating that Valentino Dixon was affiliated with the Good Year Crew, generated between 1/1/1987 and 12/31/1993. Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents, to propound additional requests, and to use other discovery mechanisms.

Dated: January 27, 2022

/s/ Gerardo Romo
Gerardo Romo

NEUFELD SCHECK & BRUSTIN, LLP
Nick Brustin
Anna Benvenutti Hoffmann
Mary McCarthy
Sona R. Shah
Gerardo Romo
99 Hudson Street, 8th Floor
New York, NY 10013
P: (212) 965-9081


EASTON THOMPSON KASPEREK
   SHIFFRIN LLP
Donald Thompson
The Powers Building
16 West Main Street, Suite 243
Rochester, New York 14614
P: (585) 423-8290

## **CERTIFICATE OF SERVICE**

      I, Gerardo Romo, hereby certify that on January 27, 2022, a true and correct copy of Plaintiff's Second Set of Requests for Production of Documents and Things to Defendant City of Buffalo was served *via* Electronic Mail to counsel for Defendants.

/s/ Gerardo Romo