UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VALENTION DIXON,

                Plaintiff,          **SECOND AMENDED
CASE MANAGEMENT ORDER**

v.                                                  19-cv-1678(WMS)(JJM)

CITY OF BUFFALO, *et al.*,

                Defendants.

        With good cause shown, plaintiff's unopposed motion to extend the discovery deadlines [74] is granted as modified herein. The Amended Case Management Order [44] is amended as follows:

        1.     All fact discovery shall be completed by no later than **September 26, 2022**. If discovery disputes arise, the parties shall initially advise me of the dispute via letter or e-mail (copying opposing counsel). Upon review of the letter, I will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, informal submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

        2.     Each party intending to offer the testimony of an expert in connection with

any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **December 14, 2022**.  Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **January 20, 2023.**

       3.      All expert depositions shall be completed by no later than **February 20, 2023.**

       4.      Pretrial dispositive motions, if any, shall be filed by no later than **June 7, 2023**.  Such motions shall be made returnable before Judge Skretny unless the referral order grants the Magistrate Judge authority to hear and report upon dispositive motions.

       5.      If no pretrial dispositive motions are filed, the parties shall contact Judge Skretny's chambers by **June 14, 2023** to schedule a trial date.

       6.      Mediation sessions may continue, in accordance with Section 5.12 of the ADR Plan, until **June 7, 2023**.  The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension.  Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED**.

Dated: April 5, 2022

                                            /s/Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge