Exhibit 1

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081          99 Hudson Street, 8th Floor
Fax: [212] 965-9084          New York, New York 10013
                             nsbcivilrights.com

September 30, 2022

**Via e-mail**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

     Re: *Dixon v. City of Buffalo, et al*., No. 19-cv-1678 (WMS)(JJM)

Dear Magistrate Judge McCarthy:

     Counsel for Plaintiff Valentino Dixon respectfully submits this letter requesting that: (1) the Court order that Defendant County of Erie (the "County") produce purportedly privileged documents that Plaintiff substantially needs in order to prosecute his claims; and (2) the Court conduct an *in camera* review of the remaining documents that the County contends are protected from production, as set forth in its Second Amended Privilege Log, dated August 25, 2022 (the "August Privilege Log", attached as Exhibit A).

*Procedural History of the County's Privilege Logs*

     On February 17, 2022, the County provided its privilege log in connection with Plaintiff's requests for production. In response to Plaintiff's repeated requests to supply additional information regarding certain entries, the County amended its privilege log for the first time on June 3, 2022. On July 29, 2022, Plaintiff sent a letter to the County explaining that the amended privilege log continued to fail to meet the requirements of L.R. 26(d) (the "July 29th Deficiency Letter", attached as Exhibit B).[1] The letter also explained that the County was obligated to produce certain documents on the June privilege log because Plaintiff has a substantial need for them in order to prosecute his claims. After a meet and confer call on August 24, 2022, the County provided the August Privilege Log, which failed to remedy the noted deficiencies. The County also has not produced the documents that Plaintiff requested.

---

[1] Privilege logs should provide: (1) the type of document; (2) the general subject matter; (3) the date of the document; and (4) any other information that is sufficient to identify the document, including the author, the addressees, and any other recipients shown in the document, and the relationship of the author, addressees, and recipients to each other. *See* L.R. 26(d).

1

*The County Should Produce Investigative Documents*
*and Documents Regarding Witness Statements*

Regardless of the sufficiency of the County's privilege log, Plaintiff is entitled to certain withheld documents based on his substantial need for the documents in order to litigate his claims. In this case, Plaintiff alleges that the County, and former Assistant District Attorney Christopher Belling specifically, fabricated a homicide case against Mr. Dixon resulting in his wrongful conviction in 1991. In connection with the investigation, the County and Defendant Belling threatened not only the true perpetrator, Lamarr Scott, but also threatened two eyewitnesses to the crime, causing them to be wrongfully convicted of perjury. In 2018, the then newly-appointed District Attorney re-investigated the case. Based on interviews of thirty witnesses and a review of the prosecution's case file, the trial transcripts, and the physical evidence, the District Attorney agreed that Plaintiff was actually innocent of murder, attempted murder, and assault, and that these convictions should be vacated.

Courts in the Second Circuit have held that in cases just like this one, plaintiffs have a substantial need for documents that might otherwise be subject to claims of privilege or protection. *See Greene v. City of New York*, No. 08-cv-243 (RJD), 2012 WL 5932676, at *10 (E.D.N.Y. Nov. 27, 2012) (ordering production of ADA's handwritten notes, purportedly including mental impressions and opinions, because they "go to the heart of plaintiff's claim of misidentification and contain information regarding the ADA's knowledge at the time… that may be relevant to plaintiff's case and for which plaintiff has shown substantial need."); *Abdell v. City of New York*, No. 05-cv-8453 (KMK)(JCF), 2006 WL 2664313 at *7 (S.D.N.Y. Sept. 14, 2006) (finding substantial need for witness statements and DA Data Sheets); *see also In re McRay, Richardson, Santana, Wise, & Salaam Litig.*, No. 03-cv-9685 (DAB)(RLE), 2011 WL 5880994, at *7 (S.D.N.Y. Nov. 22, 2011) (finding that investigative documents must be produced where "ADA Defendants['] behavior during the investigation has been placed squarely at issue by Plaintiffs['] claims, and documents generated in connection with the investigation are clearly relevant.").

Based on the County's privilege log, the documents at issue include, at a minimum:

| Bates No. | Date | Author/ Recipient | Privilege | Type | Further Description |
|---|---|---|---|---|---|
| COE002499-2500 | 8/12/91 | N/A | W/P and T/P | Handwritten notes- attorney impressions | Notes 8/12/91 re Lamar Scot interview and further tasks |
| COE002503-2505 | None | N/A | W/P and T/P | Handwritten notes-attorney impressions | Notes re witnesses |
| COE002541-2544 | None | N/A | W/P and T/P | Handwritten notes re: evidence, witnesses, attorney impressions | Attorney notes from reinvestigation |

| Bates No. | Date | Author/ Recipient | Privilege | Type | Further Description |
|---|---|---|---|---|---|
| COE003391-3392 | None | N/A | W/P and T/P | Handwritten Attorney Notes | Work product and trial preparation materials, notes based on review of statements to police, trial preparation notes |
| COE003408-3446 | none | Author 1 | W/P and T/P | Handwritten Attorney Notes | Work product and trial preparation materials, trial preparation notes based on review of statements, transcripts from Dixon grand jury and trial proceedings |
| COE003447-3481 | none | Author 1 | W/P and T/P | Notes re: Witnesses | Work product and trial preparation materials relating to perjury trial |
| COE003509-3510 | 8/12/91 | N/A | W/P and T/P | Handwritten Attorney Notes | Notes re Lamar Scott interview and further tasks |
| COE004301-4302 | 3/2/18 | From: David Herary To: Michael Keane | D/P, W/P and A/C | Email | Reinvestigation: Attorney analysis of facts underlying Dixon conviction |
| COE004303-4304 | 3/1/18 | From: David Herary To: Michael Keane | D/P, W/P and A/C | Email | Reinvestigation: timeline, legal analysis of issues relevant to 440 response; handwritten attorney notes |
| COE004758-4774 | 9/11/18 | David Heraty, Sara Dee and Joe Riga | D/P, W/P and A/C | Internal Memo to DA 2018 Reinvestigation | |

Given the significance of these documents to Plaintiff's claims, Plaintiff requests that the Court order the County to produce them as soon as possible, and prior to the deposition of Defendant Belling.[2]

---

[2] Plaintiff contacted the County multiple times over the last two weeks to schedule Mr. Belling's deposition without any response. Plaintiff will notice the deposition shortly but may need the Court's assistance given the County's prior lack of cooperation.

*In Camera Review of the Remaining Documents on the August Privilege Log*
*Is Necessary to Assess the County's Claims of Protection*

The August Privilege Log does not allow Plaintiff to assess whether even the most basic requirements of the claims of protections were met.[3] *See Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK)(JCF), 2013 WL 4045326, at *2 (S.D.N.Y. Aug. 9, 2013) (vague descriptions such as "[e]mail concerning litigation status and strategy… give little guidance to the plaintiff as to whether a privilege is properly asserted."). The County still has not specified the general subject matter, authors, recipients, or dates of many documents.[4] *See, e.g.,* Exhibit A, COE002498 (unauthored "Message slip with notes"); COE002465 (undated, unauthored "Legal research"); COE002460-002461 (unauthored "Grand Jury Notes"); COE003984 (unauthored Handwritten notes re subpoenas); COE004326-004332 (undated, unauthored Handwritten notes re transcripts). Although some of these documents were expressly cited as examples in Plaintiff's July 29th Deficiency Letter, the County failed to revise its privilege log to correct the deficiencies.

Even if the County cannot ascertain an author or recipient, it has an obligation to identify the author to the best of its ability. *See, e.g., Go v. Rockefeller U.,* 280 F.R.D. 165, 175 (S.D.N.Y. 2012) (privilege log that failed to identify the "identities, titles, and roles of the authors, recipients, and those cc'd on these communications" was deficient). Thus, designations like "N/A" are unacceptable.

Indeed, the County cannot claim work product protection without identifying whether documents were created or prepared by an attorney in anticipation of, or in connection with, litigation. Yet, the County has claimed work product privilege on almost every document in the privilege log without identifying authors and recipients. Similarly, the County cannot claim the attorney client privilege without identifying whether communications were between a client and an attorney. Even where the County has listed authors and recipients, they still have not indicated whether any of these documents contain confidential communication relating to legal advice and many documents lack context and supporting information. *See In re McRay*, 2011 WL 5880994 at *7 (attorney client privilege did not apply where documents did not reflect any legal advice, but were notes on the inclusion of facts, typographical edits, and written thoughts on factual statements).

---

[3] While Plaintiff cites examples of issues, Plaintiff will not identify every document at issue because the party invoking protection from production has the burden of establishing the applicability of such privilege or protection. *See* Fed R. Civ. P. 26(b)(5). Mere conclusory or ipse dixit assertions of privilege are insufficient to satisfy this burden. *United States v. Kovel*, 296 F.2d 918, 923 (2d Cir.1961).

[4] Because the County has failed to furnish an adequate privilege log (despite three attempts at doing so), this Court may also reject outright its claims of privilege. *See Aurora Loan Servs., Inc. v. Posner & Assocs., P.C.,* 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007) ("[f]ailure to furnish an adequate privilege log is grounds for rejecting a claim of attorney client privilege."); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 164 (S.D.N.Y. 2014) (failure to specify authors and recipients for the majority of documents, and failure to provide adequate descriptions of subject matter and a basis for claimed privileges, resulted in waiver of any applicable privilege ).

In addition, nearly half of the documents on the privilege log do not include dates. *See, e.g.,* Exhibit A, COE002503-2532; COE002538-2544; COE002551. Indeed, the County only added three dates to the Second Amended Privilege Log, despite Plaintiff expressly explaining that the lack of dates in the amended privilege log made it difficult for Plaintiff to discern in what context documents were created. Exhibit B, July 29th Deficiency Letter at 2.

Finally, the County also claimed the deliberative process privilege for the first time on the August Privilege Log, the third iteration of its privilege log. That privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated" from disclosure. *Natl. Day Laborer Organizing Network v. U.S. Immig. and Cust. Enf't Agency*, 811 F. Supp. 2d 713, 735 (S.D.N.Y. 2011), *amended on reconsideration* (Aug. 8, 2011). But it is well-established that the deliberative process privilege does not apply to documents in a civil rights action like this one. "[Plaintiff] challenges the initial decision to charge him—and the attendant failures along the way, including to turn over *Brady* material—as well as the policies that led to those decisions. He is, in other words, challenging the very decisions, evaluations, and policies that the DA's Office is attempting to protect under the privilege. And because deliberative process is a qualified privilege, it must yield…. " *Lawrence v. Suffolk Cnty.*, No. 19-CV-2887-FB-SJB, 2022 WL 855380, at *11 (E.D.N.Y. Mar. 23, 2022).

Therefore, Plaintiff respectfully requests that this Court order production of documents for which he has a substantial need, and grant an *in camera* review of the documents listed in the August Privilege Log in order to determine whether the County has properly asserted its claims of protection from production.

Respectfully submitted,

/s/ Sona R. Shah
Sona R. Shah

*Counsel for Plaintiff Valentino Dixon*

cc:   Defendants' Counsel
     Donald Thompson

# Exhibit A
# August Privilege Log

**Dixon v. County of Erie, et al.**
Civil Case No.: 19-cv-01678

County of Erie-Second Amended Privilege Log
Dated: August 25, 2022

Privilege Abbreviations
A/C- Attorney/Client
W/P-Work Product
T/P-Materials Prepared for Litigation or Trial
D/P-Deliberative Process Privilege

| Bates No. | Date | Author/Recipient | Privilege | Type | Further Description** |
|---|---|---|---|---|---|
| COE002498 | 6/5/92 | From: unknown To: CJB | W/P and T/P | Message slip with notes | |
| COE002499-2500 | 8/12/91 | N/A | W/P and T/P | Handwritten notes – attorney impressions | notes 8/12/91 re Lamar Scott interview and further tasks |
| COE002501-2502 | 8/10/91 | N/A | W/P and T/P | Handwritten notes – attorney impressions | summary of case – no creation date; COE002501 and 2502 are identical |
| COE002503-2505 | none | N/A | W/P and T/P | Handwritten notes – attorney impressions | notes re witnesses |
| COE002506-2529 | none | N/A | W/P and T/P | Notes re trial testimony | John Sullivan direct/cross; Emil Adams direct/cross; Aaron Jackson direct/cross; Power direct/cross; Lewis cross; Stancil direct/cross; Diegelman direct/cross; Laduca direct/cross; Lonergan direct, cross; Vickerd direct/cross; Smardz direct/cross; Frank Tucci direct; Dejanovich direct; Pandolfino direct; Thomas Gordon direct/cross; Lohhmanee direct |
| COE002530-2532 | none | N/A | W/P and T/P | Handwritten notes | impressions – trial prep materials; notes re statements of Jarmon, Brown, Kenny M____ |
| COE002534 | 11/20/91 | N/A | W/P and T/P | Handwritten notes – attorney impressions | |
| COE002535-2536 | 8/14/91-8/15/91 | N/A | W/P and T/P | Handwritten notes – attorney impressions | Notes of tasks and calls |
| COE002537 | 1/13/92 | N/A | W/P and T/P | Handwritten notes re: prosecution strategy | |
| COE002538-2540 | none | N/A | W/P and T/P | Handwritten notes re: witnesses | notes listing witnesses to locate and interview |
| COE002541-2544 | none | N/A | W/P and T/P | Handwritten notes re: evidence; witnesses; attorney impressions | Attorney notes from reinvestigation |
| COE002545-2550 | 6/8/90 | N/A | W/P and T/P | Notes from prior prosecution of Valentino Dixon | |
| COE002551 | None | N/A | W/P and T/P | Handwritten Notes - Checklist | |
| COE 002441-2442 | 8/7/92 | N/A | W/P and T/P | ECDA Internal Sentencing form | |
| COE002443-2445 | 6/8/92 | N/A | W/P and T/P | ECDA Internal Indictment forms | |

| | | | | | |
|---|---|---|---|---|---|
| COE002446 | 5/1/92 | N/A | W/P and T/P | ECDA Internal Motion Hearing form | |
| COE002447-2448 | 3/6/92 | N/A | W/P and T/P | ECDA Internal Motions/Conference Case Reporting Form | |
| COE002449-2450 | 2/19/92 | N/A | W/P and T/P | ECDA Internal Arraignment form | |
| COE002451 | 1/30/92 | N/A | W/P and T/P | ECDA Internal Grand Jury Report | |
| COE002452 | 8/12/91 | N/A | W/P and T/P | ECDA Internal Evaluation for Grand Jury | ECDAO Form:  Authorization for Direct Presentation to Grand Jury dated 8/12/91 |
| COE002453-2459 | 6/8/92-6/16/92 | N/A | W/P and T/P | Trial Chronology/Notes | |
| COE002460-2461 | 8/21/92 | N/A | W/P and T/P | Grand Jury Notes | |
| COE002462-2464 | 6/8/92 | Kevin M. Dillon | W/P and T/P | Working Copy of Relevant Name and Place List | |
| COE002465 | none | N/A | W/P and T/P | Legal research | |
| COE002466-2474 | 6/10/92-6/15/92 | N/A | W/P and T/P | Trial Notes | Cross of John A. Sullivan, III; cross of Aaron Jackson; notes regarding summation; notes regarding Travis Powell direct; Robert Lewis, Jr. cross; Stancil cross; Laduca witness; Lonergan; Vickerd; Smardz; Dr. Gordon; Dr. Loghm____ |
| COE002475-2484 | none | N/A | W/P and T/P | Trial Summation Notes | |
| COE002485 | 6/9/92-6/10/92 | N/A | W/P and T/P | Voir Dire Notes | |
| COE002486-2488 | 6/11/92-6/12/92 | N/A | W/P and T/P | Notes re: witnesses | notes on tentative order of production of witnesses at trial |
| COE002489-2493 | 6/8/92-6/10/92 | N/A | W/P and T/P | Voir Dire Notes | Challenge sheet; matrix of potential jurors with pedigree information |
| COE002494-2495 | 6/8/92 and 6/10/92 | N/A | W/P and T/P | Working Copy of Jury Management System Reports | Includes handwritten notes |
| COE002496-2497 | 8/13/91 | N/A | W/P and T/P | ECDA Internal Grand Jury Analysis Case Reporting Form | |

| COE003388-3390 | 10/13/92 | From: Frank A. Sedita III To: Richard G. Shanley, Confidential Criminal Investigator | W/P, T/P, D/P | Internal Memorandum | Identifying and describing witnesses relevant to perjury trial |
|---|---|---|---|---|---|
| COE003391-3392 | none | N/A | W/P and T/P | Handwritten Attorney Notes | work product and trial preparation materials: notes based on review of statements to police, trial preparation notes |
| COE003393-3402 | none | Frank A. Sedita III and Edward Coughlin | W/P and T/P | Handwritten Attorney Notes | work product and trial preparation materials: trial exhibits; outline of trial strategy |
| COE003403-3407 | none | Author 1*** | W/P and T/P | Internal Case Notes/Chronology | Outline of trial |
| COE003408-3446 | none | Author 1 | W/P and T/P | Handwritten Attorney Notes | work product and trial preparation materials; trial preparation notes based on review of statements, transcripts from Dixon grand jury and trial proceedings |
| COE003447-3481 | none | Author 1 | W/P and T/P | Notes re: Witnesses | work product and trial preparation materials relating to perjury trial |
| COE003482-3491 | none | Author 1 | W/P and T/P | Notes re: Exhibits | work product and trial preparation materials relating to perjury trial |
| COE003492 | none | Author 1 | W/P and T/P | Notes re: Possible Defenses | work product and trial preparation materials relating to perjury trial |
| COE003493 | none | Author 1 | W/P and T/P | Notes re: Legal Research | work product and trial preparation materials relating to perjury trial |
| COE003494-3497 | 9/23/92-12/15/92 | Author 1 | W/P and T/P | Notes re: Contacts Made | Notes re trial preparation for perjury trial |
| COE003498 | 10/14/92 | From: Author 1 To: Gloria Kordasiewicz | D/P, W/P and T/P | Internal memorandum | |
| COE003499-3500 | none | multiple | W/P and T/P | Handwritten Attorney Notes | |

| | | | | | |
|---|---|---|---|---|---|
| COE003502-3503 | 10/1/87 | From: Raymond Herman To: File | D/P, W/P and T/P | Internal memorandum re: People v. Leonard Shannon | |
| COE003504-3505 | 12/29/87 | From: Amy Goldstein To: File | D/P, W/P, T/P | Internal memorandum re: People v. Leonard Shannon | |
| COE003506-3507 | none | N/A | W/P and T/P | Typewritten Attorney Notes | |
| COE003508 | | | | | Will be produced |
| COE003509-3510 | 8/12/91 | N/A | W/P and T/P | Handwritten Attorney Notes | notes re Lamar Scott interview and further tasks |
| COE003511-3531 | none | Author 1 | W/P and T/P | Handwritten Attorney Notes | work product and trial preparation materials for perjury trial: analysis of anticipated defense theories; chart of witnesses; analysis of elements |
| COE003532-3536 | none | Author 1 | W/P and T/P | Voir Dire Notes | Matrices of potential jurors |
| COE003537 | 11/4/92 | N/A | W/P and T/P | Working Copy of Jury Management System Reports | Attorney notes |
| COE003538-3733 | none | multiple | W/P and T/P | Trial Notes | |
| COE003734 | none | From: Author 1 To: Chris | W/P and T/P | Handwritten Note | note about upcoming trial |
| COE003735-3737 | none | N/A | W/P and T/P | Handwritten Attorney Notes | work product |
| COE003738-3739 | none | N/A | W/P and T/P | Handwritten Attorney Notes | Notes regarding 1st statement given by Leonard Brown |
| COE003740-3761 | none | N/A | W/P and T/P | Handwritten Attorney Notes | Summary of investigation materials and grand jury testimony; appears to have generated as part of the reinvestigation by or at the direction of David Herarty |
| COE003970-3971 | none | N/A | W/P and T/P | Handwritten Notes | |
| COE003972-3983 | 2/24/92 | N/A | W/P | Hearing Notes | Huntley hearing notes |
| COE003984 | 4/6/91 | N/A | W/P and T/P | Handwritten Notes re: subpoenas | |
| COE003985-3989 | none | N/A | W/P and T/P | Legal Research | Case law excerpts with underlining |
| COE003990 | none | N/A | W/P and T/P | Handwritten Notes re: Grand Jury Charges | Re a prior arrest of Valentino Dixon on a drug charge |

| COE003991 | 5/29/91 | N/A | W/P and T/P | Meeting Notes | Re the arrest of Valentino Dixon on a drug charge |
|---|---|---|---|---|---|
| COE003992 | 6/17/91 | From: Barry To: Larry | W/P and T/P | Handwritten Note | Re to prior arrest of Valentino Dixon |
| COE003993-3995 | 8/26/91 | From: Barry Zavah To: File Cc: Christopher Belling | D/P, W/P and T/P | Internal Memorandum | Re indictment 91-1167; addressing pending drug charges; analysis and case law re legal issues |
| COE004296-4300 | none | N/A | D/P, W/P and A/C | Typewritten Notes | Outline for Dixon interview during reinvestigation |
| COE004301-4302 | 3/2/18 | From: David Heraty To: Michael Keane | D/P, W/P and A/C | Email | Reinvestigation: Attorney analysis of facts underlying Dixon conviction |
| COE004303-4304 | 3/1/18 | From: David Heraty To: Michael Keane | D/P, W/P and A/C | Email | Reinvestigation: timeline; legal analysis of issues relevant to 440 response; handwritten attorney notes |
| COE004305-4325 | none | David Heraty | D/P, W/P and A/C | Drafts of Answering Affidavit of David Hearty | Answering Affidavit in response to CPL 440.10 motion (Indictment No. 91-1476) |
| COE004326-4332 | none | N/A | W/P and A/C | Handwritten Notes re: transcripts | |
| COE004333-4372 | | By: Sara Dee, David Heraty and Joseph Riga | W/P and A/C | Internal Notes re Investigation of Valentino Dixon | |
| COE004373-4418 | none | N/A | D/P, W/P and A/C | Typewritten Slide Notes re: Response to 440 Motion | |
| COE004419-4421 | none | N/A | W/P and A/C | Handwritten Attorney Notes | outline for interview during reinvestigation |
| COE004422-4423 | none | N/A | W/P and A/C | Handwritten Attorney Notes | chart of involved people |
| COE004758-4774 | 9/11/18 | David Heraty, Sara Dee and Joe Riga | D/P, W/P and A/C | Internal Memo to DA 2018 Reinvestigation | |

| COE004672 | none | From: ?<br>To: Chris | D/P, W/P | Handwritten Note | Internal communication between ADAs |
|---|---|---|---|---|---|
| COE004673-4674 | 11/9/90 | N/A | W/P | Handwritten Notes | summary of prior arrests on 1/30/91, on 3/30/91 and shooting of Anthony Wright. |
| COE004675-4678 | none | N/A | W/P | Typewritten Notes | Undated summaries of prior convictions |
| COE004679 | 2/6/92 | From: Barry<br>To: Chris | W/P | Handwritten Note | Internal communication between ADAs |
| COE004680-4687 | none | N/A | W/P | Handwritten and Typewritten Notes | Summary of prior trial testimony of Dixon as prosecution witness with atty notes |
| COE004688-4690 | 8/26/91 | From: Barry Zavah<br>To: File | D/P, W/P and T/P | Internal Memorandum | |
| COE004775-4792 | none | N/A | D/P, W/P | Notes re: Response to 2018 440 | |

**Descriptions provided are based on the good faith assessment of Defendants' counsel. The authors, dates, and subjects have not been independently verified by persons with first-hand knowledge of the materials.
***The identification of Author 1 is based on distinct handwriting.

# Exhibit B

# July 29th Deficiency Letter

**NSB**

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081          99 Hudson Street, 8th Floor
Fax: [212] 965-9084          New York, New York 10013
                             nsbcivilrights.com

July 29, 2022

<u>*Via Email*</u>
Jennifer C. Persico
Eric M. Soehnlein
James P. Blenk
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

Re: *Dixon v. City of Buffalo, et al.*, No. 19-cv-1678 (WMS) (JJM)

Dear Counsel:

I write on behalf of Plaintiff Valentino Dixon regarding the County of Erie-Amended
Privilege Log, dated June 3, 2022 (the "Privilege Log").

*The Privilege Log Fails to Satisfy L.R. 26(d)'s Requirements*

The County's Privilege Log fails to meet the express requirements of L.R. 26(d), which
states that the party asserting protection from producing relevant documents must provide the
following information: (1) the type of document; (2) the general subject matter; (3) the date of
the document; and (4) any other information that is sufficient to identify the document, including
the author, the addressees, and any other recipients shown in the document, and the relationship
of the author, addressees, and recipients to each other. Courts in the Second Circuit have
consistently held that a privilege log is not merely an administrative task. Its purpose is to ensure
that a withholding party can justify a privilege designation. *See BlackRock Balanced Cap.
Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14CV09367JMFSN, 2018 WL 3584020, at \*5
(S.D.N.Y. July 23, 2018) ("Only documents listed on the privilege log with complete
information—that is, the name of the author of the document, the name of any attorney, a clear
description of the document, etc.—could qualify for this safety valve").

The Privilege Log's deficiencies are evident throughout the document. For example,
many entries lack anything more than a perfunctory description of the subject matter involved,
making it impossible for Plaintiff to determine whether to dispute the claim of protection. *See,
e.g.,* COE002498 ("Message slip with notes"); COE002465-002451 ("Legal research");
COE003388-003390 ("Internal Memorandum"); COE003506-3507 (Handwritten Attorney
Notes"); COE004301-4302 ("Email"). While the County's amended Privilege Log includes a
"Further Description" column, that column includes similarly deficient descriptions. *See, e.g.,*
COE00391-3392 ("Handwritten Attorney Notes" with the "Further Description" of "work
product and trial preparation materials," which simply restates the protection claimed). These
unsubstantiated claims are insufficient. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK
JCF, 2013 WL 4045326, at \*2 (S.D.N.Y. Aug. 9, 2013) (vague descriptions such as "Email

concerning litigation status and strategy…give little guidance to the plaintiff as to whether a privilege is properly asserted.").

Authors and recipients are not even provided for many of the documents at issue (*see, e.g.,* COE002530-2532; COE003970-3971), making it difficult to assess whether even the most basic requirements of the protections claimed are met. *See Orbit One Commc'ns, Inc. v. Numerex Corp.,* 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (recognizing that a party bears the burden of justifying its assertion of privilege by providing sufficient information for its adversary to assess any potential objections). Along the same lines, dates are also not provided for many documents, making it impossible for Plaintiff to know in what context those documents were created and determine whether to challenge the County's assertions.

Moreover, to establish work production protection, the County's bare assertions that material was prepared by a lawyer or provided to a lawyer are insufficient. The withheld documents must be the result of investigative or analytical tasks that helped counsel in preparing for litigation. Fed. R. Civ. P. 26(b)(3)(A). For investigative and legal documents from the District Attorney's office specifically, courts evaluate whether the document at issue is the manifestation of the prosecutor's mental impressions or simply a recording of factual information. *See Abdell v. City of New York,* No. 05 Civ. 8453 KMK JCF, 2006 WL 2664313, at *6-7 (S.D.N.Y. Sept. 14, 2006) (summarized witness statements are factual information). The County's assertions of attorney-client privilege similarly lack context or supporting information. *See In re McRay, Richardson, Santana, Wise, & Salaam Litig.*, No. 03 CIV. 9685 DAB RLE, 2011 WL 5880994, at *7 (S.D.N.Y. Nov. 22, 2011) (attorney-client privilege did not apply where documents did not reflect any legal advice, but were notes on the inclusion of facts, typographical edits, and written thoughts on factual statements).

*Plaintiff's Substantial Need for Certain Documents*

Regardless of the Privilege Log's deficiencies, and questions regarding the validity of the County's claims, Plaintiff asserts that he is entitled to certain withheld documents based on the substantial need for certain documents in order to litigate his claims.

With respect to work product in police misconduct cases, courts in the Second Circuit have regularly held that "plaintiffs have a substantial need to discover statements…made to prosecutors," and that there is often "no substantial equivalent" to the ADA notes of those statements. *See Abdell v. City of New York,* 2006 WL 2664313, at *7 (finding substantial need for witness statements and DA Data Sheets). Additionally, prosecutor's mental impressions from a prior criminal case should also be produced under circumstances like the ones here. *See Greene v. City of New York*, 2012 WL 5932676, at *10 (E.D.N.Y. 2012) (ordering production of handwritten attorney notes, despite that they were core work product, because they "go to the heart of plaintiff's claim of misidentification and contain information regarding the ADA's knowledge at the time…that may be relevant to plaintiff's case and for which plaintiff has shown substantial need."). Moreover, investigative documents must be produced where "ADA Defendants['] behavior during the investigation has been placed squarely at issue by Plaintiffs[']

2

claims, and documents generated in connection with the investigation are clearly relevant." *In re McRay, Richardson, Santana, Wise, & Salaam Litig.*, 2011 WL 5880994, at *5.

For these reasons, Plaintiff requests that the County produce all documents that Plaintiff has a substantial need for in order to prepare his case, as described above. These documents include, but are not limited to, all documents related to witness interviews (*see, e.g.,* COE003509-3510), and the 2018 reinvestigation memo dated September 11, 2018 (COE004758-4774).

Plaintiff requests a revised privilege log that remedies its deficiencies, and production of the documents requested, by August 5, 2022.

Sincerely,

/s/ Sona R. Shah
Sona R. Shah

*Counsel for Plaintiff Valentino Dixon*

cc:    Hugh M. Russ
       Peter Sahasrabudhe

3