UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINO DIXON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BUFFALO, *et al.*,<br><br>        Defendants. | No. 19-cv-01678 (WMS) (JJM) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

    I.    Mr. Dixon is wrongfully convicted and incarcerated for 27 years. ................................... 1

    II.    Mr. Sullivan does not comply with the proper subpoenas and related Court orders. ......... 2

LEGAL STANDARD .............................................................................................................. 4

    I.    The Court may hold a person in contempt under Rule 45 and its inherent authority. ........ 4

    II.    The Court had broad discretion to impose sanctions sufficient to coerce compliance with its orders, including incarceration. ............................................................................. 5

ARGUMENT ........................................................................................................................... 6

    I.    Plaintiff has established by clear and convincing evidence that Mr. Sullivan has not complied with the subpoenas and related court order. ......................................................... 6

        A.    The Court's order was clear and unambiguous. ........................................................... 6

        B.    Mr. Sullivan's proof of non-compliance is clear and convincing ............................... 7

        C.    Mr. Sullivan has not diligently attempted to comply with the Court's order and related subpoenas in a reasonable manner. ................................................................... 7

    II.    The Court should order Mr. Sullivan arrested. ................................................................... 8

CONCLUSION ........................................................................................................................ 9

## INTRODUCTION

Plaintiff Valentino Dixon spent 27 years incarcerated for a Buffalo, New York murder he did not commit before he was eventually exonerated in 2018. His § 1983 suit against the police and prosecutors whose misconduct caused his wrongful conviction, which was filed in 2019, has been frustrated because a critical third-party witness, John Sullivan, has repeatedly failed to comply with valid court orders and subpoenas compelling his testimony. Regrettably, Mr. Sullivan's repeated disobedience of court orders and subpoenas, including orders by this Court to appear at a deposition, indicates nothing short of coercive sanctions would suffice to enforce the Court's valid order. Plaintiff respectfully submits that the Court has ample basis to support a finding of contempt, and that the imposition of coercive sanctions—including Mr. Sullivan's arrest and detention until he attends a deposition—is necessary to compel compliance.

## BACKGROUND

### I. Mr. Dixon is wrongfully convicted and incarcerated for 27 years.

Plaintiff Valentino Dixon spent over 27 years wrongfully incarcerated for the 1991 murder of Torriano Jackson in Buffalo, New York, until a 2018 reinvestigation by the Erie County District Attorney's Office ("ECDAO") recognized his actual innocence. *See* Dkt. No. 1, ("Complaint") ¶¶ 1–2. A few days after the 1991 shooting that led to Torriano Jackson's death, the true shooter, Lamar Scott, confessed to the crime. *Id.* ¶ 10. Mr. Scott eventually pled guilty to the crime in 2018, after the ECDAO reinvestigation found Mr. Dixon to be innocent. *Id.*

Mr. Sullivan is a critical witness to Mr. Dixon's wrongful conviction case. Mr. Sullivan was present the night of the August 10, 1991 shooting and was shot by a stray bullet in the leg when Lamar Scott starting firing towards Torriano Jackson. *Id.* ¶ 69. Mr. Sullivan was taken to the hospital where he was interviewed by Defendant Buffalo Police Department ("BPD") officer John Vickerd. *Id.* Mr. Scott, who was six-feet tall and wearing black and white clothing, looked

1

remarkably different from Mr. Dixon, who was five-foot-seven and not wearing black and white clothing. *Id.* ¶ 73. Despite describing Lamar Scott and his clothing, according to Defendant Vickerd's report, Mr. Sullivan gave Vickerd Mr. Dixon's name. *Id.* ¶¶ 72–73. Later that afternoon, after Mr. Sullivan was released from the hospital, he gave a formal statement to Defendant BPD officer Raniero Massechia. *Id.* ¶ 80. Although Mr. Sullivan's initial description matched Lamar Scott, he again named Valentino Dixon as the shooter. *Id.* ¶¶ 80–81. Mr. Sullivan's identification was used as the sole basis to arrest Mr. Dixon, just twelve hours after the shooting. *Id.* ¶ 85; *see also* Dkt. No. 83-3 ("BPD Complaint").

## II. Mr. Sullivan does not comply with the proper subpoenas and related Court orders.

Plaintiff's investigator spent over two months searching for John Sullivan, who appears to not have stable housing, to serve him a subpoena to testify for a deposition. Dkt. No. 83-2, April 22, 2022 Affidavit of Nick Joel Brustin ¶ 3. On March 25, 2022, pursuant to Rule 45, Mr. Sullivan was served with the Subpoena to Testify at a Deposition in a Civil Action ("First Subpoena") at a gas station in Buffalo, New York at which he is known to frequent, along with a $40 witness fee check. Dkt. No. 83-4, Ex. B (Subpoena); Dkt. No. 83-5, Ex. C (Proof of Service); Dkt. No. 83-7, Ex. E (March 25, 2022 Email from Tony Olivo). The First Subpoena requested that Mr. Sullivan attend a deposition on April 8, 2022. Along with the First Subpoena, Mr. Dixon's counsel included a letter explaining that the federal subpoena requires his presence in the case and providing him with counsel's contact information to discuss logistics of the deposition. Dkt. No. 83-7, Ex. D (March 18, 2022 Letter to Sullivan).

Upon service of the First Subpoena, Mr. Sullivan indicated that he would get in touch with his attorney Herbert Greenman of Lipsitz, Green, Scime and Cambria and have his attorney reach out to Plaintiff's counsel. Dkt. No. 83-7, Ex. E (March 25, 2022 Email from Tony Olivo). Nick Brustin, attorney for Plaintiff, called Mr. Greenman twice before Mr. Sullivan's scheduled

deposition. Dkt. No. 83-2, April 22, 2022 Affidavit of Nick Joel Brustin ¶ 4. Mr. Greenman informed Mr. Brustin that he had represented Mr. Sullivan in a prior matter and that after Mr. Sullivan was served with the subpoena, Mr. Sullivan called Mr. Greenman regarding the deposition. Mr. Greenman agreed to help facilitate the deposition. Mr. Greenman called Mr. Sullivan at the number he believed that Mr. Sullivan provided, but it was a wrong number. *Id.* ¶ 4. On April 8, 2022, counsel for all parties appeared for the scheduled deposition in Buffalo, New York. Mr. Sullivan did not appear. *Id.* ¶ 6.

On May 19, 2022, Plaintiff filed a motion to compel Mr. Sullivan's appearance at a deposition under Rule 45, which was personally served on Mr. Sullivan on May 19, 2022. Dkt. No. 83-8 (Certificate of Service). On May 20, 2022, the Court then ordered a briefing schedule and asked that Plaintiff serve a copy of the text order upon Mr. Sullivan. Dkt. No. 84. Mr. Sullivan was personally served with the text order on May 31, 2022. Dkt. No. 85. Mr. Sullivan did not respond to the motion and on June 29, 2022, the Court granted Plaintiff's motion to compel his appearance at a deposition, specifying that: "Mr. Sullivan is ordered to appear for the next scheduled deposition in this case, and is cautioned that his unexcused failure to do so may result in him being held in contempt pursuant to Fed. R. Civ. P. 45(g)." Dkt. No. 87

On July 26, 2022, Mr. Sullivan was served with a subpoena for a deposition for September 13, 2022 ("Second Subpoena") and a copy of the Court's order compelling his deposition. *See* Declaration of Nick Brustin, Ex. A (Documents personally served on John Sullivan on July 26, 2022); Ex. B (Proof of Service). Plaintiff's investigator made several attempts to locate Mr. Sullivan, who is homeless, to remind him of the deposition, including on August 17 and 19 and September 6, 7, 9, and 12. *Id.,* Ex. C (Declaration of Tony Olivo) ¶ 3. Specifically, Plaintiff's investigator interviewed individuals at all known locations that Mr.

Sullivan is believed to frequent, as well as his neighbors at his last known residence. *Id.* ¶ 4. However, despite these efforts, Plaintiff's investigator was unable to locate him. *Id.* ¶ 3.

On September 13, 2022, counsel for all parties attended a deposition at 70 Niagara Street, Buffalo, New York, the location identified in the Second Subpoena. *See* Declaration of Nick Brustin ¶ 3. Mr. Sullivan did not appear at the deposition. *See id*.

## LEGAL STANDARD

### I. The Court may hold a person in contempt under Rule 45 and its inherent authority.

"Embedded in Anglo-American law is the inherent power of the judiciary to coerce obedience to its orders by summarily holding a recalcitrant person . . . in civil contempt, and then imprisoning him until he complies." *In re Martin-Trigona*, 732 F.2d 170, 174 (2d Cir. 1984) (quoting *In re Grand Jury Investigation (Braun)*, 600 F.2d 420, 422 (3d Cir.1979)). Accordingly, "[i]t is well-settled that federal courts have inherent power to punish contempt." *Loc. 807 Lab. Mgmt. Pension Fund v. City Elevator Corp.*, No. 19CV4688ENVCLP, 2021 WL 7906554, at *1 (E.D.N.Y. Sept. 17, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) and *Abrams v. Terry*, 45 F.3d 17, 23 (2d Cir. 1995)). In addition to the District Court's inherent authority,[1] Federal Rule of Civil Procedure 45 provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Indeed, the judicial power to hold a non-party who has failed to obey a

---

[1] Only the District Court may order contempt here. "While district courts have wide discretion in imposing sanctions for failure to comply with discovery orders . . . United States magistrate judges have limited civil contempt authority." *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*, No. 115CV09857PGGSDA, 2022 WL 1321386, at *2 (S.D.N.Y. May 3, 2022) (quoting *Funnekotter v. Republic of Zimbabwe*, No. 09-CV-08168 (CM) (THK), 2011 WL 5517860, at *2 (S.D.N.Y. Nov. 10, 2011). "In the absence of the parties' consent to a magistrate judge's exercising complete jurisdiction pursuant to 28 U.S.C. § 636(c), a magistrate judge can neither grant nor deny a motion for contempt." *Id.* (citing *Comverse, Inc. v. Am. Telecommunications, Inc. Chile S.A.*, No. 07-CV-11121 (PKL) (HBP), 2009 WL 464446, at *2 (S.D.N.Y. Feb. 24, 2009)).

4

valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." *Am. Precision Indus., Inc. v. Fed. Ins. Co.*, No. 14-CV-1050-RJA, 2018 WL 3422060, at *2–3 (W.D.N.Y. July 16, 2018) (quoting *Beare v. Millington*, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010). Furthermore, Local Rule 83.4 provides a mechanism and process for the Court to find a person in contempt. While the Court has multiple sources of authority for finding a person in contempt when failing to comply with a subpoena and related court orders, "[t]he Court need not choose between these sources of contempt power." *In re Gorsoan Ltd.*, No. 17-CV-5912 (RJS), 2020 WL 3172777, at *10 (S.D.N.Y. June 15, 2020) (citing *Chambers*, 501 U.S. at 50).

Regardless of the source of authority, "[a] court may hold a party in contempt 'if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.'" *Scalia v. Zetti's Maple, Inc.*, No. 20-MC-11 (JLS), 2021 WL 267652, at *2 (W.D.N.Y. Jan. 27, 2021) (quoting *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)).

II. **The Court had broad discretion to impose sanctions sufficient to coerce compliance with its orders, including incarceration.**

"Civil contempt sanctions 'have two purposes: to coerce compliance with a court order and to compensate a plaintiff." *Id.* (quoting *CBS Broad. Inc.*, 814 F.3d at 101 (citation omitted). "When 'the purpose is coercive, the district court has broad discretion to design a remedy that will bring about compliance.'" *Id.* (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*, 073 F.2d 53, 57 (2d Cir. 1982)). "Where the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Carrington v.*

5

*Graden*, No. 18 CIV. 4609 (KPF), 2021 WL 1087772, at *1 (S.D.N.Y. Feb. 8, 2021) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

As described above, "[i]t is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order was an option well within the district court's inherent authority." *Close-Up Int'l, Inc. v. Berov*, 474 F. App'x 790, 795 (2d Cir. 2012). "In this regard, the court may resort to incarceration as a coercive sanction for civil contempt, such that 'the contemnor is able to purge the contempt and obtain his release by committing an affirmative act.'" *Carrington*, 2021 WL 1087772, at *1 (quoting *Int'l Union Mine Worker of Am. v. Bagwell*, 512 U.S. 821, 828-29 (1994)).

## ARGUMENT

### I. Plaintiff has established by clear and convincing evidence that Mr. Sullivan has not complied with the subpoenas and related court order.

Mr. Dixon has established by clear and convincing evidence that Mr. Sullivan has failed to comply with the subpoenas and related Court orders. To demonstrate contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir.2003)).

#### A. The Court's order was clear and unambiguous.

"A clear and unambiguous order is one that 'leaves no uncertainty in the minds of those to whom [the order] is addressed.'" *Id.* at 143 (quoting *Perez*, 347 F.3d at 424). Here, the Court's Order, and the accompanying subpoenas, made clear that Mr. Sullivan's testimony was required in a federal lawsuit and the Court's order further clearly cautioned him that that failure to appear to a deposition may result in Mr. Sullivan being held in contempt. As the Court noted in its order

compelling Mr. Sullivan's testimony, Mr. Dixon issued a proper subpoena for an April 8, 2022 deposition, and Mr. Sullivan was properly served, but Mr. Sullivan refused to attend the deposition. Dkt. No. 87. In addition, Mr. Sullivan was properly served a subpoena for a deposition on July 26, 2022 and was also provided with a copy of the Court's order, in which he ordered to attend the deposition and further "cautioned that his unexcused failure to do so may result in him being held in contempt pursuant to Fed. R. Civ. P. 45(g)." *Id.* Despite the proper service and the Court's clear warning, Mr. Sullivan failed to attend the September 13, 2022 deposition.

### B. Mr. Sullivan's proof of non-compliance is clear and convincing

"Proof of noncompliance is 'clear and convincing' when the evidence demonstrates to a 'reasonable certainty' that a violation occurred." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175 (KMW), 2021 WL 3418475, at *5 (S.D.N.Y. Aug. 5, 2021) (citing *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)). Here, proof of Mr. Sullivan's non-compliance is clear: despite receiving the Court's order and related subpoenas, Mr. Sullivan did not show up to the Court-ordered deposition.

### C. Mr. Sullivan has not diligently attempted to comply with the Court's order and related subpoenas in a reasonable manner.

A party should not be held in contempt where he "acts based on what appears to be 'a good faith and reasonable interpretation of [the court's order].'" *Chevron Corp. v. Donziger*, No. 11CIV0691LAKRWL, 2020 WL 8461584, at *8 (S.D.N.Y. Jan. 27, 2020) (quoting *Medina v. Buther*, No. 15-CV-1955(LAP), 2019 WL 581270, at *25 (S.D.N.Y. Feb. 13, 2019)). A party "is not reasonably diligent, however, when they ignore a court order." *Id.* (quoting *Medina*, 2019 WL 581270 at *25). Crucially, "[i]t need not be established that the violation was willful." *Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, No. 1:18-CV-0544-JJM, 2022 WL

7

3025463, at *1 (W.D.N.Y. Aug. 1, 2022) (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004)); *see also Consumer Fin. Prot. Bureau v. MacKinnon*, No. 16-CV-880G(SR), 2021 WL 4461695, at *4 (W.D.N.Y. Sept. 29, 2021) ("The Court is not required to find that the violation of the order was willful.").

Here, it is clear that Mr. Sullivan "has not diligently attempted to comply in a reasonable manner." *Gucci Am., Inc.*, 768 F.3d at 142. Again, despite receiving the Court's order and related subpoenas, Mr. Sullivan did not show up to the Court-ordered deposition. Accordingly, Plaintiff has established by clear and convincing evidence that Mr. Sullivan has violated the proper subpoenas and related Court order. *See Perez v. Walmart Inc.*, No. 21-CV-04522 (JMW), 2022 WL 4329769, at *2 (E.D.N.Y. Sept. 19, 2022) (holding a non-party in contempt for refusing to show up to Court-ordered deposition).

**II.   The Court should order Mr. Sullivan arrested.**

Given Mr. Sullivan's consistent failure to comply with the Court's order and proper subpoenas, Plaintiff respectfully submits that the there is ample basis for the Court to find that Mr. Sullivan is in contempt, and that the only way to obtain compliance with the Court's order would be if Mr. Sullivan were ordered detained until he either sits for a deposition or agrees that he will voluntarily appear at a scheduled deposition. *See Close-Up Int'l, Inc.*, 474 F. App'x at 795 (noting that the Court may order coercive incarceration after a finding of contempt). As such, Plaintiff respectfully requests that the Court hold Mr. Sullivan in contempt and order that he be arrested and detained until either he sits for a deposition or he commits to voluntarily appearing at a deposition when it can be scheduled. Because Mr. Sullivan is increasingly difficult to locate and serve, in order to accelerate the contempt process, Plaintiff respectfully requests

that instead of ordering Plaintiff to serve Mr. Sullivan with another briefing schedule, the Court instead order a contempt hearing.

## CONCLUSION

Plaintiff has established by clear and convincing evidence that Mr. Sullivan has violated proper subpoenas and related Court orders. The Court should hold Mr. Sullivan in contempt and order him to be detained until he either has a deposition or agrees to voluntarily agree a deposition when it is ordered.

Dated: October 18, 2022
New York, New York

/s/ Nick Joel Brustin

Nick Joel Brustin
Anna Benvenutti Hoffmann
Mary Katherine McCarthy
Sona Shah
Gerardo Romo

NEUFELD SCHECK & BRUSTIN LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
T: (212) 965-9081

Donald M. Thompson
EASTON THOMPSON KASPEREK SHIFFRIN LLP
The Powers Building
16 West Main Street, Suite 243
Rochester, New York 14614
T: (585) 423-8290