# EXHIBIT A

DIXON v. THE STATE OF NEW YORK, # 2021-053-518, Claim No. 135327, Motion No. M-96236

## Synopsis

The State's motion to dismiss this Section 8-b claim is granted. The claimant did not establish that the accusatory instrument was dismissed in that one felony conviction remained.  In addition, claimant failed to demonstrate that he would be able to succeed with clear and convincing evidence that he did not commit any of the acts charged in the accusatory instrument.

## Case information

| | |
|---|---|
| UID: | 2021-053-518 |
| Claimant(s): | VALENTINO DIXON |
| Claimant short name: | DIXON |
| Footnote (claimant name) : | |
| Defendant(s): | THE STATE OF NEW YORK |
| Footnote (defendant name) : | |
| Third-party claimant(s): | |
| Third-party defendant(s): | |
| Claim number(s): | 135327 |
| Motion number(s): | M-96236 |
| Cross-motion number(s): | |
| Judge: | J. DAVID SAMPSON |
| Claimant's attorney: | NEUFELD, SCHECK & BRUSTIN, LLP<br>BY: Mary K. McCarthy, Esq.<br>Nick Brustin, Esq.<br>Anna Benvenutti Hoffman, Esq.<br>EASTON THOMPSON KASPEREK SHIFFRIN<br>BY: Donald Thompson, Esq. |
| Defendant's attorney: | HON. LETITIA JAMES<br>New York State Attorney General<br>BY: Carlton K. Brownell, III, Esq.<br>Assistant Attorney General |
| Third-party defendant's attorney: | |
| Signature date: | April 16, 2021 |
| City: | Buffalo |
| Comments: | |
| Official citation: | |
| Appellate results: | |
| See also (multicaptioned case) | |

## Decision

Claimant Valentino Dixon was wrongfully convicted of murder, attempted murder and assault arising out of the shooting death of Torriano Jackson and the wounding of two others on August 10, 1991. On September 19, 2018, the convictions were vacated by the Hon. Susan M. Eagan, Erie County Court Judge on the grounds of newly discovered evidence after the Erie County District Attorney had conducted a comprehensive conviction integrity investigation. Claimant was continuously incarcerated from June 8, 1992 until September 19, 2018. On September 15, 2020, a claim was filed with the Clerk of the Court of Claims and then served on the Office of the Attorney General of the State of New York (OAG) alleging a cause of action pursuant to Court of Claims Act §

8-b (Section 8-b). The State of New York now moves to dismiss the claim pursuant to CPLR § 3211 in lieu of an answer alleging that the claim fails to state a cause of action. Claimant objects to this motion.

The claimant was indicted and convicted of murder in the second degree, attempted murder in the second degree, assault in the second degree, assault and criminal possession of a weapon in the second degree, all arising from a shooting on August 10, 1991 that resulted in the death of Torriano Jackson, and seriously injured his brother, Aaron Jackson and a bystander, John Sullivan. Mr. Dixon was sentenced to serve 25 years to life for second degree murder, 8 1/3 to 25 years for attempted second degree murder, 5 to 15 years on the criminal possession of a weapon in the second degree and one year for the assault.

The 2018 reinvestigation by the Erie County District Attorney's Office revealed that in the early morning hours of August 10, 1991, claimant had placed a loaded TEC-9 machine gun into his vehicle, picked up Lamar Scott[1] and drove him to the area of Bailey and East Delavan Avenues in the City of Buffalo where there had been an earlier dispute. When a fight broke out, Mr. Scott and not the claimant retrieved the machine gun and opened fire, causing the death of Torriano Jackson and serious physical injury to Aaron Jackson and wounding John Sullivan. As a result of this reinvestigation, the Erie County District Attorney consented to dismissal of the charges to three of the four felonies based on the newly discovered evidence. Judge Eagan granted claimant's motion to vacate the convictions on the three felonies but specifically let stand the conviction for criminal possession of a weapon in the second degree. In addition, as Judge Eagan had determined that claimant had satisfied the sentence of 5 to 15 years relating to his conviction for criminal possession of a weapon in the second degree, he was released on that date (Exhibit D).

The claim alleges that claimant was wrongfully convicted of three felonies, namely, murder, attempted murder and assault. The claim further alleges that the indictment (Exhibit A), the verdict (Exhibit B), the sentence and commitment (Exhibit C), the vacatur transcript (Exhibit D) and the vacatur order (Exhibit E) demonstrate that claimant has met the requirements of Section 8-b (3), in that he did not shoot anyone and did not participate in the fight that led to the killing of Torriano Jackson and did not by his own conduct cause or bring about his conviction. The State alleges in this motion that the claim fails to state a cause of action and that there is no jurisdiction to hear this Section 8-b claim because the claimant has not met the threshold requirement to plead that the entire judgment of conviction was vacated and the entire accusatory instrument dismissed.

LAW AND ANALYSIS

The Unjust Conviction and Imprisonment Act provides that innocent persons who demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned may recover damages against the State (Section 8-b [1]). In a wrongful conviction claim pursuant to this statute, the claimant must establish by documentary evidence that he was convicted of one or more felonies or misdemeanors and subsequently sentenced to a term of imprisonment; served all or any part of that sentence; the judgment of conviction was then reversed or vacated; and the accusatory instrument was dismissed (Section 8-b [3]). In addition, it is required that a verified claim state facts in sufficient detail so as to permit the court to find that claimant is likely to succeed at trial in proving that he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state; and that he did not by his own conduct cause or bring about his conviction. In addition, if the court finds after reading the claim that claimant is not likely to succeed at trial, the statute provides that the court shall dismiss the claim, either on its own motion or on the motion of the State (Section 8-b [4]).

In a motion to dismiss brought pursuant to CPLR § 3211, the court must "accept the facts as alleged in the [claim] as true" (*Warney v State of New York,* 16 NY3d 428 [2011], *citing Leon v Martinez,* 84 NY2d 83, 87 [1994]). In a motion seeking to dismiss a Section 8-b claim, the court is to determine whether the allegations in the claim are sufficiently detailed and if accepted as true, whether these allegations clearly and convincingly establish the elements of the claim (*Warney, supra* at 435, Section 8-b [4]). And in evaluating the likelihood of success at trial, "[i]n the absence of serious flaws in a ... statement of facts, the weighing of the evidence is more appropriately a function to be exercised at the actual trial" (*Warney, supra* at 435, *quoting Dozier v State of New York,* 134 AD2d 759, 761 [3d Dept 1987]).

The claim at paragraph 61 alleges that claimant was wrongfully convicted of three felonies, "second-degree murder (Penal Law § 125.25[1]); attempted second-degree murder (Penal Law §§ 110/125.25 [1]); and assault (Penal Law § 120.00 [2])." The claim is silent as to the remaining felony in the accusatory instrument, that being claimant's conviction for criminal possession of a weapon in the second degree for which he was sentenced to 5 to 15 years (Exhibits A, B and C). The State argues that claimant cannot meet the requirement of Section 8-b (4)

(a) that he did not commit all of the acts charged in the accusatory instrument as the indictment (Exhibit A), the verdict transcript (Exhibit B), the sentence and commitment (Exhibit C) and the vacatur transcript (Exhibit D) all include the felony of criminal possession of a weapon in the second degree and this conviction was not vacated.

The vacatur transcript specifically states that the People opposed the motion to vacate the criminal possession of a weapon in the second degree charge. In support, Assistant District Attorney David A. Heraty averred in his affidavit at paragraph 14 that:

"The People's investigation revealed, conclusively, that [claimant] placed a loaded Tec-9 Machine gun into his car, picked up Lamar Scott, and drove him to Mario Jarmon's house, which was about eight houses from the murder scene. This was established by the statement of Lamar Scott, Mario Jarmon's original statement to the police, the results of [claimant's] polygraph examination and [claimant's] own admissions. In other words, [claimant] drove both the murder weapon and the murderer to the scene. Additionally, Lamar Scott's statement demonstrates that [claimant's] intent was to use the weapon unlawfully against another. As such, [claimant] was properly convicted of criminal possession of a weapon in the second degree" (Exhibit 1 at p.5).

In response, during oral argument of the motion to vacate claimant's convictions pursuant to Criminal Procedure Law 440.10, defense counsel to claimant then acknowledged that they were "specifically withdrawing that portion of the motion seeking to vacate his conviction for criminal possession of a weapon in the second degree, and joining with the prosecution to request that the Court vacate his conviction for murder in the second degree, attempted murder in the second degree, and assault in the third degree" (Exhibit D at p. 4). In granting the motion to vacate the convictions for these three felonies, Judge Eagan reiterated that "[y]our conviction for criminal possession of a weapon in the second degree will stand" (Exhibit D at p. 4).

Claimant contends that the criminal possession of a weapon charge was joined in the indictment based on the prosecution's theory at the time that these were all related crimes arising out of claimant's use of a gun to shoot Torriano Jackson. In this regard, the ninth count of the indictment charges that claimant "possessed a machine gun with intent to use same unlawfully against another, to wit: Torriano Jackson." Claimant argues that under the facts now known involving Lamar Scott that claimant could not properly be charged with criminal possession of a weapon in the second degree along with the three other felony charges. However, this contention ignores the conclusions by the Erie County District Attorney in its reinvestigation recited above that found that claimant was properly convicted of criminal possession of a weapon in the second degree in that claimant "drove both the murder weapon and the murderer to the scene" and it was claimant's intent to use the weapon unlawfully against another. This was accepted by claimant's defense counsel at the vacatur hearing and specifically recited on the record by Judge Eagan.

Claimant also contends that Section 8-b (3) does not require dismissal of the "entire" accusatory instrument and contemplates that in a multi-count indictment that only some of the charges need to be dismissed, citing as support the Court of Claims decision in *Pough v State of New York,* 153 Misc2d 490 (1992). However, the decision in *Pough* does not support this interpretation of Section 8-b (3) and in fact, states that the statute mandates that claimants "prove that they did not commit any of the acts charged in the accusatory instrument under which they were convicted" (*Pough, supra* at 493-494). This interpretation has been consistently followed by the courts, i.e., that one of the elements of a Section 8-b claim is that claimant must prove by clear and convincing evidence that "he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state" (*Chalmers v State of New York,* 246 AD2d 620 [2d Dept 1998], citing Section 8-b [5] [c]) and that the requirements of the statute are to be strictly construed (*Chalmers, supra* at 620-621; *Jeanty v State of New York,* 175 AD3d 1073 [4th Dept 2019]).

Finally, claimant contends that their interpretation of Section 8-b has been upheld in the decision of the Appellate Division, Third Department in *Jones v State of New York,* 167 AD3d 1365 [3d Dept 2018]. The Court disagrees. In *Jones* and the companion decision in *Dukes v State of New York,* 167 AD3d 1360 (3d Dept 2018), the two claimants had been charged in a multiple count indictment with crimes stemming from an October 4, 1996 robbery at the apartment of Erik Mitchell and the fatal shooting of Mr. Mitchell at his apartment on February 18, 1997. The two claimants were convicted of burglary and robbery from the October 1996 incident, as well as two counts of murder in the second degree from the February 1997 incident and sentenced to 37 ½ years to life. In 2014, another individual, Jeffrey Conrad was arrested and confessed to the murder of Mitchell, whereupon all of the claimants' convictions were vacated and the murder charges dismissed in the interest of justice. At the same proceeding, claimants pled guilty to a single count of robbery in the first degree and were sentenced to 7 to 14 years and having already served in excess of that term, Jones and Dukes were released. These claimants then

brought a Section 8-b claim and the Court of Claims granted the State's motion to dismiss on the basis that claimants could not meet the requirements of Section 8-b in light of the guilty plea to robbery. On appeal, claimants argued that the term "accusatory instrument" must be construed as applying only to the murder charges because they arose from an event that had no connection to the robbery (*Jones, supra* at 1366). In reversing the decision of the Court of Claims, the appellate court stated:

"Under the unique facts of this case, a literal interpretation of "accusatory instrument" would lead to an unreasonable result starkly at odds with the clearly-expressed intent of the statute by denying recovery to claimant--who is indisputably innocent of the murder for which he was wrongfully convicted and imprisoned--solely because the charges arising from events now known to be unrelated were joined in a single indictment. The charges arising from the two separate events were initially properly joined in a single indictment based on the prosecution's theory that Mitchell was killed in February 1997 in an attempt to intimidate witnesses to the October 1996 robbery (see CPL 200.20 [2] [b]). Notably, however, it is now undisputed that the events were unrelated because Conrad--who had no connection to the robbery or to claimant--has confessed to killing Mitchell" (*Jones, supra* at 1367).

The limiting nature of the *Jones* decision is based both on the fact that the robbery was a separate event that preceded the murder by about three months and that a robbery could not have been joined in a single accusatory instrument had all of the relevant facts of the murder been known at the time of indictment. In the present claim, the events pertaining to the criminal possession of a weapon in the second degree took place on the same date as the murder and it was determined that it was claimant Dixon who "placed a loaded Tec-9 Machine gun into his car, picked up Lamar Scott, and drove him to Mario Jarmon's house, which was about eight houses from the murder scene" and "drove both the murder weapon and the murderer to the scene. Additionally, Lamar Scott's statement demonstrates that [claimant's] intent was to use the weapon unlawfully against another" (Exhibit 1 at p. 5). To accept claimant's argument would expand the ruling in *Jones* beyond the limitation intended by the Legislature in enacting Section 8-b, that being to deny recovery to a claimant who committed any of the acts charged in the accusatory instrument related to the same event as the crime for which the claimant asserts he was wrongfully convicted (*Jones, supra* at 1367).

As a result, it is the finding of this Court that claimant has failed to establish by documentary evidence in accordance with Section 8-b (3) that the accusatory instrument was dismissed in that the felony conviction for criminal possession of a weapon in the second degree remained. It is also the finding of this Court that claimant has failed to state facts in sufficient detail to permit the court to find that claimant is likely to succeed in meeting his burden at trial by clear and convincing evidence in that he has not proven as required by Section 8-b (4) (a) that he did not commit any of the acts charged in the accusatory instrument. Accordingly, the State's motion to dismiss the claim is granted and the claim is dismissed with prejudice.

April 16, 2021

Buffalo, New York

J. DAVID SAMPSON

Judge of the Court of Claims

The following were read and considered by the Court:

1) Notice of motion and affirmation of Assistant Attorney General Carlton K. Brownell, III, Esq., dated November 24, 2020 with annexed Exhibits A-E;

2) Affirmation in opposition of Mary McCarthy, Esq., dated February 3, 2021 with annexed Exhibits 1-4; and

3) Reply affirmation of Assistant Attorney General Carlton K. Brownell, III, Esq., dated March 8, 2021

---

1. Lamar Scott is spelled several different ways in the exhibits attached by the parties to this motion. For consistency, the spelling of "Lamar" will be that utilized in the claim.

<& /claims/inclusions/footer.htm &>