# EXHIBIT C

**VALENTINO DIXON**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------
VALENTINO DIXON,

                Plaintiff,

    - vs -    Case No.
                1:19-cv-01678-WMS

CITY OF BUFFALO and COUNTY OF ERIE;
and DETECTIVE MARK R. STAMBACH,
DETECTIVE RANIERO MASECCHIA, DETECTIVE
JAMES P. LONERGAN, DETECTIVE JOHN VICKERD,
CHIEF RICHARD T. DONOVAN, JOHN DOES,
Unknown Buffalo Police Department Supervisors,
and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
BELLING, in their individual capacities,

                Defendants.
-------------------------------------------


      Examination before trial of **VALENTINO DIXON**, Plaintiff, taken pursuant to the Federal Rules of Civil Procedure, in the law offices of HODGSON RUSS LLP, The Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York, on June 7, 2022, commencing at 9:58 a.m., before LORI K. BECK, CSR, CM, Notary Public.

*JACK W. HUNT & ASSOCIATES, INC.*

```
 1  APPEARANCES:      NEUFELD SCHECK & BRUSTIN, LLP,
                     By NICK J. BRUSTIN, ESQ.,
 2                   nick@nsbcivilrights.com and
                     GERARDO ROMO, ESQ.,
 3                   gerardo@nsbcivilrights.com
                     99 Hudson Street,
 4                   8th Floor,
                     New York, New York  10013,
 5                   (212) 965-9081,
                         and
 6                   EASTON THOMPSON KASPEREK
                     SCHIFFRIN, LLP,
 7                   By DONALD M. THOMPSON, ESQ.,
                     16 West Main Street, Suite 243,
 8                   Rochester, New York  14614,
                     (585) 423-8290,
 9                   dmthompson@etksdefense.com,
                     Appearing for the Plaintiff.
10
                     HODGSON RUSS LLP,
11                   By HUGH M. RUSS, III, ESQ.,
                     hruss@hodgsonruss.com and
12                   PETER A. SAHASRABUDHE, ESQ.,
                     psahasra@hodgsonruss.com,
13                   The Guaranty Building,
                     140 Pearl Street, Suite 100,
14                   Buffalo, New York  14202,
                     (716) 856-4000,
15                   Appearing for the Defendants,
                     City of Buffalo; Detective
16                   Mark R. Stambach, Detective
                     Raniero Masecchia, Detective
17                   James P. Lonergan, Detective
                     John Vickerd, Chief Richard T.
18                   Donovan, and John Does, Unknown
                     Buffalo Police Department
19                   Supervisors.

20

21

22

23
```

3

1    LIPPES MATHIAS WEXLER FRIEDMAN LLP,
      By JENNIFER C. PERSICO, ESQ.,
2    50 Fountain Plaza, Suite 1700,
      Buffalo, New York  14202,
3    (716) 853-5100,
      jpersico@lippes.com,
4    Appearing for the Defendants,
      County of Erie and
5    Assistant District Attorney
      Christopher Belling.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

```
10:15:41  1         THE WITNESS:  That would not be true.
10:15:44  2         BY MS. PERSICO:
10:15:47  3             Q.  So if Mario Jarmon testified at the
10:15:51  4   Grand Jury that Lamarr came to his house on a bike
10:15:55  5   or a Moped, that would also be false.
10:15:58  6         MR. BRUSTIN:  Objection to form.
10:16:00  7         THE WITNESS:  I believe it would be false.
10:16:01  8         BY MS. PERSICO:
10:16:01  9             Q.  Well, he came with you in the car.
10:16:03 10             A.  Yes.
10:16:04 11             Q.  Okay.  So he didn't come on a bike.
10:16:06 12         MR. BRUSTIN:  Objection to form,
10:16:08 13   argumentive, asked and answered.
10:16:09 14         MS. PERSICO:  Mr. Brustin, if you're going
10:16:11 15   to make objections, please do, but as you know, the
10:16:14 16   rules -- you and I are both older, so the rules
10:16:17 17   used to be different, but there really are no
10:16:21 18   speaking objections.
10:16:22 19         MR. BRUSTIN:  I'm just stating the form
10:16:24 20   objection.
10:16:26 21         MS. PERSICO:  You can just say, "Objection,
10:16:27 22   form."  They're all preserved.  We know this,
10:16:30 23   right?
```

```
10:30:52   1            A.   Yes.
10:30:52   2            Q.   And your answer to that question was
10:30:55   3   no; is that correct?
10:30:56   4            A.   Yes.
10:30:57   5            Q.   That was not true, correct?
10:31:00   6            A.   That was not true.
10:31:01   7            Q.   On that same page, second from the
10:31:29   8   bottom -- second -- yes, second question from the
10:31:32   9   bottom, you were asked:  Do you know the people
10:31:33  10   that were doing the shooting?
10:31:35  11        Do you see that?
10:31:35  12            A.   Yes.
10:31:37  13            Q.   And you responded no; is that correct?
10:31:39  14            A.   Yes.
10:31:40  15            Q.   And that was not true.
10:31:43  16            A.   That was not true.
10:31:44  17            Q.   On the last page of the Exhibit, third
10:32:24  18   question from -- from the end, you were asked:
10:32:29  19        Is there anything else you can add that
10:32:32  20   would help me in this investigation?
10:32:34  21        Do you see that?
10:32:35  22            A.   Yes, I do.
10:32:37  23            Q.   And you answered:  Everything happened
```

Valentino Dixon - Ms. Persico - 06/07/2022

61

| | | | |
|---|---|---|---|
| 11:36:34 | 1 | A. | On the bicycle? |
| 11:36:35 | 2 | Q. | Yes. |
| 11:36:35 | 3 | A. | Yes, I see that. |
| 11:36:36 | 4 | Q. | Do you know who that is? |
| 11:36:38 | 5 | A. | I don't. |
| 11:36:38 | 6 | Q. | Okay. |
| 11:37:07 | 7 | | (Video played.) |
| 11:37:07 | 8 | **BY MS. PERSICO:** | |
| 11:37:08 | 9 | Q. | Okay. So we all had an opportunity to |
| 11:37:10 | 10 | watch that videotaped confession to the news, | |
| 11:37:14 | 11 | correct? You saw that as well, Mr. Dixon, right? | |
| 11:37:17 | 12 | A. | Yes. |
| 11:37:18 | 13 | Q. | And you -- you heard Lamarr say that he |
| 11:37:25 | 14 | went home to his house on Montana Street on his | |
| 11:37:31 | 15 | bike to get his Uzi. You heard that? | |
| 11:37:35 | 16 | A. | Yes. |
| 11:37:37 | 17 | Q. | That is not correct, right? |
| 11:37:39 | 18 | A. | Not to my understanding. |
| 11:37:40 | 19 | Q. | Okay. Because you brought him to Mario |
| 11:37:48 | 20 | Jarmon's with a TEC-9 in your car, right? | |
| 11:37:53 | 21 | A. | Yes. |
| 11:37:53 | 22 | Q. | ==Okay.== ==So his -- in the --== ==in the== |
| 11:37:55 | 23 | ==course of that confession that we just saw, Lamarr== | |

| | | |
|---|---|---|
| 11:38:01 | 1 | Scott did not truthfully relay the facts leading up |
| 11:38:03 | 2 | to the shooting of Torriano Jackson. |
| 11:38:07 | 3 | **MR. BRUSTIN:** Objection to form. |
| 11:38:08 | 4 | **THE WITNESS:** No, not to my understanding. |
| 11:38:11 | 5 | **BY MS. PERSICO:** |
| 11:38:11 | 6 | **Q.** Okay. And your -- your father was at |
| 11:38:13 | 7 | the -- at this confession scene with him; is that |
| 11:38:15 | 8 | right? |
| 11:38:15 | 9 | **MR. BRUSTIN:** Objection to form. |
| 11:38:17 | 10 | **THE WITNESS:** Yes, from what I seen. |
| 11:38:19 | 11 | **BY MS. PERSICO:** |
| 11:38:19 | 12 | **Q.** Okay. Do you know why that was? |
| 11:38:20 | 13 | **A.** I don't know. In fact, that's the |
| 11:38:23 | 14 | first time I ever saw that right there, you know. |
| 11:38:26 | 15 | **Q.** Okay. Did you -- so this -- this was |
| 11:38:33 | 16 | on August 12th, 1991, which is two days after you |
| 11:38:39 | 17 | were arrested, correct? |
| 11:38:40 | 18 | **A.** Correct. |
| 11:38:42 | 19 | **Q.** In between August 12th -- I'm sorry, |
| 11:38:45 | 20 | August 10th and August 12th, did you have |
| 11:38:50 | 21 | communications with your parents? |
| 11:38:54 | 22 | **A.** Yes. |
| 11:38:54 | 23 | **Q.** Okay. And what's the first |