# Exhibit K

## Excerpt of the Deposition of Mark Stambach, dated June 8, 2022

# In the Matter Of:

## VALENTINO DIXON vs CITY OF BUFFALO

1:19-cv-01678-WMS

# MARK R. STAMBACH

*June 08, 2022*



800.211.DEPO (3376)
EsquireSolutions.com

```
 1                        VIDEO DEPOSITION
                          MARK R. STAMBACH
 2

 3
     UNITED STATES DISTRICT COURT
 4   WESTERN DISTRICT OF NEW YORK

 5   -------------------------------------------
     VALENTINO DIXON,
 6
                              Plaintiff,
 7
                  - vs -      Case No.
 8                            1:19-cv-01678-WMS

 9   CITY OF BUFFALO and COUNTY OF ERIE;
     and DETECTIVE MARK R. STAMBACH,
10   DETECTIVE RANIERO MASECCHIA, DETECTIVE
     JAMES P. LONERGAN, DETECTIVE JOHN VICKERD,
11   CHIEF RICHARD T. DONOVAN, JOHN DOES,
     Unknown Buffalo Police Department Supervisors,
12   and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
     BELLING, in their individual capacities,
13
                              Defendants.
14   -------------------------------------------

15

16           Video recorded deposition of MARK R.

17   STAMBACH Defendant, taken pursuant to the Federal

18   Rules of Civil Procedure, in the law offices of

19   HARRINGTON & MAHONEY, 70 Niagara Street, Third

20   Floor, Buffalo, New York, on June 8, 2022,

21   commencing at 10:01 a.m., before LORI K. BECK, CSR,

22   CM, Notary Public.

23

24

25
```



```
 1   APPEARANCES:      NEUFELD SCHECK & BRUSTIN, LLP,
                       By NICK BRUSTIN, ESQ.,
 2                     nick@nsbcivilrights.com,
                       GERARDO ROMO, ESQ.,
 3                     gerardo@nsbcivilrights.com,
                       99 Hudson Street,
 4                     8th Floor,
                       New York, New York  10013,
 5                     (212) 965-9081,
                            and
 6                     EASTON THOMPSON KASPEREK
                       SCHIFFRIN, LLP,
 7                     By DONALD M. THOMPSON, ESQ.,
                       16 West Main Street, Suite 243,
 8                     Rochester, New York  14614,
                       (585) 423-8290,
 9                     dmthompson@etksdefense.com,
                       Appearing for the Plaintiff,
10                     via Zoom.

11                     HODGSON RUSS LLP,
                       By HUGH M. RUSS, III, ESQ.,
12                     hruss@hodgsonruss.com and
                       PETER A. SAHASRABUDHE, ESQ.,
13                     psahasra@hodgsonruss.com,
                       The Guaranty Building,
14                     140 Pearl Street, Suite 100,
                       Buffalo, New York  14202,
15                     (716) 856-4000,
                       Appearing for the Defendants,
16                     City of Buffalo; Detective
                       Mark R. Stambach, Detective
17                     Raniero Masecchia, Detective
                       James P. Lonergan, Detective
18                     John Vickerd, Chief Richard T.
                       Donovan, and John Does, Unknown
19                     Buffalo Police Department
                       Supervisors.
20

21

22

23

24

25
```



```
 1                         LIPPES MATHIAS WEXLER FRIEDMAN LLP,
                           By JAMES P. BLENK, ESQ.,
 2                         50 Fountain Plaza, Suite 1700,
                           Buffalo, New York  14202,
 3                         (716) 853-5100,
                           jblenk@lippes.com,
 4                         Appearing for the Defendants,
                           County of Erie and
 5                         Assistant District Attorney
                           Christopher Belling.
 6
     PRESENT               SONA R. SHAH, ESQ.,
 7   VIA ZOOM:             GRACE PARAS, ESQ.,
                           AKOSUA OPONG-WIREDU, ESQ.
 8                         Neufeld Scheck & Brustin, LLP

 9                         TYLER Z. RAHNER, Videographer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1       A.   You're correct.
 2       Q.   And you've also told us that you
 3  recognized even further, when you interviewed
 4  Lamarr Scott, that in many respects, the
 5  description Emil Adams gave matched Lamarr Scott,
 6  correct?
 7       A.   Correct.
 8       Q.   And you were in the best position to
 9  make those observations of all of the detectives on
10  the case, correct?
11       MR. RUSS:  Objection to form.  You may
12  answer.
13       THE WITNESS:  I would have an opinion on it,
14  yes.
15       BY MR. BLENK:
16       Q.   All right.  And as you sit here today,
17  you have no recollection of raising that issue with
18  DA Belling, correct?
19       MR. RUSS:  Objection to form.  You may
20  answer.
21       THE WITNESS:  I don't remember.
22       BY MR. BRUSTIN:
23       Q.   Fair to say that to the best of your
24  recollection, you never discussed that with DA
25  Belling.
```



```
 1        A.    I don't remember.
 2        Q.    You certainly have no memory of doing
 3   it, correct?
 4        A.    I don't remember.
 5        Q.    Okay.
 6        MR. BRUSTIN:  I think now is a good time for
 7   a lunch break.
 8             (A luncheon recess was then taken at
 9   1:08 p.m.)
10             (On the record: 2:07 p.m.)
11        BY MR. BRUSTIN:
12        Q.    Okay.  Detective Stambach, you've
13   already told us that you were responsible for Emil
14   Adams during the early morning hours of the night
15   of the shooting, the morning after the shooting,
16   correct?
17        A.    Yes, sir.
18        Q.    And at all times, he was segregated in
19   the homicide office, correct?
20        A.    That's correct.
21        Q.    And at all times, you had eyes on him
22   during those hours when you were interviewing him
23   and when he was shown photo arrays, correct?
24        A.    No, I would say when he was discharged
25   from either the photo array or the sworn statement,
```



```
 1  STATE OF NEW YORK)
 2                  ss:
 3  COUNTY OF ERIE  )
 4
 5       I DO HEREBY CERTIFY as a Notary Public in and
 6  for the State of New York, that I did attend and
 7  report the foregoing deposition, which was taken
 8  down by me in a verbatim manner by means of machine
 9  shorthand.  Further, that the deposition was then
10  reduced to writing in my presence and under my
11  direction.  That the deposition was taken to be
12  used in the foregoing entitled action.  That the
13  said deponent, before examination, was duly sworn
14  to testify to the truth, the whole truth and
15  nothing but the truth, relative to said action.
```

_____
LORI K. BECK, CSR, CM,
Notary Public.

