UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALENTINO DIXON,

       Plaintiff,                            Civil Action No. 19-cv-01678

    v.

CITY OF BUFFALO, et al.,

       Defendants.
_____

## SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**LIPPES MATHIAS LLP**
Jennifer C. Persico
James P. Blenk
*Attorneys for Defendants, County of Erie and Assistant District Attorney Christopher Belling*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
jblenk@lippes.com

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

INTRODUCTION ........................................................................................................................1

LEGAL STANDARD ...................................................................................................................1

I.   MOST OF THE DOCUMENTS SOUGHT BY THE PLAINTIFF ARE CORE
     WORK PRODUCT. ..........................................................................................................4

CONCLUSION ..............................................................................................................................5

## INTRODUCTION

In this motion, the Plaintiff seeks the production of sixteen (16) groups documents that were withheld by the County of Erie and Christopher Belling (the "County Defendants") in this litigation. (P's Mem. of L. (Doc. 99-1), p. 4-5.) In the hearing of Plaintiff's motion on November 22, 2022, this Court directed additional briefing on the issue of core work product in the documents sought by Plaintiff. (Doc. 109-110.) As more fully detailed below and in the accompanying attachments, the vast majority of the documents sought by the Plaintiff constitute core work product.

## LEGAL STANDARD

The attorney work product doctrine set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure provides qualified protection for materials prepared by, or at the behest of, the counsel in anticipation of litigation or for trial. *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003); F.R.C.P. 26(b)(3). This is a privilege, distinct from, and broader than the attorney-client privilege. *Id.*; *following United States v. Nobles,* 422 U.S. 225, 238, 95 S. Ct. 2160, 2170, 45 L. Ed. 2d 141 (1975); *see also Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947). "When evaluating whether to order disclosure of work product, courts have consistently distinguished between primarily factual work product and "core" [opinion] work product." *Klosin v. E.I. du Pont de Nemours & Co.*, 561 F. Supp. 3d 343, 349 (W.D.N.Y. 2021). "[A]lthough factual work product is subject to disclosure once the required showings are made, core work product is entitled to more stringent protection, protection described by some courts as 'absolute' or 'near absolute.'" *Id.*; *quoting Crosby v. City of New York*, 269 F.R.D. 267, 277-78 (S.D.N.Y. 2010) (citations omitted). Even where a plaintiff demonstrates substantial need for attorney work product, such work product is protected from

1

disclosure if it contains the mental impressions, conclusions, or legal theories of an attorney or other representative of a party concerning the litigation. *Klosin*, at 349; *United States v. Adlman*, 134 F.3d 1194, 1198 (2d Cir. 1998). An attorney's protected thought processes include preparing legal theories, planning litigation strategies and trial tactics, and sifting through information. *Hickman*, at 511. The Second Circuit has adopted a "because of" test for work product, under which any document prepared " 'because of' existing or expected litigation" is protected from discovery under the work product doctrine. *Adlman*, at 1198.

Whether notes and memoranda created in connection with witness interviews constitute protected work product "is highly individualized ... and inevitably turns on the factual particulars of the case at bar." *Johnson v. Bryco Arms*, No. 02–CV–3029 (JBW), 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005). in *United States v. Jacques Dessange, Inc.*, a court found that attorney's notes produced during a government interview of her client for the purpose of determining the practicality of a cooperation agreement were core work product, and therefore protected from discovery, because they contained "flags" as to topics she wished to later discuss with her client. *United States v. Jacques Dessange, Inc.*, No. S2 99 CR 1182 DLC, 2000 WL 310345, at *3 (S.D.N.Y. Mar. 27, 2000). Note that reflect, by contrast, recitation of a witness statement "in a paraphrased, abbreviated form" may not constitute work product. *See In re John Doe Corp.*, 675 F.2d 482, 493 (2d Cir.1982) (finding that notes of employee interviews were factual work product).

Further, Courts within the Second Circuit have protected attorney notes taken both in preparation for, and during, a criminal trial underlying a current civil action. During the civil litigation regarding the matter of the highly publicized "Central Park Five" exonerees, the Court found that documents in the New York County District Attorney's privilege log which were

2

generated by Defendant ADAs in their prosecutorial capacity were (1) core work product and (2) not discoverable. *In re McRay, Richardson, Santana, Wise, & Salaam Litig.*, No. 03 CIV. 9685 DAB RLE, 2011 WL 5880994, at *6 (S.D.N.Y. Nov. 22, 2011), on reconsideration in part, No. 03 CIV. 9685 DAB RLE, 2012 WL 1450428 (S.D.N.Y. Apr. 26, 2012). In its finding, the Court reasoned:

> The remaining work product material is directly related to work completed by Defendant ADAs in their prosecutorial, rather than investigative, capacity. The documents include, for example, evaluations regarding the admissibility and discoverability of evidence, draft questions for direct and cross-examination, marked transcripts of testimony of various witnesses and Defendants, contemporaneous notes taken during trial, and legal research and analysis. The documents are only directly relevant to possible claims against the ADAs in their prosecutorial capacity, claims that Judge Batts has previously dismissed. Insofar as the documents are relevant to the subject matter of this action, the Court finds that the general relevance of the material is insufficient to overcome the heightened protections for core work product material. Accordingly, Plaintiffs motion to compel production of core work product material generated in Defendant ADAs' prosecutorial capacity is denied.

*Id*.

Finally, a court must parse the contents of each document. If a particular document contains some factual work product and some core work product, and the requesting party demonstrates substantial need for the former, the proper course is to order disclosure of "factual content—such as statements of ... witnesses—... but permit[ ] redaction of [counsels'] notations ... that constitute[ ] core work product." *Crosby*, 269 F.R.D. at 278. *Vasquez v. City of New York*, No. 10-CV-6277 JMF, 2014 WL 6356941, at *2 (S.D.N.Y. Nov. 14, 2014)

3

## I. MOST OF THE DOCUMENTS SOUGHT BY THE PLAINTIFF ARE CORE WORK PRODUCT.

For the Court's reference, the County Defendants have prepared Appendix A and B to assist the Court in its evaluation of the core versus non-core nature of the attorney materials sought by the Plaintiff.[1] As set forth at Appendix A, thirteen (13) of the sixteen (16) categories of documents sought by Plaintiff constitute core work product. At column seven (7) of the table, the County Defendants describe the basis for the core work product assertion.

Within the Confidential Memorandum regarding the Internal Investigation (COE4758-4774), the County Defendants recognize that certain (i) narrative description of investigatory steps and (ii) verbatim transcription of witness statements are not core work product. To assist the Court's review, the County Defendants have highlighted the portions of the transcript for which the Plaintiff does not assert a core privilege at Appendix B, which is served *in camera*.

In addition, the County Defendants note that one witness participated in the reinvestigation only upon assurance that his or her cooperation would never be made public. (Confidential Memorandum, Appx. B, pp. 9-10.) This witness' involvement in the reinvestigation should never be disclosed whether or not portions of the report relevant to him/her are core or non-core work product.[2]

---

[1] The County Defendants do not concede that the documents contain information that is sufficiently relevant and otherwise unobtainable to even overcome the "substantial need" standard for non-core work product. *See Klosin v. E.I. du Pont de Nemours & Co.*, 561 F. Supp. 3d 343, 361 (W.D.N.Y. 2021).

[2] Courts have long recognized that to promote cooperation by confidential informers, the fear of reprisal must be removed and that "the most effective protection from retaliation is the anonymity of the informer." *In re U.S.*, 565 F.2d 19, 22 (2d Cir. 1977); *quoting Wirtz v. Continental Finance & Loan Co.*, 326 F.2d 561, 563-64 (5th Cir. 1964). The burden of establishing the need for disclosure of a confidential witness is upon the party seeking it, and is not met by mere speculation that identification might possibly be of some assistance. *In re U.S.*, at 22; following *United States v. Prueitt*, 540 F.2d 995, 1004 (9th Cir. 1976), cert. denied, 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977).

More broadly, the County Defendants maintain that the disclosure of any portion of the reinvestigation memorandum will be a strong disincentive for district attorneys to conduct reinvestigations or for witnesses to engage in reinvestigations.

## CONCLUSION

Based on the foregoing, this Court should deny the Plaintiff's Motion to Compel.

Dated: December 2, 2022
      Buffalo, New York

Respectfully submitted,

**LIPPES MATHIAS LLP**

By:   */s/ James P. Blenk*
Jennifer C. Persico
James P. Blenk
*Attorneys for Defendants, County of Erie and Assistant District Attorney Christopher Belling in his individual capacity*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
jblenk@lippes.com