

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013

nsbcivilrights.com

December 2, 2022

**Via ECF**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

    Re: *Dixon v. City of Buffalo, et al.*, No. 19-cv-1678 (WMS)(JJM)

Dear Magistrate Judge McCarthy:

    Plaintiff submits this supplemental letter brief in response to the Court's request to address the disclosure of core work product, and in particular any mental impressions included in documents created in connection with the County's reinvestigation of Plaintiff Valentino Dixon's conviction. *See* Docket No. 110.

    The District Attorney's 2018 reinvestigation was the basis for its conclusion that Plaintiff Valentino Dixon did not shoot Torriano Jackson on August 10, 1991. In fact, Plaintiff was not part of the altercation that led to the shooting at all, and contemporaneous witness accounts accurately described Lamarr Scott (who looks distinctly different from Plaintiff) as the shooter. Lamarr Scott himself confessed to the crime only days later. Yet, during the original investigation, witnesses who originally described Lamarr Scott went on to misidentify Plaintiff as the shooter. At least two of these witnesses later admitted that this was due to police suggestion and other misconduct.

    The County is now trying to prevent Plaintiff from having access to key evidence—including statements from approximately 30 witnesses obtained in connection with the reinvestigation. This information is relevant to assessing how misidentifications of Plaintiff occurred, and establishing whether Defendants engaged in fabrication or coercion. Therefore, there is good reason for the Court to order production of the reinvestigation documents, including any mental impressions included therein.

    Courts in the Second Circuit have found that the "substantial need" standard for production of both core and factual work product is met in circumstances like the ones here. Even if this Court does not order production of any core work product, it should still order the production of any fact work product (such as witness statements), with redactions as appropriate

to protect mental impressions. Witness statements are crucial to each of Plaintiff's claims, and the consistency of witness statements over time is also important here. *See* Docket No. 99-1 ("Opening Mem.") at 6-7; Docket No. 108 ("Reply Mem.") at 3-5.

### I.   All factual work product should be produced due to Plaintiff's substantial need.

It is well-established that the County interviewed 30 witnesses as part of the reinvestigation, before concluding that Plaintiff was wrongfully convicted, including at least one key witness who is now deceased. The County has not produced the vast majority of these statements to Plaintiff. *See* Reply Mem. at 6. The value of these statements in connection with establishing Plaintiff's claims, including as possible impeachment evidence, is clear. Plaintiff has easily demonstrated substantial need for any factual work product, including witness statements provided in connection with both the initial investigation, and the reinvestigation.[1] *See Crosby v. City of New York*, 269 F.R.D. 267, 279–80 (S.D.N.Y. 2010) ("[L]ower courts have consistently treated witness statements as factual rather than opinion work product, even where those statements have been summarized by counsel… subject to disclosure on a demonstration by plaintiffs of substantial need and undue hardship."); *Abdell v. City of New York*, No. 05 CIV. 8453 KMK JCF, 2006 WL 2664313, at *6 (S.D.N.Y. Sept. 14, 2006) ("the statements of police officers and other witnesses-does not qualify for the greater protection accorded to core work product").[2]

Notably, at least one court in the Second Circuit recently ordered the production of an assistant district attorney's reinvestigation memo, finding that it did not qualify for work production protection at all. In *Jackson v. Nassau County*, the court observed that the reinvestigation memo at issue did not actually include any legal analysis. Instead, the memo discussed background information regarding the plaintiff's conviction including facts related to the murder and evidence introduced at trial, summarized testimony, and recounted witness interviews taken in connection with the reinvestigation. The memo also included a "Next Steps" section that queried whether certain information should have been disclosed under *Brady*. The court held that the memo was not subject to work product protection, finding that "documents containing only facts are unquestionably not privileged." *Jackson*, 340 F.R.D. 539, 546 (E.D.N.Y. 2022). The court went on to state, regarding the witness interviews, that "notes of factual interviews which are summaries and not verbatim transcripts, fall outside of any work product doctrine. This is true even if such interview notes are written by an attorney." *Id.*

---

[1]   While the County's claims are not limited to work product protection, Plaintiff explained the inapplicability of the deliberative process privilege in his reply. *See* Reply Mem. Section II. Additionally, the Supreme Court has held that the attorney-client privilege "does not protect disclosure of [] underlying facts…." *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981).

[2]   For any documents that share both factual and opinion work product, the opinion work product can be redacted prior to production. *See Abdell*, 2006 WL 2664313 at *7 (ordering production and allowing redaction of "residual notations ").

**II.   Disclosure of any mental impressions included in the documents at issue is necessary.**

Although disclosure of core work product requires a highly persuasive showing of need, that threshold is met here. The reinvestigation documents are essential because they set forth the the basis for Plaintiff's favorable termination. The arguments the County now makes in opposition to the disclosure of these documents, including disputing Plaintiff's innocence (Docket No. 104, Memorandum of Law in Opposition to Plaintiff's Motion to Compel, at 5-6), only further establish the information's importance. "[T]he prosecutor's files are discoverable to the extent that the documents 'go to the heart' of the litigation, even where the file reveals 'core' or 'opinion' work product containing the prosecutor's mental impressions, conclusions, opinions, or legal theories." *Galgano v. Cnty. of Putnam*, No. 16 CIV 3572 KMK PED, 2018 WL 11190663, at *1 (S.D.N.Y. June 29, 2018).

While it is impossible for Plaintiff to know exactly what information is included in all of the documents at issue, to the extent that any core work product discusses the initial investigation, Plaintiff has made the necessary highly persuasive showing of need. *See* Opening Mem. at 6-7; Reply Mem. at 3-5. That conclusion is supported by decisions from other courts in the Second Circuit that have ordered disclosure of core work product in cases just like this one. *See In re McRay*, 2011 WL 5880994, at *5 (ordering production of documents containing the defendant ADAs' thought processes, analyses, and recommendations because "the interests favoring disclosure of core work product related to the ADAs' involvement in the investigation outweigh any possible chilling effect that disclosure might have on attorney behavior."); *Greene v. City of New York*, No. 08 CV 243 RJD, 2012 WL 5932676, at *7 (E.D.N.Y. Nov. 27, 2012) (ordering disclosure of numerous handwritten notes, including those conveying trial strategy, opening statement preparation, and mental impressions related to strategies for approaching various witnesses).

Moreover, fundamental fairness requires that Plaintiff have access to the reinvestigation documents that were the basis for overturning his wrongful conviction. *See In re Grand Jury Proceedings,* 219 F.3d 175, 183 (2nd Cir.2000) ("a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim and then shield the underlying communications from scrutiny by the opposing party.").

**III.   Where the County has not met its burden to show protection from disclosure, this Court should order production.**

At the November 22nd argument on Plaintiff's motion, the Court noted some uncertainty regarding the County's privilege claims for certain documents it had reviewed *in camera*. The County has now had multiple opportunities to carry its burden of demonstrating it is entitled to protection, but has failed to do so. While it would be typical for a party avoiding disclosure to provide affidavits in support of its claims, the County chose not to do so. *See Nextg Networks, of NY, Inc. v. City of New York*, No. 03 CIV. 9672RMBJCF, 2005 WL 857433, at *2 (S.D.N.Y. Apr. 13, 2005) (granting motion to compel where privilege log was deficient and defendant "submitted no affidavit explaining the context in which any of the communications were made").

To the extent that any document is not clearly entitled to protection, the Court should order its production. *See Greene*, 2012 WL 5932676, at *8 ("It is not entirely clear who prepared these notes or the factual basis underlying the notes. Considering the time that has passed…and plaintiff's need for evidence concerning the broader context of the alleged misconduct, the Court finds that plaintiff has shown a substantial need….").

In addition, while Plaintiff understands that the Court is prioritizing its decision regarding the documents that have already been provided for *in camera* review, Plaintiff continues to believe that *in camera* review of all documents listed on the privilege log is necessary due to the severe deficiencies of the log itself.

For the foregoing reasons, Plaintiff requests that this Court order the County to produce all documents on the privilege log that relate to the 2018 reinvestigation, or at a minimum, those documents that reflect factual statements, with any necessary redactions.

Respectfully submitted,

/s/ Sona R. Shah
Sona R. Shah

*Counsel for Plaintiff Valentino Dixon*

cc:   All counsel of record