UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINO DIXON,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>CITY OF BUFFALO et al.,<br><br>　　　　　Defendants. | Civil Action No. 19-cv-01678 |

**STIPULATED SUPPLEMENTAL CONFIDENTIALITY AGREEMENT
AND [PROPOSED] ORDER**

**WHEREAS,** the parties have agreed to a Discovery Confidentiality Order (*see* Docket Nos. 30-2, 31) that governs this action;

**WHEREAS**, pursuant to the Court's Decision and Order (Docket No. 128), Defendant County of Erie produced a redacted version of the document bearing Bates stamps COE004758 – COE004774 (the "2018 Reinvestigation Memo") that includes redacted information pertaining to "Witness X", a witness who cooperated in the Erie County District Attorney's Office's reinvestigation into the murder of Torriano Jackson after assurances of confidentiality from agents and/or employees of the Erie County District Attorney's Office (the "Witness X information");

**WHEREAS,** the Court's Decision and Order proposes that the parties agree on a protective order to address Witness X's safety concerns (Decision and Order at 10);

**WHEREAS**, the parties have agreed to the following terms to govern the disclosure of all Witness X information in the 2018 Reinvestigation Memo:

　　**IT IS HEREBY ORDERED THAT:**

1

1. The County agrees to produce a copy of the 2018 Reinvestigation Memo that includes, in unredacted form, all Witness X information, provided that such information is produced on an "Attorneys' Eyes Only" basis.

2. Witness X information shall be reviewed only by the attorneys in this litigation, as well as their supervisors, secretaries, experts, investigators, paralegals, interns, and staff.

3. Each party receiving Witness X information will take steps to ensure that disclosure is strictly limited to persons so authorized in ¶ 2 of this Order and is maintained in a manner that prevents its use for purposes not authorized in this Order. All Witness X information, regardless of where it is contained, shall be kept in such a manner sufficient to protect its confidential nature and shall, at all times, be maintained in the utmost confidentiality.

4. The parties shall communicate the confidentiality requirements of this Agreement and Order to every person who is given access to Witness X information.

5. In these proceedings, any party may file a motion for leave to file under seal any submission which contains Witness X information consistent with the local rules and the Federal Rules of Civil Procedure.

6. A party may challenge the designation of Witness X information produced as "Attorneys' Eyes Only" by bringing the issue to the attention of the Court via telephone conference or a letter to the Court, provided, however, that the receiving party first made a good-faith attempt to resolve the dispute by conferring with the County. A good-faith effort must include ample notice, an opportunity to review the issue, a discussion between the parties, and a response in writing if necessary to protect the record therein. Unless and until the parties agree that information designated as "Attorneys' Eyes Only" is not entitled to the protections conferred

by such designation, or in the absence of agreement the Court so rules, said information shall be treated as such subject to this Order.

7. The provisions of the Agreement and Order are without prejudice to the right of any party to: (a) apply to the Court for a further confidentiality order relating to any Witness X information or relating to discovery in this litigation; (b) apply to the Court for an order removing the Attorneys' Eyes Only designation (subject to the procedure described in ¶ 6 above); and/or (c) apply to the Court for an order permitting use or disclosure of Witness X information during pretrial proceedings and/or hearings or at trial.

8. This Agreement and Order and the production of any Witness X information pursuant thereto are not intended as a waiver of any privilege or right. Further, this Agreement and Order is not intended to waive any objections that may be raised at the time of trial. This Agreement and Order is not intended to have any impact upon the admissibility of Witness X information at trial and each party hereto reserves all rights to challenge the competency, relevance, materiality, and admissibility of, and to object on any grounds to, the use of any Witness X information.

9. Any party may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.

10. Within 60 days after the termination of this Action, including all appeals, all copies of the 2018 Reinvestigation Memo shall be returned to the County's attorneys, or upon their consent, destroyed.  Notwithstanding this provision, counsel for the receiving party may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Witness X information, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose.

Any such copies that contain or constitute Witness X information shall remain subject to this Protective Order.

Dated: March 10, 2023

/s/ Sona R. Shah
Nick Joel Brustin
Mary Katherine McCarthy
Anna Benvenutti Hoffmann
Mary Katherine McCarthy
Sona R. Shah
Gerardo Romo
NEUFELD SCHECK & BRUSTIN LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
T: (212) 965-9081

Donald M. Thompson
EASTON THOMPSON KASPEREK SHIFFRIN LLP
The Powers Building
16 West Main Street, Suite 243
Rochester, New York 14614
T: (585) 423-8290

*Counsel for Plaintiff Valentino Dixon*

/s/ James P. Blenk
James P. Blenk
Jennifer C. Persico
Eric M. Soehnlein
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100

*Attorneys for Defendants, County of Erie and Assistant District Attorney Christopher Belling in his individual capacity*

/s/Peter A. Sahasrabudhe
Peter A. Sahasrabudhe
Hugh M. Russ III
HODGSON AND RUSS LLP
140 Pearl Street

        Buffalo, New York 14202
        T: (718) 848-1388

*Attorneys for Defendants City of Buffalo, Detective Mark R. Stambach, Detective Raniero Masecchia, Detective James P. Lonergan, Detective John Vickerd;Chief Richard T. Donovan, John Does, and Unknown Buffalo Police Department Supervisors*

DATED: _____ day of _____, 2023.

        **SO ORDERED:**

        _____
        **United States District Court Judge**

5