

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

June 27, 2023

**Via ECF**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re: *Dixon v. City of Buffalo et al*, Case No. 19-cv-01678 (WMS) (JJM)

Dear Judge McCarthy:

      Plaintiff submits this letter respectfully requesting that the Court allow Plaintiff to serve his Motion to Compel Michael Bland's testimony via mail to Mr. Bland's last known addresses pursuant to Rule 5 of the Federal Rules of Civil Procedure, by text message to the phone number that Plaintiff's counsel has previously used to contact Mr. Bland, and/or via email to his purported counsel, Mr. Mike D'Amico. At the telephonic conference on May 24, 2023, Plaintiff's counsel expressed the difficulties encountered thus far in personally serving Mr. Bland with a motion to compel his testimony at a deposition, despite their diligent efforts.[1] Plaintiff requested permission to serve Mr. Bland through alternative means, and the Court asked for case law on the matter. Plaintiff submits that there is ample authority permitting him to serve Mr. Bland via mail pursuant to Federal Rule 5.

      By way of background, since May 2023, Plaintiff has attempted to serve Mr. Bland at two different addresses and has been unable to locate him to personally serve him. Plaintiff's counsel and his investigator have spoken with Mr. Bland on the phone, and he has repeatedly expressed that: (1) he refuses to attend any deposition; (2) his last known address is his ex-girlfriend's house, where he no longer resides, and he will not provide a new address; and (3) any service should go to his attorney Mike D'Amico.

      Plaintiff's counsel has also spoken to Mr. D'Amico on multiple occasions. Mr. D'Amico has represented to counsel that he has not been retained to represent Mr. Bland in this matter and is therefore refusing to accept service on his behalf. Mr. D'Amico has been emailed a copy of the motion to compel twice, once on May 17, 2023, and again on June 15, 2023, after Mr. Bland again instructed Plaintiff to serve Mr. D'Amico. On June 15, 2023, Mr. D'Amico responded to

---

[1] As discussed in Plaintiff's motion to compel, which has yet to be filed, Mr. Bland was personally served with a subpoena on April 26, 2023.

the email with the motion to compel (*i.e.*, acknowledging receiving the email and its attachment) and again responded that he is not retained in this matter.

The Federal Rules are clear that personal service is *not* required in these circumstances: "Service of a subpoena is governed by Rule 45, and service of papers such as orders, motions, notices, pleadings, and other documents is governed by Rule 5." Fed. R. Civ. P. 4 advisory committee's notes to 1993 amendments. For this reason, courts have consistently held that "service of [a] Motion to Compel is governed by Fed. R. of Civ. P. 5, which already permits service by mail." *Emcyte Corp. v. Apex Biologix, LLC*, No. 22-MC-1091, 2021 WL 5507219, at *2 (C.D. Cal. Nov. 24, 2021) (noting that plaintiff's request to authorize alternative service of the motion to compel was "unnecessary" given Rule 5); *see also, e.g.*, *BBK Tobacco & Foods LLP D/B/A HBI Int'l v. Cent. Coast Agric., Inc.*, Case No. 21-MC-80189, 2021 WL 5507167, at *2-3 (N.D. Cal. Nov. 24, 2021) (finding a motion to compel compliance with subpoena was properly served on a nonparty in accordance with Rule 5 and stating "[s]ervice of written motions and discovery papers must . . . be properly served under Federal Rule of Civil Procedure 5"); *Sec. & Exch. Comm'n v. VTR, Inc.*, 410 F. Supp. 1309, 1313 & n.4–5 (D.D.C. 1975) (citing Rule 5 to hold that "by mailing the motion for an order adjudging VTR in contempt to its principal offices and to VTR's attorney of record, the SEC effectuated valid service on VTR"); *see also Evans v. Krook*, 20-CV-2474, 2022 WL 17176186, at *7 (D. Minn. Nov. 23, 2022) (finding Federal Rule 5 applicable to serving a motion to compel compliance with a subpoena).

Rule 5 expressly allows for service by "mailing [the motion] to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(B)(iii). Plaintiff is confident that sending the motion to Mr. Bland by text message to the phone number that Plaintiff has previously used to contact Mr. Bland, as well as by certified mail to his last known addresses will give Mr. Bland actual notice of the motion to compel. This is in addition to the general notice Mr. Bland already received when Plaintiff's counsel told him during a second phone conversation that Plaintiff was taking all the steps necessary to ensure his testimony, including compelling his testimony if required.

A recent decision by a sister court is particularly instructive here: in *United States v. Lax*, the plaintiff moved for an order authorizing alternate service of a deposition subpoena on a third-party witness "by email, text message, and mail to his last known address." No. 18-CV0-4061 (ILG)(PK), 2021 WL 2309815, *4 (E.D.N.Y. June 7, 2021). Although Rule 45—unlike Rule 5—requires personal service, the Court granted Plaintiff's request given the witness's prior noncompliance. *See id.; see also, e.g.*, *Kings v. Crown Plastering Corp.*, 170 F.R.D. 355, 355–56 (E.D.N.Y. 1997) (permitting service by hand to unidentified person at residence and by mail); *Sheet Metal Workers' Nat'l Pension Fund v. Rhb. Installations, Inc.*, 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (requiring "only delivery which reasonable ensures actual receipt by a witness"). After the witness failed to appear at his deposition, the court directed the plaintiff to serve a copy of the order compelling his testimony "by email and text message, as well as by mail to [the witness's] last known address." *Lax*, 2021 WL 2309815, *5. After the witness yet again failed to appear, the Court recommended he be held in contempt, and again authorized

service of that order "by all known email addresses, text message to any known phone numbers, and certified mail to his last known address." *Id.* at *5–6.

Plaintiff thus respectfully requests permission to serve his Motion to Compel Michael Bland's testimony by certified mail to Mr. Bland's to last known addresses pursuant to Federal Rule 5, as well as by text message to the phone number he has associated with Mr. Bland.[2]

Plaintiff thanks the Court for its attention to the matter.

Respectfully submitted,

/s/ Gerardo Romo_____
Gerardo Romo

*Counsel for Plaintiff*

cc: All Counsel (via ECF)
Mike D'Amico via email
mldamico@buffalodefenselaw.com

---

[2] Alternatively, and/or additionally, Plaintiff requests permission to serve Mr. Bland through his former counsel, Mr. D'Amico. In interpreting Federal Rule 4, courts have found that service may be affected by serving an attorney who represented a party in a different matter when "service by a traditional method is impracticable or even impossible." *Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, No. 22-CV-7197 (PAE)(SLC), 2023 WL 1996706, at *2 (S.D.N.Y. Jan. 27, 2023) (quotation omitted). As discussed in more detail in Plaintiff's motion to compel, which has yet to be filed, Mr. D'Amico has previously represented Mr. Bland—and Mr. Bland has stated that he wishes to be served through Mr. D'Amico here.