# EXHIBIT  2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
════════════════════════════════

**VALENTINO DIXON,**                            **ANSWER TO**
                                                 **COMPLAINT**
            **Plaintiff,**                     **WITH CROSS-CLAIM**

            **vs**.                                 **19-CV-01678**

**CITY OF BUFFALO, and COUNTY OF**       **CITY DEFENDANTS**
**ERIE; and DETECTIVE MARK R. STAMBACH,**   **DEMAND TRIAL**
**DETECTIVE RANIERO MASECCHIA,**           **BY JURY**
**DETECTIVE JAMES P. LONERGAN,**
**DETECTIVE JOHN VICKERD,**
**CHIEF RICHARD T. DONOVAN, JOHN DOES,**
**Unknown Buffalo Police Department Supervisors,**
**and ASSISTANT DISTRICT ATTORNEY**
**CHRISTOPHER BELLING, in their individual capacities,**

           **Defendants.**
════════════════════════════════

       Defendants, CITY OF BUFFALO, DETECTIVE MARK R. STAMBACH,

DETECTIVE RANIERO MASECCHIA, DETECTIVE JAMES P. LONERGAN,

DETECTIVE JOHN VICKERD, CHIEF RICHARD T. DONOVAN, JOHN DOES,

Unknown Buffalo Police Department Supervisors (collectively hereinafter "City

Defendants"), by their attorney, Maeve E. Huggins, Esq., Assistant Corporation Counsel,

*of counsel* to Corporation Counsel, Timothy A. Ball, Esq., as and for their Answer to the

Plaintiff's Complaint (Dkt. No. 1) in the above action, allege as follows, upon information

and belief:

## INTRODUCTION

1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of Plaintiff's Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of Plaintiff's Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3" of Plaintiff's Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "4" of Plaintiff's Complaint.

5.      Deny the allegations contained in paragraph "5" of Plaintiff's Complaint.

6.      Deny the allegations contained in paragraph "6" of Plaintiff's Complaint.

7.      Deny the allegations contained in paragraph "7" of Plaintiff's Complaint.

8.      Deny any allegations of the wrongful conduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "8" of Plaintiff's Complaint.

9.      Deny any allegations of the wrongful conduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "9" of Plaintiff's Complaint.

10.      Deny any allegations of the wrongful conduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "10" of Plaintiff's Complaint.

11.    Deny the allegations contained in paragraph "11" of Plaintiff's Complaint.

12.    Deny the allegations contained in paragraph "12" of Plaintiff's Complaint.

13.    Deny the allegations contained in paragraph "13" of Plaintiff's Complaint.

14.    Deny the allegations contained in paragraph "14" of Plaintiff's Complaint.

15.    Deny the allegations contained in paragraph "15" of Plaintiff's Complaint.

16.    Deny the allegations that the "City of Buffalo was on notice about these problems," deny any allegations of wrongful conduct, misconduct, or improper supervision, disciplinary procedures, or record keeping by or involving the City Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "16" of Plaintiff's Complaint, and defer all questions of law to the Court.

17.    Deny the allegations contained in paragraph "17" of Plaintiff's Complaint.

18.    Deny the allegations contained in paragraph "18" of Plaintiff's Complaint.

19.    Deny the allegations contained in paragraph "19" of Plaintiff's Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "20" of Plaintiff's Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of Plaintiff's Complaint.

22.    Deny the allegations contained in paragraph "22" of Plaintiff's Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "23" of Plaintiff's Complaint.

24. Deny any allegation that the City Defendants "coerced" Mr. Scott into "recanting his confession in the grand jury," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "24" of Plaintiff's Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Mr. Scott remained free to shoot another teenager in the face in 1993. He left his victim a quadriplegic for life," and deny all remaining allegations contained in paragraph "25" of Plaintiff's Complaint.

26. Deny any allegation that the City Defendants acted "illegally" to cause Plaintiff's conviction, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "26" of Plaintiff's Complaint, and defer all questions of law to the Court.

## JURISDICTION AND VENUE

27. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of Plaintiff's Complaint, and defer all questions of law to the Court.

28. Admit that the City of Buffalo received Plaintiff's purported Notice of Claim on or about December 18, 2018, deny knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations regarding service of a purported Notice of Claim upon co-defendants, the COUNTY OF ERIE and ASSISTANT DISTRICT

ATTORNEY CHRISTOPHER BELLING, and the remaining allegations contained in paragraph "28" of Plaintiff's Complaint, and defer all questions of law to the Court.

29.     Admit that an examination under oath pursuant to New York General Municipal Law §50-h of Plaintiff was conducted by the City of Buffalo on or about October 1, 2019, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations as to the co-defendants, the COUNTY OF ERIE and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING, contained in paragraph "29" of Plaintiff's Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "30" of Plaintiff's Complaint, and defer all questions of law to the Court.

**PARTIES**

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency, deny all remaining allegations contained in paragraph "31" of Plaintiff's Complaint, and defer all questions of law to the Court.

32.     Admit that the CITY OF BUFFALO is a municipal corporation existing under New York state law and that the Buffalo Police Department is an administrative arm of the CITY OF BUFFALO, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "32" of Plaintiff's Complaint, and defer all questions of law to the Court.

33.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of Plaintiff's Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "34" of Plaintiff's Complaint, and defer all questions of law to the Court.

35.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "35" of Plaintiff's Complaint, and defer all questions of law to the Court.

36.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "36" of Plaintiff's Complaint, and defer all questions of law to the Court.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "37" of Plaintiff's Complaint, and defer all questions of law to the Court.

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "38" of Plaintiff's Complaint, and defer all questions of law to the Court.

39.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "39" of Plaintiff's Complaint, and defer all questions of law to the Court.

40.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "40" of Plaintiff's Complaint, and defer all questions of law to the Court.

## FACTS

41.    Deny the allegations contained in paragraph "41" of Plaintiff's Complaint.

42.    Deny the allegations contained in paragraph "42" of Plaintiff's Complaint.

43.    Deny any allegations that the City Defendants committed any wrongful conduct, and deny knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph "43" of Plaintiff's Complaint.

44.    Deny the allegations contained in paragraph "44" of Plaintiff's Complaint.

45.    Deny the allegations contained in paragraph "45" of Plaintiff's Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Defendant Belling introduced the photo of the toy against Mr. Dixon in the eventual grand jury in this case," and deny all remaining allegations contained in paragraph "46" of Plaintiff's Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "47" of Plaintiff's Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "48" of Plaintiff's Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "49" of Plaintiff's Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "50" of Plaintiff's Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "51" of Plaintiff's Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "52" of Plaintiff's Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "53" of Plaintiff's Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "54" of Plaintiff's Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "55" of Plaintiff's Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "56" of Plaintiff's Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "57" of Plaintiff's Complaint.

58.     Deny the allegations contained in paragraph "58" of Plaintiff's Complaint.

59.     Deny the allegations that the City Defendants "fabricat[ed] the case against Mr. Dixon" and any allegation of wrongdoing or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "59" of Plaintiff's Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "60" of Plaintiff's Complaint.

61. Deny the allegations contained in paragraph "61" of Plaintiff's Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "62" of Plaintiff's Complaint.

63. Deny the allegations contained in paragraph "63" of Plaintiff's Complaint.

64. Deny the allegation that it was "[w]orse for [the] Defendants," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "64" of Plaintiff's Complaint.

65. Deny any allegation of wrongful conduct or misconduct on the part of Defendant Stambach, deny that Defendant Stambach "wanted Mr. Adams to claim that Mr. Dixon was the sole shooter, despite his initial description of the shooters," and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "65" of Plaintiff's Complaint.

66. Deny the allegations contained in paragraph "66" of Plaintiff's Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "67" of Plaintiff's Complaint.

68. Deny the allegations contained in paragraph "68" of Plaintiff's Complaint.

69. Deny any allegations of wrongful conduct or misconduct by Defendant Vickerd, deny the allegation that Defendant Vickerd travelled to "work on" John

Sullivan, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "69" of Plaintiff's Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "70" of Plaintiff's Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "71" of Plaintiff's Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "72" of Plaintiff's Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "73" of Plaintiff's Complaint.

74.     Deny the allegations contained in paragraph "74" of Plaintiff's Complaint.

75.     Deny the allegations contained in paragraph "75" of Plaintiff's Complaint.

76.     Deny any allegations of "coercion, pressure, or suggestion" by any of the City Defendants, deny any wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "76" of Plaintiff's Complaint.

77.     Deny the allegations contained in paragraph "77" of Plaintiff's Complaint.

78.     Deny the allegations contained in paragraph "78" of Plaintiff's Complaint.

79.     Deny the allegation that the City Defendants "intentionally stopped the practice of recording in the 1980s to avoid creating an accurate, verbatim record of interviews" and that a typed statement was created to give a "false impression," deny

any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "79" of Plaintiff's Complaint.

80. Deny the allegations contained in paragraph "80" of Plaintiff's Complaint.

81. Deny the allegations contained in paragraph "81" of Plaintiff's Complaint.

82. Deny the allegations contained in paragraph "82" of Plaintiff's Complaint.

83. Deny the allegations contained in paragraph "83" of Plaintiff's Complaint.

84. Deny the allegations contained in paragraph "84" of Plaintiff's Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the circumstances of Plaintiff's arrest, deny the allegation that Plaintiff's arrest was made without probable cause, and deny all remaining allegations contained in paragraph "85" of Plaintiff's Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "86" of Plaintiff's Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "87" of Plaintiff's Complaint.

88. Deny the allegations contained in paragraph "88" of Plaintiff's Complaint.

89. Deny the allegations contained in paragraph "89" of Plaintiff's Complaint.

90. Deny the allegations contained in paragraph "90" of Plaintiff's Complaint.

91. Deny the allegations contained in paragraph "91" of Plaintiff's Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "92" of Plaintiff's Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "93" of Plaintiff's Complaint.

94.     Deny the allegations contained in paragraph "94" of Plaintiff's Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding whether the convictions of Mr. Jarmon and Brown were vacated, and deny all remaining allegations contained in paragraph "95" of Plaintiff's Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "96" of Plaintiff's Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "97" of Plaintiff's Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "98" of Plaintiff's Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "99" of Plaintiff's Complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "100" of Plaintiff's Complaint.

101.     Deny the allegation that Defendant Stambach told Mr. Smith "We got who we want, get the hell out of here," deny any allegation of wrongful conduct or misconduct

by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "101" of Plaintiff's Complaint.

102.     Deny the allegation that Mr. Scott's "confession to the police fell on deaf ears," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "102" of Plaintiff's Complaint.

103.     Deny the allegations contained in paragraph "103" of Plaintiff's Complaint.

104.     Deny the allegations contained in paragraph "104" of Plaintiff's Complaint.

105.     Deny any allegations of wrongful conduct or misconduct by the City Defendants, deny the allegation that "Defendant Stambach and four other police officers had brutally beaten the son of a retired police officer," and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "105" of Plaintiff's Complaint.

106.     Deny the allegations contained in paragraph "106" of Plaintiff's Complaint.

107.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "107" of Plaintiff's Complaint.

108.     Deny any allegation of wrongful conduct or misconduct by the City Defendants, deny the allegation that Defendant Stambach threatened Mr. Scott, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "108" of Plaintiff's Complaint.

109.    Deny the allegations contained in paragraph "109" of Plaintiff's Complaint.

110.    Deny the allegations contained in paragraph "110" of Plaintiff's Complaint.

111.    Deny the allegations contained in paragraph "111" of Plaintiff's Complaint.

112.    Deny the allegations contained in paragraph "112" of Plaintiff's Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "113" of Plaintiff's Complaint.

114.    Deny the allegation that "Defendant Stambach improperly suggested that Mr. Dixon was the person who committed the shooting and that Mr. Jackson should select him as the shooter," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "114" of Plaintiff's Complaint.

115.    Deny the allegation that Mr. Jackson "based on Defendant Stambach's suggestion eventually selected Mr. Dixon 'as looking like the person' who shot his brother" and that "Mr. Jackson would not have selected Mr. Dixon at all without Defendant Stambach's improper suggestion," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "115" of Plaintiff's Complaint.

116.    Deny any allegation of "improper suggestion," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "116" of Plaintiff's Complaint.

117. Deny the allegations contained in paragraph "117" of Plaintiff's Complaint.

118. Deny the allegations contained in paragraph "118" of Plaintiff's Complaint.

119. Deny the allegation that the City Defendants "continued to reinforce the false identification of Mr. Dixon" in meetings with Mr. Jackson, deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "119" of Plaintiff's Complaint.

120. Deny any allegation of "suggestion" by the City Defendants, deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "120" of Plaintiff's Complaint.

121. Deny the allegations contained in paragraph "121" of Plaintiff's Complaint.

122. Deny the allegations contained in paragraph "122" of Plaintiff's Complaint.

123. Deny the allegations contained in paragraph "123" of Plaintiff's Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "124" of Plaintiff's Complaint.

125. Deny the allegation that Defendant Stambach "intentionally refused to take [Tamara Frida] up on her offer" to "look at pictures and make identifications of people who were" on scene, deny any allegation of wrongful conduct or misconduct by the City

- 15 -

Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "125" of Plaintiff's Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[t]he case was high profile and much of it was on the news - including one of Mr. Scott's confessions," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny the remaining allegations contained in paragraph "126" of Plaintiff's Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "127" of Plaintiff's Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "128" of Plaintiff's Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "129" of Plaintiff's Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[t]he prosecution presented no physical or forensic evidence specifically linking Mr. Dixon to the shooting," deny any allegations of wrongful conduct or misconduct by the City Defendants, including all allegations of "false identifications Defendants had fabricated or coerced," and deny all remaining allegations contained in paragraph "130" of Plaintiff's Complaint.

131.    Deny the allegations contained in paragraph "131" of Plaintiff's Complaint.

132.    Deny the allegations that Plaintiff's convictions "were based on the coerced, pressured, or suggested identifications by Mr. Sullivan, Mr. Jackson, and Mr. Adams, and it was secured on an indictment premised upon Mr. Scott's police manufactured perjured grand jury testimony," deny all allegations of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "132" of Plaintiff's Complaint.

133.    Deny the allegation of "Defendants' efforts to fabricate a case against Mr. Dixon," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "133" of Plaintiff's Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "134" of Plaintiff's Complaint.

135.    Deny the allegations contained in paragraph "135" of Plaintiff's Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "136" of Plaintiff's Complaint.

137.    Deny the allegation that Mr. Scott "had been forced to recant his truthful confession," deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "137" of Plaintiff's Complaint.

138.     Deny any allegation of wrongful conduct or misconduct by the City Defendants regarding Plaintiff's "wrongful conviction," and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "138" of Plaintiff's Complaint.

139.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "139" of Plaintiff's Complaint.

140.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "140" of Plaintiff's Complaint.

141.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "141" of Plaintiff's Complaint.

142.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "142" of Plaintiff's Complaint.

143.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "143" of Plaintiff's Complaint.

144.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "144" of Plaintiff's Complaint.

145.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "145" of Plaintiff's Complaint.

146.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "146" of Plaintiff's Complaint.

147.     Deny the allegations contained in paragraph "147" of Plaintiff's Complaint.

148.    Deny the allegations contained in paragraph "148" of Plaintiff's Complaint.

149.    Deny the allegations contained in paragraph "149" of Plaintiff's Complaint.

150.    Deny the allegations contained in paragraph "150" of Plaintiff's Complaint.

151.    Deny the allegations contained in paragraph "151" of Plaintiff's Complaint.

152.    Deny the allegations contained in paragraph "152" of Plaintiff's Complaint.

153.    Deny the allegations contained in paragraph "153" of Plaintiff's Complaint.

154.    Deny the allegations contained in paragraph "154" of Plaintiff's Complaint.

155.    Deny the allegations contained in paragraph "155" of Plaintiff's Complaint.

156.    Deny the allegations contained in paragraph "156" of Plaintiff's Complaint.

157.    Deny the allegations contained in paragraph "157" of Plaintiff's Complaint.

158.    Deny the allegations contained in paragraph "158" of Plaintiff's Complaint.

159.    Deny any allegations of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "159" of Plaintiff's Complaint.

160.    Deny the allegations contained in paragraph "160" of Plaintiff's Complaint.

161.    Deny the allegations contained in paragraph "161" of Plaintiff's Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the allegations regarding terms of settlements paid by the City of Buffalo, if any, deny any wrongful conduct or misconduct by the City Defendants, and deny the remaining allegations contained in paragraph "162" of Plaintiff's Complaint.

163.    Deny the allegations contained in paragraph "163" of Plaintiff's Complaint.

- 19 -

164.    Deny the allegations contained in paragraph "164" of Plaintiff's Complaint.

165.    Deny the allegations contained in paragraph "165" of Plaintiff's Complaint.

166.    Deny the allegations contained in paragraph "166" of Plaintiff's Complaint.

167.    Deny all allegations of wrongful conduct or misconduct by the City Defendants and Buffalo Police Department, deny the allegation that BPD detectives wrongfully arrested Anthony Capozzi and caused him to be convicted, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "167" of Plaintiff's Complaint.

168.    Deny the allegations contained in paragraph "168" of Plaintiff's Complaint.

169.    Deny any allegation of wrongful conduct or misconduct by the City Defendants, and deny knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "169" of Plaintiff's Complaint.

170.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Mr. Sachez went on to rape at least an additional seven women and murder three others," and deny all remaining allegations contained in paragraph "170" of Plaintiff's Complaint.

171.    Deny the allegations contained in paragraph "171" of Plaintiff's Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "172" of Plaintiff's Complaint.

173.    Deny the allegations contained in paragraph "173" of Plaintiff's Complaint.

174.    Deny the allegations contained in paragraph "174" of Plaintiff's Complaint.

175.    Deny the allegations contained in paragraph "175" of Plaintiff's Complaint.

176.    Deny the allegations contained in paragraph "176" of Plaintiff's Complaint.

177.    Deny any allegations of Constitutional violations committed by the Buffalo Police Department and its officers, deny any allegations of wrongful conduct or misconduct committed by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "177" of Plaintiff's Complaint.

178.    Deny any allegations of wrongful conduct or misconduct committed by the City Defendants regarding the conviction of Cory Epps, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "178" of Plaintiff's Complaint.

179.    Deny the allegations contained in paragraph "179" of Plaintiff's Complaint.

180.    Deny the allegations contained in paragraph "180" of Plaintiff's Complaint.

181.    Deny the allegations contained in paragraph "181" of Plaintiff's Complaint.

182.    Deny the allegations contained in paragraph "182" of Plaintiff's Complaint.

183.    Admit that a civil action filed by Cory Epps is pending in the Western District of New York, but deny any liability on the part of the City Defendants in connection with such action.

184.    Deny the allegations contained in paragraph "184" of Plaintiff's Complaint.

185.    Deny the allegations contained in paragraph "185" of Plaintiff's Complaint.

186.    Deny the allegations contained in paragraph "186" of Plaintiff's Complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "187" of Plaintiff's Complaint.

188.    Deny the allegations contained in paragraph "188" of Plaintiff's Complaint.

189.    Deny the allegations contained in paragraph "189" of Plaintiff's Complaint.

190.    Deny any allegation of wrongful conduct or misconduct committed by the City Defendants, deny any allegation of failures to train, supervise, and discipline officers and poor record keeping by the Buffalo Police Department, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "190" of Plaintiff's Complaint.

191.    Deny any allegation of wrongful conduct or misconduct committed by the City Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "191" of Plaintiff's Complaint.

192.    Deny the allegations contained in paragraph "192" of Plaintiff's Complaint.

193.    Deny the allegations contained in paragraph "193" of Plaintiff's Complaint.

194.    Deny the allegations contained in paragraph "194" of Plaintiff's Complaint.

195.    Deny the allegations contained in paragraph "195" of Plaintiff's Complaint.

196.    Deny the allegations contained in paragraph "196" of Plaintiff's Complaint.

197.    Deny the allegations contained in paragraph "197" of Plaintiff's Complaint.

198.    Deny the allegations contained in paragraph "198" of Plaintiff's Complaint.

199.    Deny the allegations contained in paragraph "199" of Plaintiff's Complaint.

200.    Deny the allegations contained in paragraph "200" of Plaintiff's Complaint.

201.    Deny the allegations contained in paragraph "201" of Plaintiff's Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "202" of Plaintiff's Complaint.

203.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph "203" of Plaintiff's Complaint.

204.    Deny the allegations contained in paragraph "204" of Plaintiff's Complaint.

205.    Deny the allegations contained in paragraph "205" of Plaintiff's Complaint.

206.    Deny the allegations contained in paragraph "206" of Plaintiff's Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "207" of Plaintiff's Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "208" of Plaintiff's Complaint.

209.    Deny the allegations contained in paragraph "209" of Plaintiff's Complaint.

210.    Deny the allegations contained in paragraph "210" of Plaintiff's Complaint.

211.    Deny the allegations contained in paragraph "211" of Plaintiff's Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "212" of Plaintiff's Complaint.

213.    Deny the allegations contained in paragraph "213" of Plaintiff's Complaint.

214.    Deny the allegations contained in paragraph "214" of Plaintiff's Complaint.

215.    Deny the allegations contained in paragraph "215" of Plaintiff's Complaint.

216.    Deny the allegations contained in paragraph "216" of Plaintiff's Complaint.

217.    Deny the allegations contained in paragraph "217" of Plaintiff's Complaint.

## DAMAGES

218.    Deny the allegations contained in paragraph "218" of Plaintiff's Complaint.

219.    Deny the allegations contained in paragraph "219" of Plaintiff's Complaint.

220.    Deny the allegations contained in paragraph "220" of Plaintiff's Complaint.

221.    Deny the allegations contained in paragraph "221" of Plaintiff's Complaint.

222.    Deny the allegations contained in paragraph "222" of Plaintiff's Complaint.

223.    Deny the allegations contained in paragraph "223" of Plaintiff's Complaint.

## CLAIMS

224.    With respect to the allegations in paragraph "224" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

225.    Deny the allegations contained in paragraph "225" of Plaintiff's Complaint.

226.    Deny the allegations contained in paragraph "226" of Plaintiff's Complaint.

227.    Deny the allegations contained in paragraph "227" of Plaintiff's Complaint.

228.    Deny the allegations contained in paragraph "228" of Plaintiff's Complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "229" of Plaintiff's Complaint.

230.    Deny the allegations contained in paragraph "230" of Plaintiff's Complaint.

231.     With respect to the allegations in paragraph "231" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

232.     Deny the allegations contained in paragraph "232" of Plaintiff's Complaint.

233.     Deny the allegations contained in paragraph "233" of Plaintiff's Complaint.

234.     Deny the allegations contained in paragraph "234" of Plaintiff's Complaint.

235.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "235" of Plaintiff's Complaint.

236.     With respect to the allegations in paragraph "236" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

237.     Deny the allegations contained in paragraph "237" of Plaintiff's Complaint.

238.     Deny the allegations contained in paragraph "238" of Plaintiff's Complaint.

239.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "239" of Plaintiff's Complaint.

240.     Deny the allegations contained in paragraph "240" of Plaintiff's Complaint.

241.     With respect to the allegations in paragraph "241" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

242.     Deny the allegations contained in paragraph "242" of Plaintiff's Complaint.

243.     Deny the allegations contained in paragraph "243" of Plaintiff's Complaint.

244. Deny the allegations contained in paragraph "244" of Plaintiff's Complaint.

245. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "245" of Plaintiff's Complaint.

246. Deny the allegations contained in paragraph "246" of Plaintiff's Complaint.

247. With respect to the allegations in paragraph "247" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

248. Deny the allegations contained in paragraph "248" of Plaintiff's Complaint.

249. Deny the allegations contained in paragraph "249" of Plaintiff's Complaint.

250. Deny the allegations contained in paragraph "250" of Plaintiff's Complaint.

251. Deny the allegations contained in paragraph "251" of Plaintiff's Complaint.

252. Deny the allegations contained in paragraph "252" of Plaintiff's Complaint.

253. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "253" of Plaintiff's Complaint.

254. Deny the allegations contained in paragraph "254" of Plaintiff's Complaint.

255. With respect to the allegations in paragraph "255" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

256. Deny the allegations contained in paragraph "256" of Plaintiff's Complaint.

257. Deny the allegations contained in paragraph "257" of Plaintiff's Complaint.

258. Deny the allegations contained in paragraph "258" of Plaintiff's Complaint.

259.    Deny the allegations contained in paragraph "259" of Plaintiff's Complaint.

260.    With respect to the allegations in paragraph "260" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

261.    Deny the allegations contained in paragraph "261" of Plaintiff's Complaint.

262.    Deny the allegations contained in paragraph "262" of Plaintiff's Complaint.

263.    Deny the allegations contained in paragraph "263" of Plaintiff's Complaint.

264.    Deny the allegations contained in paragraph "264" of Plaintiff's Complaint.

265.    With respect to the allegations in paragraph "265" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

266.    Deny the allegations contained in paragraph "266" of Plaintiff's Complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "267" of Plaintiff's Complaint.

268.    Deny the allegations contained in paragraph "268" of Plaintiff's Complaint.

269.    With respect to the allegations in paragraph "269" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

270.    Deny the allegations contained in paragraph "270" of Plaintiff's Complaint.

271.    Deny the allegations contained in paragraph "271" of Plaintiff's Complaint.

272.    Deny the allegations contained in paragraph "272" of Plaintiff's Complaint.

273.    Deny the allegations contained in paragraph "273" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

274.    With respect to the allegations in paragraph "274" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

275.    Deny the allegations contained in paragraph "275" of Plaintiff's Complaint.

276.    Deny the allegations contained in paragraph "276" of Plaintiff's Complaint.

277.    Deny any allegation of wrongful conduct or misconduct by the City defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding scope of employment contained in paragraph "277" of Plaintiff's Complaint.

278.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "278" of Plaintiff's Complaint.

279.    Deny the allegations contained in paragraph "279" of Plaintiff's Complaint.

280.    Deny the allegations contained in paragraph "280" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

281.    With respect to the allegations in paragraph "281" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

282.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "282" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

283.    Deny the allegations contained in paragraph "283" of Plaintiff's Complaint.

284.    Deny the allegations contained in paragraph "284" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

285.    With respect to the allegations in paragraph "285" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

286.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "286" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

287.    Deny the allegations contained in paragraph "287" of Plaintiff's Complaint.

288.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "288" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

289.    With respect to the allegations in paragraph "289" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

290.    Deny the allegations contained in paragraph "290" of Plaintiff's Complaint.

291.    Deny the allegations contained in paragraph "291" of Plaintiff's Complaint.

292.     Deny the allegations contained in paragraph "292" of Plaintiff's Complaint, and respectfully defer all questions of law to the Court.

293.     With respect to the allegations in paragraph "293" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

294.     Deny the allegations contained in paragraph "294" of Plaintiff's Complaint.

295.     Deny the allegations contained in paragraph "295" of Plaintiff's Complaint.

## GENERAL DENIAL

296.     Deny each and every other allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise controverted herein.  The City Defendants deny all liability for any claim or damage alleged by Plaintiff.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE:

297.     Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a cause of action against the City Defendants.

### AS AND FOR A SECOND DEFENSE:

298.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD DEFENSE:

299.     Upon information and belief, the Complaint is barred, in whole or in part, for failure to comply with Article Four of the New York State General Municipal Law.

## AS AND FOR A FOURTH DEFENSE:

300.     Upon information and belief, the detention, arrest, seizure, search, identification of, and/or prosecution of Plaintiff, if any such detention, arrest, seizure, search, identification of, and/or prosecution occurred, was based on probable cause.

## AS AND FOR A FIFTH DEFENSE:

301.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the doctrine of qualified immunity.

## AS AND FOR A SIXTH DEFENSE:

302.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the grounds that the City Defendants exercised their professional judgment under the totality of circumstances and therefore their actions are cloaked with immunity.

## AS AND FOR A SEVENTH DEFENSE:

303.     Upon information and belief, Plaintiff failed to obtain subject matter and/or personal jurisdiction over one or more of these answering City Defendants.

## AS AND FOR AN EIGHTH DEFENSE:

304.     Upon information and belief, Plaintiff failed to name and/or join a necessary party.

## AS AND FOR A NINTH DEFENSE:

305.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the City Defendants did not violate any of Plaintiff's Constitutional rights.

## AS AND FOR A TENTH DEFENSE:

306.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the City Defendants were without malice, prejudice, or bias and were objectively reasonable under the totality of the circumstances.

## AS AND FOR AN ELEVENTH DEFENSE:

307.     Under relevant state and federal law, punitive damages cannot be awarded against certain municipal defendants.

## AS AND FOR A TWELFTH DEFENSE:

308.     Upon information and belief, the detention, arrest, seizure, search, identification of, and/or prosecution of Plaintiff, if any such detention, arrest, seizure, search, identification of, and/or prosecution occurred, was based on "arguable probable cause".

## AS AND FOR A THIRTEENTH DEFENSE:

309.     Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities and their employees including but not limited to governmental immunity for alleged errors of judgment in discretionary decisions and absolute immunity for witness testimony provided at criminal proceedings.

## AS AND FOR A FOURTEENTH DEFENSE:

310. The damages complained of, if any, were caused by the culpable conduct of others over whom the City Defendants exercised no control and for whom the City Defendants bear no responsibility.

## AS AND FOR A FIFTEENTH DEFENSE:

311. Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SIXTEENTH DEFENSE:

312. Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the Plaintiff's failure to obtain personal jurisdiction based on insufficient and/or improper service of process on one or more of these answering City Defendants.

## AS AND FOR A SEVENTEENTH DEFENSE:

313. Upon information and belief, no special relationship existed between the Plaintiff and the City Defendants that would create a special duty of protection to the Plaintiff.

## AS AND FOR AN EIGHTEENTH DEFENSE:

314. Upon information and belief, the Complaint is barred, in whole or in part, for failure to file a timely notice of claim pursuant to the General Municipal Law.

### AS AND FOR A NINETEENTH DEFENSE:

315.　Upon information and belief, if Plaintiff reaches a settlement with any person claimed to be liable, the City Defendants may be entitled to a setoff against such settlement.

### AS AND FOR A TWENTIFTH DEFENSE:

316.　Any award for Plaintiff must be reduced by the amount he has received or will receive from collateral sources.

### AS AND FOR A TWENTY-FIRST DEFENSE:

317.　Plaintiff's damages, if any, must be diminished by his failure to mitigate such damages.

### AS AND FOR A TWENTY-SECOND DEFENSE:

318.　That the injuries and/or damages alleged in Plaintiff's Complaint were caused in whole or in part or were contributed to by the culpable conduct, want of care and assumption of risk, and/or illegal conduct on the part of Plaintiff and without any negligence, fault, or want of care on the part of the City Defendants.

### AS AND FOR A TWENTY-THIRD DEFENSE:

319.　The Complaint is barred in whole, or in part, by the doctrines of contributory negligence, culpable conduct, and/or assumption of risk and the relative responsibility and/or culpability of the parties should be apportioned by the Court or jury as to all responsible parties, whether named or unnamed, and the City Defendants

will further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A TWENTY-FOURTH DEFENSE ON BEHALF OF THE CITY DEFENDANTS AND A CROSS-CLAIM AGAINST CO-DEFENDANTS COUNTY OF ERIE AND ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING:

320. Although these answering City Defendants are not aware of any culpable conduct on the part of the co-defendants, any injuries or damages sustained by the Plaintiff as alleged in the Complaint, if not caused by reason of the negligence, carelessness, illegal, reckless, and/or other culpable conduct of the Plaintiff, were caused or contributed to by the negligence, wrongful, carelessness and/or other culpable conduct of the co-defendants, the COUNTY OF ERIE and its agents, servants and employees, and ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING.

321. Therefore, these Answering City Defendants will be entitled to indemnification by and judgment over against the above referenced co-defendants.

**WHEREFORE**, the Defendants, CITY OF BUFFALO, DETECTIVE MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA, DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN VICKERD, CHIEF RICHARD T. DONOVAN, and JOHN DOES, Unknown Buffalo Police Department Supervisors**,** demand judgment dismissing the Plaintiff's Complaint herein, together with the costs and disbursements of this Action, an award of attorney's fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. §1988, awarding contribution and/or indemnification to the City Defendants from co-

- 35 -

defendants, and for such other and further relief as to this Court may deem just and proper.

Dated:    January 31, 2020
            Buffalo, New York

                                        **TIMOTHY A. BALL, ESQ.**
                                        Corporation Counsel
                                        *Attorney for Defendants*

                                        */s/ Maeve E. Huggins*
                                        By: Maeve E. Huggins
                                        Assistant Corporation Counsel
                                        65 Niagara Square, 11th Floor
                                        Buffalo, New York 14202
                                        Tel.: (716) 851-4317
                                        Fax.: (716) 851-4105
                                        mhuggins@city-buffalo.com

TO:          Nick Brustin, Esq.
              NEUFELD SCHECK & BRUSTIN LLP
              *Attorneys for the Plaintiff*
              99 Hudson Street, 8th Floor
              New York, New York 10013

CC:          COUNTY OF ERIE
              ASSISTANT DISTRICT ATTORNEY CHRISTOPHER BELLING