# EXHIBIT 5

```
STATE OF NEW YORK        COUNTY OF ERIE

COUNTY COURT             PART 27

************************************

PEOPLE OF THE STATE OF NEW YORK

              VS.                          PLEA

LaMARR SCOTT                      FILE # 01476-1991
                                  SCI # 43870
              Defendant.

************************************

                         25 Delaware Avenue
                         Buffalo, New York 14202
                         September 19, 2018


HELD BEFORE:   HONORABLE SUSAN M. EAGAN
               COUNTY COURT JUDGE

APPEARANCES:   JOHN J. FLYNN, ESQ.
               DISTRICT ATTORNEY - COUNTY OF ERIE
               SARA N. DEE, ESQ.
               DAVID A. HERATY, ESQ.
               Assistant District Attorneys
               Appearing for the People


               THOMAS J. EOANNOU, ESQ.
               Appearing for the Defendant


PRESENT:       LaMARR SCOTT
               Defendant
                              KIM M. BUCK
                              Supreme Court Reporter
```

Dixon-008444

**Scott - Plea**

1    MS. DEE: Good morning, Your Honor. Sara Dee
2    appearing on behalf of the People along with assistant
3    district attorney David Heraty. The next matter before
4    the Court is the People of the State of New York versus
5    LaMarr Scott, this is under file number 01476 of 1991.
6    The defendant is present before you, he is in custody
7    appearing alongside his attorney, Mr. Thomas Eoannou.
8        We are present today, Your Honor, for an SCI plea
9    under SCI number 43870. Your Honor, this matter is
10   currently uncharged, so the People have filed a felony
11   complaint charging Mr. Scott with three counts. The
12   first count is manslaughter in the first degree, a
13   class B violent felony, in violation of Penal Law
14   section 125.20 subdivision one. The second count is
15   assault in the first degree, also a B violent felony,
16   in violation of Penal Law section 120.10 subdivision
17   one. And the third count is assault in the third
18   degree, a class A misdemeanor, in violation of Penal
19   Law section 120.00 subdivision two. At the appropriate
20   time I would ask the Court to arraign the defendant on
21   the felony charges and the misdemeanor charge and then
22   we would proceed to the waiver of indictment and
23   superior court plea.
24       Would you like me to keep going or would you like
25   to do the felony complaint arraignment?

**Scott - Plea**

1  THE COURT: Why don't you present your
2  position and then we'll let the defense speak.
3  MS. DEE: Okay. Your Honor, this matter has
4  been extensively investigated and people have been
5  interviewed by the district attorney's office. This
6  Superior Court Information and waiver of indictment is
7  the result of a lengthy year-long investigation by the
8  DA's office into a matter that occurred on August 10th
9  of 1991. It is my understanding that after the
10 defendant is arraigned on the felony complaint, he's
11 going to waive his right to have this matter presented
12 to an Erie County Grand Jury and be prosecuted by an
13 indictment.
14     There have been lengthy discussions between
15 myself, my office, the district attorney himself, and
16 Mr. Eoannou on how to resolve this matter. The
17 defendant faced a potential indictment for murder in
18 the second degree; however, the People have offered the
19 defendant a chance to plead guilty to the three counts
20 as outlined in the felony complaint and the waiver of
21 indictment and Superior Court Information. And the
22 People have come to an understanding and have
23 memorialized this in a proffer agreement that was
24 discussed in the last weeks with Mr. Eoannou; that
25 Mr. Scott has been confessing to this crime since

**Scott - Plea**

1   August 12th of 1991, but for an appearance that he did
2   make in the grand jury, he has maintained that
3   confession for the last twenty-seven years.  He has
4   been confessing to this crime in excess of ten times
5   and has come into our office and confessed to the crime
6   as well.  Based on that, the fact that the defendant
7   has been confessing to this crime for twenty-seven
8   years, and our proffer agreement, and the many
9   discussions that I had with Mr. Eoannou, the People
10  would not object to a sentence that the Court would
11  impose running concurrent to the sentence he is already
12  serving, because Mr. Scott has been in custody for
13  twenty-five years.  I believe he went into custody in
14  1993 and the offer the People have made to Mr. Eoannou
15  and Mr. Scott is that we would have no objection to the
16  sentence that he receives running -- that being eight
17  and a third to twenty-five, which would be the maximum
18  that he could receive, running concurrent to that
19  sentence he's already serving.
20      The conditions that the People are placing on
21  offering the defendant this plea arrangement is, first,
22  that he waive his right to appeal.  Specifically, in
23  that the defendant will -- understands that he will not
24  challenge this plea or this conviction under any
25  statute of limitations CPL 30.10 issues, because the

**Scott - Plea**

1  statute of limitations has passed on those charges, but
2  he has agreed to waive any legal remedy he would have
3  to challenge this plea on those grounds. And that's
4  it. Thank you.
5       If it wasn't clear, Judge, that the People have no
6  objection to the sentence that he receives from this
7  Court, and our agreement, we agreed that he would be
8  sentenced to the maximum, which is eight and a third to
9  twenty-five, and that we have no objection to that
10 sentence running back to when he first came into
11 custody, which was in 1993, based on the fundamental
12 fairness and equity of the fact that Mr. Scott has been
13 trying to confess to this crime for twenty-seven years.
14            THE COURT: Thank you, Ms. Dee. Good
15 morning, Mr. Eoannou.
16            MR. EOANNOU: Yes, Your Honor. It was our
17 negotiations with the district attorney's office that
18 we had agreed and negotiated a plea that would result
19 in the time starting to count in 1993.
20            THE COURT: Good morning, Mr. Scott.
21            THE DEFENDANT: Good morning.
22            THE COURT: Mr. Eoannou, are you in
23 possession of the Superior Court Information paperwork?
24            MR. EOANNOU: I am, Your Honor.
25            THE COURT: And are you specifically in

Scott - Plea

```
 1   possession of the felony complaint charging your client
 2   with manslaughter in the first degree, assault in the
 3   first degree as an armed felony, and assault in the
 4   third degree?
 5           MR. EOANNOU:  Yes, Judge.
 6           THE COURT:  All right.  And do you waive a
 7   further reading of that felony complaint?
 8           MR. EOANNOU:  We do.
 9           THE COURT:  Do you waive a felony hearing on
10   that felony complaint?
11           MR. EOANNOU:  Yes, Your Honor.
12           THE COURT:  All right.  Mr. Scott, this Court
13   now has jurisdiction over this matter and you are here
14   today, I am told, to plead guilty under the Superior
15   Court Information to three counts; manslaughter in the
16   first degree, assault in the first degree and assault
17   in the third degree.  Is that why you're here today?
18           THE DEFENDANT:  Yes.
19           THE COURT:  All right.  And do you understand
20   that by accepting this plea under the Superior Court
21   Information you are waiving your right to be indicted
22   on these charges?
23           THE DEFENDANT:  Yes.
24           THE COURT:  And by that I mean, you're
25   waiving your right to have the grand jury consider the
```

**Scott - Plea**

1  evidence against you and vote to determine, what, if
2  any, charges are appropriate?
3        THE DEFENDANT: Yes.
4        THE COURT: All right. Do you also
5  understand that a Superior Court Information has the
6  same force and effect as if you had been indicted by
7  the grand jury?
8        THE DEFENDANT: Yes, I understand.
9        THE COURT: All right. Do you also
10 understand that the People are asking, given the nature
11 of this offense and the facts and circumstances that
12 this goes back to 1991, that you waive the statute of
13 limitations on this offense pursuant to Criminal
14 Procedure Law 30.10 2(b), in that you are agreeing to
15 be prosecuted and accepting this plea outside the
16 statute of limitations?
17       THE DEFENDANT: Yes, I agree.
18       THE COURT: All right. Do you also
19 understand that you're being required to waive your
20 right to appeal this conviction, which means that
21 you're waiving any legal objections you may have to
22 this conviction?
23       THE DEFENDANT: Yes.
24       THE COURT: All right. And have you
25 discussed this waiver of appeal with Mr. Eoannou?

**Scott - Plea**

1   THE DEFENDANT: Yes, I have.
2   THE COURT: And Mr. Eoannou, is there
3   anything that you know to be or believe to be unfair
4   about the People's requirement that your client waive
5   his right to appeal?
6   MR. EOANNOU: No, Your Honor.
7   THE COURT: And, Mr. Scott, are you a U.S.
8   citizen?
9   THE DEFENDANT: Yes, I am.
10  THE COURT: Do you understand that if you
11  were not a U.S. citizen that this plea could have
12  immigration consequences such as deportation, exclusion
13  from admission, or denial of naturalization?
14  THE DEFENDANT: Understand.
15  THE COURT: All right. I'm going to hand down
16  the original copy of the waiver of indictment and ask
17  that you review that with Mr. Eoannou and sign that,
18  all parts of it, in open court if that is how you wish
19  to proceed.
20  MR. EOANNOU: Would you like him to sign the
21  waiver as well, Judge?
22  THE COURT: Yes, please. Thank you.
23     If you could please swear Mr. Scott.
24  COURT OFFICER: Place your left hand on the
25  Bible, raise your right, listen to the words of the

**Scott - Plea**

1    Clerk.
2    L A M A R R   S C O T T, having been duly called and sworn,
3    testified as follows:
4              THE CLERK:  Please state and spell your name
5        for the record.
6              THE DEFENDANT:  LaMarr Scott, L-A-M-A-R-R
7        S-C-O-T-T.
8              THE CLERK:  And your birthdate?
9              THE DEFENDANT:  9/19/72.
10             THE COURT:  Mr. Scott.
11             THE DEFENDANT:  Yes.
12             THE COURT:  Have you discussed this plea with
13       your attorneys?
14             THE DEFENDANT:  Yes, I have.
15             THE COURT:  And have they answered any
16       questions or concerns you may have with regard to this
17       plea?
18             THE DEFENDANT:  Yes, they have.
19             THE COURT:  And are you satisfied with their
20       services?
21             THE DEFENDANT:  Yes, I am.
22             THE COURT:  And as you stand here today, is
23       there anyone, including myself, a member of the
24       district attorney's office, your attorneys, or any
25       other party that is forcing you to accept this plea?

**Scott - Plea**

1    THE DEFENDANT:  No.

2    THE COURT:  Are you here today freely and
3    voluntarily to accept this plea?

4    THE DEFENDANT:  Yes, I am.

5    THE COURT:  Do you understand that by
6    accepting this plea you are waiving your right to go to
7    trial?

8    THE DEFENDANT:  Yes.

9    THE COURT:  Do you understand that when you
10   waive your right to go to trial, you waive your right
11   to confront the witnesses against you?

12   THE DEFENDANT:  Yes.

13   THE COURT:  Do you also understand that you
14   waive your right to remain silent and you will have to
15   admit your guilt as part of this proceeding?

16   THE DEFENDANT:  Yes.

17   THE COURT:  Do you understand it has the same
18   effect as if we had a trial and you were found guilty
19   of these three counts?

20   THE DEFENDANT:  Yes, I understand.

21   THE COURT:  Now, the sentencing range with
22   regard to the B felonies, that being the manslaughter
23   in the first degree and assault in the first degree, is
24   a maximum sentence of twenty-five years.  Do you
25   understand that?

Case 1:19-cv-01678-MAV-JJM   Document 180-8   Filed 02/15/24   Page 12 of 16
11

**Scott - Plea**

1    THE DEFENDANT:  Yes.

2    THE COURT:  The third count is an A

3    misdemeanor and the maximum sentence is one year.  Do

4    you understand that?

5    THE DEFENDANT:  Yes.

6    THE COURT:  Now, as part of this plea

7    agreement you are accepting this plea with the

8    understanding that you will be sentenced to the maximum

9    of eight and a third to twenty-five years and that

10   those sentences will run concurrently to each other and

11   concurrently to the time you are serving.  Do you

12   understand that?

13   THE DEFENDANT:  Yes, I do.

14   THE COURT:  All right.  Now, we've already

15   discussed your waiver of appeal and the record will

16   reflect that you have signed that in open court.

17   And at this time, Mr. Scott, tell me what happened

18   on August 10th, 1991, at approximately 1:15 a.m, in the

19   vicinity of Bailey Avenue and East Delavan Avenue in

20   the City of Buffalo, County of Erie.

21   THE DEFENDANT:  It was -- it was a brief

22   fight, shots were fired.  I grabbed the gun that I had

23   from up under a bench that I was sitting on.  Switched

24   the -- it's a switch under the triggers, safety, and,

25   you know, to make it automatic.  So I switched it from

```
                         Scott - Plea
```

1  safety to full and I pulled the trigger and all the
2  bullets came out.  Unfortunately, Torriano ended up
3  dying, a few other individuals ended up being shot at
4  the same time.  I dropped the gun, I ran and I rode
5  down Delavan.  Yes, and I intended to shoot him.
6           THE COURT:  And now, you say there was a gun
7  under a bench?
8           THE DEFENDANT:  Yes.
9           THE COURT:  Where were you sitting?
10          THE DEFENDANT:  I was sitting on the bench on
11 Bailey and Delavan.
12          THE COURT:  All right.  So you were outside
13 at that time?
14          THE DEFENDANT:  Yes.  Yes.  And the gun --
15 the gun didn't belong to me specifically.  Valentino
16 had brought it to me earlier in the day, so I had it in
17 my possession.
18          THE COURT:  All right.
19          THE DEFENDANT:  And it was under the bench, I
20 went and got it up under the bench that I was sitting
21 on and commenced the shooting.
22          THE COURT:  All right.  And so when you --
23 you just referenced Valentino, are you referring to
24 Valentino Dixon?
25          THE DEFENDANT:  Yes.

Scott - Plea

1   THE COURT: All right. So he provided the
2   weapon to you earlier that day?
3   THE DEFENDANT: Yes, he did.
4   THE COURT: All right. And then at
5   approximately 1:15 a.m. when the fight broke out, you
6   used that weapon in an automatic mode and you shot
7   Torriano Jackson, Aaron Jackson and John Sullivan?
8   THE DEFENDANT: Yes, I did.
9   THE COURT: All right. Then, pursuant to
10  count one of the Superior Court Information number
11  43870, I will ask you if on August 10th of 2 -- of
12  1991, at approximately 1:15 a.m., while in the vicinity
13  of Bailey and East Delavan, with the intent to cause
14  serious physical injury to Torriano Jackson, did you
15  cause his death by shooting him?
16  THE DEFENDANT: Yes, I did.
17  THE COURT: And how do you plead to a
18  violation of Penal Law 125.20 subdivision one,
19  manslaughter in the first degree?
20  THE DEFENDANT: Guilty.
21  THE COURT: And under count two of the
22  Superior Court Information, I will ask you if on August
23  10th of 1991, at approximately 1:15 a.m, in the
24  vicinity of Bailey and East Delavan in the City of
25  Buffalo, County of Erie, did you, with the intent to

Scott - Plea

1    cause serious physical injury to another person, that
2    specifically being Aaron Jackson, did you do so by
3    shooting him with a deadly weapon?
4            THE DEFENDANT:  Yes.
5            THE COURT:  And how do you plead to a
6    violation of Penal Law 120.10 subdivision one, assault
7    in the first degree?
8            THE DEFENDANT:  Guilty.
9            THE COURT:  And under the third count, I will
10   ask you if on August 10th of 1991, at approximately
11   1:15 a.m., in the vicinity of Bailey and East Delavan
12   in the City of Buffalo, County of Erie, did you
13   recklessly cause physical injury to another person,
14   that being, John Sullivan, by shooting him with a
15   firearm and injuring him?
16           THE DEFENDANT:  Yes.
17           THE COURT:  And how do you plead to a
18   violation of Penal Law 120.00 subdivision two, assault
19   in the third degree?
20           THE DEFENDANT:  Guilty.
21           THE COURT:  I will accept your plea at this
22   time.  We will order a presentence investigation and
23   sentencing will be scheduled for October 24th in the
24   morning.  That will be held on the third floor in Part
25   18.  And it's my understanding that Mr. Scott needs to

Scott - Plea

1    be processed on these charges and that there is an
2    investigator from the DA's office that's available
3    today to take his fingerprints and file the processing
4    paperwork, is that correct?
5              MS. DEE:  That's correct, Your Honor.
6              THE COURT:  That happens --
7              MS. DEE:  That will happen right now.
8              THE COURT:  Right now.
9              MS. DEE:  And he will go upstairs to have
10   that done.
11             THE COURT:  All right.  Thank you, Mr. Scott.
12             THE DEFENDANT:  You're welcome.
13             MR. EOANNOU:  Thank you, Judge.
14
15                  *    *    *    *    *
16   I hereby certify that the foregoing 15 pages are a true
17   and accurate transcription of the stenographic notes taken
18   by me on September 19, 2018, in the matter of the People of
19   the State of New York vs. LaMARR SCOTT, 01476-1991.
20
21                              _____
                                KIM M. BUCK
22                              OFFICIAL COURT REPORTER
23
24
25