# EXHIBIT 13

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

NOV 3 0 1992

ERIE COUNTY
DIST. ATTORNEYS OFC.

PEOPLE OF THE STATE OF NEW YORK,
                              Plaintiff,

AFFIDAVIT IN SUPPORT
OF MOTION TO SET
ASIDE VERDICT
Indx. #91-1476-003

vs.

MARIO JARMON,

                              Defendant.

STATE OF NEW YORK)
COUNTY OF ERIE   )ss.:
CITY OF BUFFALO  )

    TERENCE B. NEWCOMB, being duly sworn, deposes and says:

    1.    That he is the assigned attorney for the above named defendant and is duly licensed to practice law in all the courts of New York and as trial counsel is fully familiar with the proceeding had herein.

    2.    That he makes this affidavit in support of defendant's Motion for an Order setting aside that portion of the verdict finding the above named defendant guilty of Perjury in the first degree herein and dismissing the indictment pursuant to CPL §§330.30, 330.40, and 330.50.

    3.    The defendant, MARIO JARMON, was indicted by the Grand Jury of Erie County charging him with four (4) counts of Perjury in the First Degree, contrary to Penal Law §210.15, Indictment No. 91-1476-003.

    4.    That prior to trial the Court ordered, upon Motion by the People, over the objections of counsel, that Indictments

COE003348

Nos. 91-1476-002 and 91-1476-003, be conslidated for a single trial.

5. That Indicmtnet No. 91-1476-002 charges Leonard Brown with the identical four (4) counts of Perjury in the First Degree as JARMON in Indictment No. 91-1476-003.

6. The cases were tried by jury, the Hon. Michael L. D'Amico, County Court Judge, presiding, from November 4 through November 16, 1992.

7. At the conclusion of the People's case the Court denied defendant's trial motion to dismiss the fourth count of the indictment upon the grounds that the people failed to present a Prima Facie case.

8. The jury, after some deliberation, requested certain testimony read back and further instruction as to the construction of the indictment, which was submitted to the jury at defendant's request; that is, if the defendant's Grand Jury testimony and indictment had to be verbatem.

9. In response to the jury's inquiry, the Court reiterated the elements of the crime and the definition of "testimony", CPL §210.00(3.).

10. On November 16, 1992 the defendant was acquitted of the first, second, and third Counts of the indictment and convicted of the fourth count, charging Perjury in the first degree.

11. The defendant moves in this instant motion for an Order setting aside the verdict of guilty on the fourth count of

-2-

COE003349

the indictment and dismissing the indictment herein on the following grounds appearing in the record which, if raised upon appeal from a prospective judgment of conviction, would require a reversal of the judgment as a matter of law by an Appellate Court:

   A.  That the defendant, MARIO JARMON, was entitled to a trial order dismissing the fourth count of the indictment upon the ground that the trial evidence was not legally sufficient to establish Perjury in the first or third degree.

   B.  That the jury's verdict of guilty to the fourth count of the indictment, as it relates to defendant JARMON, is inconsistent with law and the Court's charge because the People offered no trial evidence that the above defendant stated LaMarr Scott shot Torriano Jackson.[emphasis added]

   12.  That a copy of Indictment No. 91-1476-003 is attached hereto as Exhibit "A".

   13.  That a copy of defendant's Grand Jury testimony is attached hereto as Exhibit "B". Only pages 7 through 13 relate to the issue of this motion.

## PREMISE

   14.  The issue is not the "truth" or "falsity" of whom shot Torriano Jackson. No exception is taken to any findings of facts, in any proceeding, that Valintino Dixon shot Torriano Jackson.

   15.  The gravemen is that the People did not offer any trial evidence that defendant JARMON, in fact, stated LeMarr Scott shot Torriano Jackson, under oath while giving sworn

-3-

testimony before the Grand Jury, as plainly and concisely stated in the factual recitation of the fourth count of the indictment. [emphasis added]

16. That the above was the Grand Jury testimony of defendant Leonard Brown, not JARMON. That said statement should not be attributed to MARIO JARMON.

17. It was speculative and conjective of the jury to conclude that defendant, in fact, stated LeMarr Scott shot Torriano Jackson. [emphasis added] The jury had before it defendant's entire Grand Jury testimony. They also heard from all the People's witnesses, one testifying to the contrary. The facts presented are that JARMON did not make the statement attributed to him in count four of the indictment.

18. That for the People to sustain, let alone prevail, under the fourth count of the indictment, they must produce legally sufficient evidence that defendant stated LeMarr shot Torriano Jackson. This they did not do.

19. The jury could only reach such a conclusion through speculation and conjecture from the evidence it had before it.

## THE PEOPLE'S EVIDENCE

20. The defendant's Grand Jury testimony, dated January 13, 1992, at 10:10 a.m., was admitted into evidence as People's Exhibit 57. (Exhibit "B")

21. In addition, the People produced numerous witnesses that testified that Torriano Jackson was shot by Valintino Dixon. Not an issue of this Motion.

-4-

22. Also testifying for the People was Assistant District Attorney Christopher Belling. He was the People's only witness who was present with the Grand Jury at the time of the alleged crime. He did not testify that the defendant made the subject statement.

23. Moreover, Belling, while being cross-examined, testified that defendant JARMON <u>never</u> stated to the Grand Jury that LeMarr Scott shot Torriano Jackson. [emphasis added]

24. Of some moment are the facts that Belling was questioning the defendant before the Grand Jury. He testified that he, Belling, had already formed a belief as to the shooting and that JARMON wasn't fully cooperating with the investigation.

25. Possessed with his predisposition of who did the shooting and armed with the knowledge obtained from prior witnesses, Belling asked JARMON no probing questions as to Dixon's presence at the shooting of August 10, 1991, Dixon's conduct at the scene, or even whether JARMON had seen Dixon with any weapon.

26. In fact, when asked by Belling in the Grand Jury if he, JARMON, saw Scott shoot Torriano Jackson, the defendant respondend "No"; page 13, lines 13-16.

27. Moreover, none of People's witneses contradicted JARMON'S Grand Jury testimony that once the shooting started he, JARMON, ran around the corner; east on East Delevan and then north on Bailey Avenue.

28. The Grand Jury testimony of defendant Leonard Brown, dated January 13, 1992, at 10:30 a.m., was also admitted

-5-

into evidence. Brown did state to the Grand Jury, at least twice, that LeMarr Scott shot Torriano Jackson.

29. This was one of the articulated reasons why the two indictment should not have been consolidated for trial. For there existed the possibility that Brown's statement might have been attributed to JARMON.

30. Furthermore, the fact that the jury requested further instruction as to whether the statements had to be verbatem clearly indicates that the jury was troubled by that portion of the charge pertaining to "testimony means an oral statement ..."

31. Finally, the defendant would not be bringing this instant motion upon a guilty verdict for falsely stating "LeMarr Scott possessed an automatic firearm" or "LeMarr Scott fired an automatic weapon". Clearly, these two statements, which can be discerned from defendant's Grand Jury testimony without equivocation, are distinguishable from "LeMarr Scott shot Torriano Jackson".

32. The People charged the defendant with "stating LeMarr Scott shot Torriano Jackson". They should be required to prove, by some lawful evidence, that defendant did, in fact, make the subject statement. The District Attorney had ample opportunity to advise the Grand Jury accordingly.

WHEREFORE, your deponent respectfully requests that this Court make an Order setting aside the guilty verdict on

COE003353

count four of the indictment and dismiss the indictment herein, and for such other and further relief as the Court deems just and proper.

                                                TERENCE B. NEWCOMB, ESQ.
                                                Attorney for Defendant JARMON

Sworn to before me this 30 day of November, 1992.

ROBERT J. LANE
QUALIFIED IN ERIE COUNTY
COMMISSION EXPIRES DEC. 31ST 19 93

COE003354