# EXHIBIT 30

```
 1

 2   UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF
 3   ------------------------------------------------x

 4   VALENTINO DIXON,

 5             Plaintiff,      Case No. 19-cv-01678

 6        vs.

 7   CITY OF BUFFALO and COUNTY OF ERIE; DETECTIVE
     MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA,
 8   DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN
     VICKERD; CHIEF RICHARD T. DONOVAN, JOHN DOES,
 9   UNKNOWN; BUFFALO POLICE DEPARTMENT SUPERVISORS,
     AND ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
10   BELLING, in their individual capacities,

11             Defendants.

12   ------------------------------------------------x

13

14

15

16           DEPOSITION OF JENNIFER DYSART, PH.D.

17                   99 Hudson Street

18                   New York, New York

19
                     November 30, 2023
20
                        9:26 a.m.
21

22

23

24   Reported By:
     Cheryll Kerr, CSR
25   Job No. J10599448
```



1

2  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF
3  ----------------------------------------------x

4  VALENTINO DIXON,

5              Plaintiff,          Case No. 19-cv-01678

6         vs.

7  CITY OF BUFFALO and COUNTY OF ERIE; DETECTIVE
   MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA,
8  DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN
   VICKERD; CHIEF RICHARD T. DONOVAN, JOHN DOES,
9  UNKNOWN; BUFFALO POLICE DEPARTMENT SUPERVISORS,
   AND ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
10 BELLING, in their individual capacities,

11              Defendants.

12 ----------------------------------------------x

13

14

15

16      DEPOSITION OF JENNIFER DYSART, PH.D., held at the

17 offices of Neufeld Scheck Brustin Hoffmann &

18 Freudenberger, LLP, located at 99 Hudson Street, Eighth

19 Floor, New York, New York 10013, before Cheryll Kerr,

20 CSR, a Certified Shorthand Reporter and a Notary Public

21 on Thursday, November 30, 2023, at 9:26 a.m.

22

23

24

25



```
 1

 2   APPEARANCES:

 3   COUNSEL FOR PLAINTIFF:

 4   NEUFELD SCHECK BRUSTIN HOFFMANN & FREUDENBERGER, LLP
     BY:  KATIE MCCARTHY, ESQ.
 5   BY:  NICK BRUSTIN, ESQ.
     99 Hudson Street, Eighth Floor
 6   New York, NY  10013
     Phone:  (212) 965-9081
 7   katie@nsbcivilrights.com
     nick@nsbcivilrights.com
 8

 9   COUNSEL FOR DEFENDANTS CITY OF BUFFALO, DETECTIVE MARK
     R. STAMBACH, DETECTIVE RANIERO MASECCHIA, DETECTIVE
10   JAMES P.  LONERGAN, DETECTIVE JOHN VICKERD; CHIEF
     RICHARD T. DONOVAN:
11
     HODGSON RUSS, LLP
12   BY:  PETER SAHASRABUDHE, ESQ. (via Zoom)
     140 Pearl Street, Suite 100
13   Buffalo, New York 14202
     Phone:  (716) 848-1388
14   Email:  PSahasra@hodgsonruss.com

15
     COUNSEL FOR DEFENDANTS COUNTY OF ERIE AND ASSISTANT
16   DISTRICT ATTORNEY CHRISTOPHER BELLING IN HIS INDIVIDUAL
     CAPACITY:
17
     LIPPES MATHIAS, LLP
18   BY:  JAMES P. BLENK, ESQ.
     50 Fountain Plaza, Suite 1700
19   Buffalo, NY  14202
     Phone:  (716) 853-5100
20   Email:  jblenk@lippes.com

21
                     ***     ***     ***
22

23

24

25
```



```
 1

 2                              INDEX

 3    EXAMINATION BY                                    PAGE

 4    Direct Examination by Mr. Blenk                     5

 5    Cross-examination by Mr. Sahasrabudhe             180

 6    Cross-examination by Ms. McCarthy                 200

 7    Redirect examination by Mr. Blenk                 201

 8
                                EXHIBITS
 9
      COUNTY
10    FOR ID          DESCRIPTION                       PAGE

11    Exhibit 7       Dr. Dysart's expert report          16

12
      Exhibit 8       Document entitled "Policy and        16
13
                      Procedure Recommendations for
14
                      the Collection and Preservation
15
                      of Eyewitness Identification
16
                      Evidence"
17

18                     REQUESTS FOR INFORMATION

19    DESCRIPTION                                       PAGE

20    Production of updated version of Appendix A         43    10:22:53

21
      Production of 1966, 1983, and 1992 training        145
22
      keys as described at page 5
23

24                   ***      ***      ***

25
```



1                          J. Dysart
2          Q.    Okay.  I'll try to stick with Doctor.  Dr.
3    Dysart, you --
4          It's Dysart; is that right?
5          A.    Yes, correct.                              09:26:40
6          Q.    You've been -- you've been deposed many times
7    before?
8          A.    Yes.
9          Q.    More than 10?
10         A.    Yes.                                        09:26:47
11         Q.    Okay.  Do you understand the ground rules for
12   a deposition?
13         A.    I believe I do, yes.
14         Q.    We -- we -- we need a verbal response.  You
15   understand that?                                       09:26:56
16         A.    Yes, I do.
17         Q.    Okay, and we're going to try to avoid
18   speaking over each other, which you're already doing an
19   excellent job of doing.
20         A.    Thank you very much.                        09:27:05
21              (Pause.)
22   BY MR. BLENK:
23         Q.    How long have you --
24         How long have you been providing expert witness
25   testimony in connection with your -- your expertise in   09:27:17



```
 1                        J. Dysart
 2    the realm of eyewitness identification?
 3        A.    Since 2006.
 4        Q.    And as of 2006, were you a Ph.D.?
 5        A.    Yes.                                    09:27:34
 6        Q.    Did you have a faculty position?
 7        A.    I did, yes.
 8        Q.    Where -- where were you -- where were you a
 9    faculty member in 2006?
10        A.    John Jay College of Criminal Justice in New   09:27:42
11    York City.
12        Q.    And was that a tenure track position?
13        A.    Yes.
14        Q.    Are you now a tenured professor?
15        A.    Tenured Associate Professor.              09:27:58
16        Q.    In 2006, what was your title?
17        A.    Assistant Professor.
18        Oh, no, sorry.  I was promoted to associate when I
19    was hired but I was not tenured so I was an Associate
20    Professor when I was hired.                        09:28:12
21        Q.    Okay.
22        A.    Sorry.  I went from Assistant Professor at
23    Southern Connecticut State University and when I was
24    hired at John Jay College, I was promoted to Associate
25    Professor.                                         09:28:23
```



```
 1                       J. Dysart
 2        Q.    Okay, and that's -- your --
 3        Your work history is accurate -- is accurately
 4   reflected in the expert report that you prepared in this
 5   case?                                                    09:28:31
 6        A.    Yes, it is.
 7        Q.    Have you ever -- have you ever worked in a
 8   police department?
 9        A.    No.
10        Q.    Have you ever worked as a consultant to a    09:28:42
11   police department?
12        A.    To some degree, yes, in -- in training.
13        So I've been contacted by law enforcement
14   agencies -- several around the country -- and have gone
15   and done training on law enforcement on the subject of  09:28:53
16   eyewitness identification.
17                    (Pause.)
18   BY MR. BLENK:
19        Q.    In your -- the times --
20        In your experience providing expert testimony, have 09:29:09
21   you ever provided expert testimony on behalf of a law
22   enforcement agency?
23        A.    No, I've never been asked to and I never
24   have.
25        Q.    And do you provide criminal as well as civil 09:29:24
```



```
 1              J. Dysart
 2    insufficient opportunity to observe and then
 3    provides a report of something, you would have
 4    to look at that specific context to try to
 5    figure out what they're making their statement      11:28:38
 6    to you on.
 7         I'll give a specific example related to
 8    this case -- on this case.  So Mr. Sullivan, a
 9    shooting victim in this case, does not see the
10    face of the person -- of the shooter until         11:28:54
11    he's 150 yards away, so he's 450 feet away at
12    night, oncoming traffic, and he alleges from
13    that point that he turns and sees a profile of
14    the shooter and is able to say that that is
15    Valentino Dixon.                                    11:29:11
16         That is not possible, based on eyewitness
17    science.  It's not possible for him to be able
18    to make those observations, so when he says
19    "This is -- this is my opportunity to observe
20    and this is who I'm identifying," the              11:29:24
21    identification decision must be coming from
22    something other than his memory.
23         Because equity have no memory of what the
24    perpetrator looks like, given those specific
25    conditions evidenced in this case.                  11:29:37
```



```
 1                           J. Dysart

 2                    C E R T I F I C A T E

 3        I, CHERYLL KERR, CSR, a Certified Shorthand

 4   Reporter and Notary Public, do hereby certify

 5   that the witness whose deposition is hereinbefore

 6   set forth was duly sworn by me, and that such

 7   deposition is a true record of the testimony given

 8   by such witness.

 9        I further certify that I am not related to

10   any of the parties to this action by blood or

11   marriage; and that I am in no way interested in

12   the outcome of this matter.

13        IN WITNESS WHEREOF, I have hereunto set my

14   hand this 12th day of December, 2023.

15

16        --------------------------------

17                CHERYLL KERR, CSR

18

19

20

21

22

23

24

25
```

