# EXHIBIT 32

At a Criminal Special Term of Supreme Court, Part 18, held in and for the County of Erie and the State of New York at the Erie County Courthouse in the City of Buffalo on the 19th day of September 2018.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**THE PEOPLE OF THE STATE OF NEW YORK**

-vs-                                                                Indictment No. **1991-1476A**

**VALENTINO DIXON,**

                                    **Defendant**

---

APPEARANCES:

        HON. JOHN J. FLYNN, Erie County District Attorney
        *Sara Dee, Esq.*
        *David Heraty, Esq.*
        Appearing for the People

        *Donald Thompson, Esq.*
        Appearing for the Defendant

## MEMORANDUM AND ORDER

**EAGAN, J.**

The defendant moves pursuant to section 440.10 of the Criminal Procedure Law for an order vacating his judgment of conviction obtained in the above-captioned matter.

Following indictment, the defendant was convicted after trial on June 8, 1992 of Murder in the Second Degree (PL 125.25-1); Attempted Murder in the Second Degree (PL 110-125.25-1); Assault in the Third Degree (PL 120.00-2) and Criminal Possession of a Weapon in the Second Degree (PL 265.03). On August 7, 1992, he was sentenced to 25 years to life imprisonment on his conviction for Murder in the Second Degree; a consecutive term of 8 1/3 to 25 years imprisonment on his conviction for Attempted Murder in the Second Degree; a concurrent term of 5 to 15 years imprisonment on his conviction for Criminal Possession of a Weapon in the Second Degree and a concurrent term of one year imprisonment on his conviction for Assault in the Third Degree. The sentence was ordered to run consecutively to defendant's aggregate sentence of 5 1/3 to 16 years imprisonment for four unrelated convictions.

A notice of appeal was timely filed. The Appellate Division unanimously affirmed the conviction. (*People v. Dixon*, 214 AD2d 1010 [4th Dept 1995], *lv denied* 87 NY2d 900).

On a previous post-conviction motion, the defendant sought *vacatur* of his conviction on the grounds of: (1) ineffective assistance of counsel, (2) newly discovered evidence, (3) use of false evidence by the prosecutor, (4) denial of rights under the compulsory process clause, and (5) prosecutorial misconduct. Said motion was denied without a hearing

- 2 -

Dixon-005400

(D'Amico,J.) by order issued August 30, 2004 and his application for leave to appeal was denied.

On the instant motion, the defendant contends that:

> 1) he is entitled to a new trial on the basis of newly discovered evidence; and
>
> 2) the People withheld evidence that the defendant's clothing tested negative for gunshot residue after the shooting.

The People filed an answering affidavit with the Court September 17, 2018 consenting to vacatur of the defendant's convictions of Murder in the Second Degree (PL 125.25-1); Attempted Murder in the Second Degree (PL 110-125.25-1) and Assault in the Third Degree (PL 120.00-2) on the basis of newly discovered evidence. The People requested that the defendant's motion to vacate his conviction for Criminal Possession of a Weapon in the Second Degree be denied.

On September 19, 2018 the defendant withdrew the motion to vacate his conviction for Criminal Possession of a Weapon in the Second Degree.

**NOW, THEREFORE**, upon consent of the People of the State of New York, it is

**ORDERED, ADJUDGED AND DECREED** that the Defendant's motion to vacate his convictions for Murder in the Second Degree, Attempted Murder in the Second Degree and Assault in the Third Degree is hereby GRANTED.

This decision shall constitute the order in this matter for appeal purposes and no other or further order shall be required.

- 3 -

Dixon-005401

**DATED:**     Buffalo, New York
              September 19, 2018

_____
HON. SUSAN M. EAGAN, J.C.C.

- 4 -

Dixon-005402