# EXHIBIT 30

```
 1
 2   UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF
 3   --------------------------------------------------------x

 4   VALENTINO DIXON,

 5              Plaintiff,        Case No. 19-cv-01678

 6        vs.

 7   CITY OF BUFFALO and COUNTY OF ERIE; DETECTIVE
     MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA,
 8   DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN
     VICKERD; CHIEF RICHARD T. DONOVAN, JOHN DOES,
 9   UNKNOWN; BUFFALO POLICE DEPARTMENT SUPERVISORS,
     AND ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
10   BELLING, in their individual capacities,

11              Defendants.

12   --------------------------------------------------------x

13

14

15

16            DEPOSITION OF JENNIFER DYSART, PH.D.

17                      99 Hudson Street

18                     New York, New York

19
                       November 30, 2023
20
                           9:26 a.m.
21

22

23

24   Reported By:
     Cheryll Kerr, CSR
25   Job No. J10599448
```



```
 1
 2   UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF
 3   ------------------------------------------------------x

 4   VALENTINO DIXON,

 5              Plaintiff,         Case No. 19-cv-01678

 6        vs.

 7   CITY OF BUFFALO and COUNTY OF ERIE; DETECTIVE
     MARK R. STAMBACH, DETECTIVE RANIERO MASECCHIA,
 8   DETECTIVE JAMES P. LONERGAN, DETECTIVE JOHN
     VICKERD; CHIEF RICHARD T. DONOVAN, JOHN DOES,
 9   UNKNOWN; BUFFALO POLICE DEPARTMENT SUPERVISORS,
     AND ASSISTANT DISTRICT ATTORNEY CHRISTOPHER
10   BELLING, in their individual capacities,

11              Defendants.

12   ------------------------------------------------------x

13

14

15
          DEPOSITION OF JENNIFER DYSART, PH.D., held at the
16
     offices of Neufeld Scheck Brustin Hoffmann &
17
     Freudenberger, LLP, located at 99 Hudson Street, Eighth
18
     Floor, New York, New York 10013, before Cheryll Kerr,
19
     CSR, a Certified Shorthand Reporter and a Notary Public
20
     on Thursday, November 30, 2023, at 9:26 a.m.
21

22

23

24

25
```



```
 1
 2   APPEARANCES:
 3   COUNSEL FOR PLAINTIFF:
 4   NEUFELD SCHECK BRUSTIN HOFFMANN & FREUDENBERGER, LLP
     BY:  KATIE MCCARTHY, ESQ.
 5   BY:  NICK BRUSTIN, ESQ.
     99 Hudson Street, Eighth Floor
 6   New York, NY  10013
     Phone:  (212) 965-9081
 7   katie@nsbcivilrights.com
     nick@nsbcivilrights.com
 8
 9   COUNSEL FOR DEFENDANTS CITY OF BUFFALO, DETECTIVE MARK
     R. STAMBACH, DETECTIVE RANIERO MASECCHIA, DETECTIVE
10   JAMES P. LONERGAN, DETECTIVE JOHN VICKERD; CHIEF
     RICHARD T. DONOVAN:
11
     HODGSON RUSS, LLP
12   BY:  PETER SAHASRABUDHE, ESQ. (via Zoom)
     140 Pearl Street, Suite 100
13   Buffalo, New York 14202
     Phone:  (716) 848-1388
14   Email:  PSahasra@hodgsonruss.com
15
     COUNSEL FOR DEFENDANTS COUNTY OF ERIE AND ASSISTANT
16   DISTRICT ATTORNEY CHRISTOPHER BELLING IN HIS INDIVIDUAL
     CAPACITY:
17
     LIPPES MATHIAS, LLP
18   BY:  JAMES P. BLENK, ESQ.
     50 Fountain Plaza, Suite 1700
19   Buffalo, NY  14202
     Phone:  (716) 853-5100
20   Email:  jblenk@lippes.com
21
                    ***     ***     ***
22
23
24
25
```



```
 1

 2                            INDEX

 3   EXAMINATION BY                                         PAGE

 4   Direct Examination by Mr. Blenk                           5

 5   Cross-examination by Mr. Sahasrabudhe                   180

 6   Cross-examination by Ms. McCarthy                       200

 7   Redirect examination by Mr. Blenk                       201

 8
                              EXHIBITS
 9
     COUNTY
10   FOR ID            DESCRIPTION                          PAGE

11   Exhibit 7      Dr. Dysart's expert report                16

12
     Exhibit 8      Document entitled "Policy and             16
13
                    Procedure Recommendations for
14
                    the Collection and Preservation
15
                    of Eyewitness Identification
16
                    Evidence"
17

18                  REQUESTS FOR INFORMATION

19   DESCRIPTION                                            PAGE

20   Production of updated version of Appendix A              43

21
     Production of 1966, 1983, and 1992 training             145
22
     keys as described at page 5
23

24                    ***       ***      ***

25
```



1                       J. Dysart
2       Q.   Okay.  I'll try to stick with Doctor.  Dr.
3  Dysart, you --
4       It's Dysart; is that right?
5       A.   Yes, correct.                                        09:26:40
6       Q.   You've been -- you've been deposed many times
7  before?
8       A.   Yes.
9       Q.   More than 10?
10      A.   Yes.                                                 09:26:47
11      Q.   Okay.  Do you understand the ground rules for
12 a deposition?
13      A.   I believe I do, yes.
14      Q.   We -- we -- we need a verbal response.  You
15 understand that?                                               09:26:56
16      A.   Yes, I do.
17      Q.   Okay, and we're going to try to avoid
18 speaking over each other, which you're already doing an
19 excellent job of doing.
20      A.   Thank you very much.                                 09:27:05
21           (Pause.)
22 BY MR. BLENK:
23      Q.   How long have you --
24      How long have you been providing expert witness
25 testimony in connection with your -- your expertise in        09:27:17



1                    J. Dysart
2  the realm of eyewitness identification?
3       A.    Since 2006.
4       Q.    And as of 2006, were you a Ph.D.?
5       A.    Yes.                                              09:27:34
6       Q.    Did you have a faculty position?
7       A.    I did, yes.
8       Q.    Where -- where were you -- where were you a
9  faculty member in 2006?
10      A.    John Jay College of Criminal Justice in New       09:27:42
11 York City.
12      Q.    And was that a tenure track position?
13      A.    Yes.
14      Q.    Are you now a tenured professor?
15      A.    Tenured Associate Professor.                      09:27:58
16      Q.    In 2006, what was your title?
17      A.    Assistant Professor.
18      Oh, no, sorry.  I was promoted to associate when I
19 was hired but I was not tenured so I was an Associate
20 Professor when I was hired.                                  09:28:12
21      Q.    Okay.
22      A.    Sorry.  I went from Assistant Professor at
23 Southern Connecticut State University and when I was
24 hired at John Jay College, I was promoted to Associate
25 Professor.                                                   09:28:23



800.211.DEPO (3376)
EsquireSolutions.com

```
 1                         J. Dysart
 2        Q.    Okay, and that's -- your --
 3        Your work history is accurate -- is accurately
 4   reflected in the expert report that you prepared in this
 5   case?                                                       09:28:31
 6        A.    Yes, it is.
 7        Q.    Have you ever -- have you ever worked in a
 8   police department?
 9        A.    No.
10        Q.    Have you ever worked as a consultant to a        09:28:42
11   police department?
12        A.    To some degree, yes, in -- in training.
13        So I've been contacted by law enforcement
14   agencies -- several around the country -- and have gone
15   and done training on law enforcement on the subject of     09:28:53
16   eyewitness identification.
17              (Pause.)
18   BY MR. BLENK:
19        Q.    In your -- the times --
20        In your experience providing expert testimony, have   09:29:09
21   you ever provided expert testimony on behalf of a law
22   enforcement agency?
23        A.    No, I've never been asked to and I never
24   have.
25        Q.    And do you provide criminal as well as civil    09:29:24
```



1           J. Dysart
2   insufficient opportunity to observe and then
3   provides a report of something, you would have
4   to look at that specific context to try to
5   figure out what they're making their statement                11:28:38
6   to you on.
7       I'll give a specific example related to
8   this case -- on this case.  So Mr. Sullivan, a
9   shooting victim in this case, does not see the
10  face of the person -- of the shooter until                    11:28:54
11  he's 150 yards away, so he's 450 feet away at
12  night, oncoming traffic, and he alleges from
13  that point that he turns and sees a profile of
14  the shooter and is able to say that that is
15  Valentino Dixon.                                              11:29:11
16      That is not possible, based on eyewitness
17  science.  It's not possible for him to be able
18  to make those observations, so when he says
19  "This is -- this is my opportunity to observe
20  and this is who I'm identifying," the                         11:29:24
21  identification decision must be coming from
22  something other than his memory.
23      Because equity have no memory of what the
24  perpetrator looks like, given those specific
25  conditions evidenced in this case.                            11:29:37



1                         J. Dysart

2                      C E R T I F I C A T E

3         I, CHERYLL KERR, CSR, a Certified Shorthand

4    Reporter and Notary Public, do hereby certify

5    that the witness whose deposition is hereinbefore

6    set forth was duly sworn by me, and that such

7    deposition is a true record of the testimony given

8    by such witness.

9         I further certify that I am not related to

10   any of the parties to this action by blood or

11   marriage; and that I am in no way interested in

12   the outcome of this matter.

13        IN WITNESS WHEREOF, I have hereunto set my

14   hand this 12th day of December, 2023.

15

16                    _____

17                         CHERYLL KERR, CSR

