# EXHIBIT 33

```
STATE OF NEW YORK        COUNTY OF ERIE

COUNTY COURT             PART 27

*************************************

PEOPLE OF THE STATE OF NEW YORK

              VS.                    MOTION

VALENTINO DIXON                INDICTMENT #01476-1991

              Defendant.

*************************************

                         25 Delaware Avenue
                         Buffalo, New York 14202
                         September 19, 2018


HELD BEFORE:   HONORABLE SUSAN M. EAGAN
               COUNTY COURT JUDGE

APPEARANCES:   JOHN J. FLYNN, ESQ.
               DISTRICT ATTORNEY - COUNTY OF ERIE
               DAVID A. HERATY, ESQ.
               SARA N. DEE, ESQ.
               Assistant District Attorneys
               Appearing for the People


               DONALD M. THOMPSON, ESQ.
               ALAN ROSENTHAL, ESQ.
               Appearing for the Defendant

PRESENT:       VALENTINO DIXON
               Defendant
                              KIM M. BUCK
                              Supreme Court Reporter
```

**Dixon - Motion**

1   THE COURT: Good morning.

2   THE DEFENDANT: Good morning.

3   MR. HERATY: Good morning again, Your Honor,
4   David Heraty and Sara Dee for the People. The next
5   matter before the Court is indictment number 1476 of
6   1991, the People of the State of New York versus
7   Valentino Dixon. Mr. Dixon is present in custody along
8   with his attorneys Donald Thompson and Alan Rosenthal.
9   Judge, on May 29th of this year the defendant filed a
10  motion to vacate his conviction pursuant to CPL 440.10
11  on the grounds of newly discovered evidence and a claim
12  that the People had withheld exculpatory evidence,
13  specifically a negative gunshot residue test. The
14  People subsequently performed a comprehensive
15  conviction integrity investigation in which we
16  interviewed approximately thirty witnesses, thoroughly
17  reviewed the file, the transcripts, and the physical
18  evidence, and jointly, with the defense, conducted a
19  polygraph examination of the defendant. Our only
20  objective in this investigation was to find the truth
21  and we did.

22  With respect to the claim that the People had
23  withheld exculpatory evidence we conclusively disproved
24  that claim. There had been a belief that there was a
25  negative gunshot residue test performed on the

**Dixon - Motion**

1  defendant which was not turned over, but our
2  investigation revealed that no such test had ever been
3  performed and as such the prosecutor in the case did
4  not withhold any evidence favorable to the defendant.
5      With respect to the newly discovered evidence
6  claim, our investigation revealed that in the early
7  morning hours of August 10th, 1991 Mr. Dixon packed a
8  loaded TEC-9 machine gun into his vehicle, picked up
9  LaMarr Scott, drove him to the area of Bailey and East
10 Delavan avenues in the City of Buffalo where there had
11 been an earlier dispute, and when a fight broke out
12 LaMarr Scott and not Valentino Dixon retrieved the gun
13 and opened fire causing the death of Torriano Jackson,
14 causing serious physical injury to Aaron Jackson, and
15 wounding John Sullivan.  Based on this evidence, the
16 People consent to the vacatur of defendant's
17 conviction, convictions for murder in the second
18 degree, attempted murder in the second degree, and
19 assault in the third degree.  The People oppose the
20 vacatur of his conviction for criminal possession of a
21 weapon in the second degree, and it's my understanding
22 the defense is going to withdraw the motion to vacate
23 that conviction only.  So we do consent to the
24 dismissal of the other charges on the basis of newly
25 discovered evidence and I'll defer to the Court and

**Dixon - Motion**

1  defense counsel at this time.
2           THE COURT: Thank you.
3           MR. HERATY: You're welcome.
4           THE COURT: Good morning.
5           MR. THOMPSON: Good morning, Judge, that's
6  all correct and consistent with our discussions. I
7  have discussed that disposition with Mr. Dixon. We are
8  specifically withdrawing that portion of the motion
9  seeking to vacate his conviction for criminal
10 possession of a weapon in the second degree, and are
11 joining with the prosecution to request that the Court
12 vacate his conviction for murder in the second degree,
13 attempted murder in the second degree, and assault in
14 the third degree.
15          THE COURT: Thank you. Mr. Dixon, given the
16 facts and circumstances of this case and the People's
17 extensive investigation and their position with regard
18 to your motion, I will grant your motion to vacate your
19 convictions for murder in the second degree, attempted
20 murder in the second degree, and assault in the third
21 degree. Your conviction for criminal possession of a
22 weapon in the second degree will stand. And on that
23 offense you were sentenced to five to fifteen years and
24 you have more than satisfied that sentence, and the
25 Court, and your counsel more significantly, has been in

Dixon - Motion

1  contact with the Department of Corrections and they
2  have done the calculations and have found that you are
3  eligible for release today. And so I have signed an
4  order memorializing the Court's order and the parties'
5  positions and we will be sending that to the Department
6  of Corrections momentarily. They will process that and
7  you will be released today from this building.
8           THE DEFENDANT:  Thank you.
9           THE COURT:  Congratulations.
10          THE DEFENDANT:  Thank you, Your Honor.
11          MR. THOMPSON:  Thank you, Judge.
12          MR. HERATY:  Thank you, Your Honor.
13
14                *    *    *    *    *
15  I hereby certify that the foregoing 5 pages are a true and
16 accurate transcription of the stenographic notes taken by me
17 on September 19, 2018, in the matter of the People of the
18 State of New York vs. VALENTINO DIXON, 01476-1991.

                                *Kim M. Buck* (signature)
                                _____
                                KIM M. BUCK
                                OFFICIAL COURT REPORTER