# EXHIBIT 42

STATE OF NEW YORK
COUNTY COURT : COUNTY OF ERIE

---

**THE PEOPLE OF THE STATE OF NEW YORK**

ORDER
Indictment No. **1991-1476A**

**-vs-**

**VALENTINO DIXON,**

**Defendant**

---

The defendant, Valentino Dixon moves pursuant to §440.10 of the Criminal Procedure Law for an order vacating his judgment of conviction of Criminal Possession of a Weapon in the Second Degree entered August 7, 1992, after trial. Defendant was sentenced to 5-15 years of incarceration for criminal possession of a weapon in the second degree. Defendant's conviction was affirmed by the Appellate Division, Fourth Department on April 28, 1995 (*People v. Dixon*, 214 A.D.2d 1010 [4th Dept. 1995]) and his application for leave to appeal to the Court of Appeals was denied (*People v. Dixon*, 87 N.Y.2d 900 [1995]).

On May 18, 2018, defendant filed a CPL §440.10 motion challenging his convictions based on newly discovered evidence and after investigation the Erie County District Attorney consented to the vacatur of defendant's convictions for murder in the second degree, attempted murder in the second degree, and assault in the third degree. The District Attorney did not consent to the vacatur of defendant's conviction for criminal possession of a weapon in the second degree and defendant withdrew the portion of his motion that challenged the criminal possession of a weapon conviction with the knowledge that he would be released from custody that day.

Defendant subsequently filed the present motion pursuant to CPL §440.10 dated October 25, 2021, contending that the withdrawal of his motion pertaining to the criminal possession of a weapon conviction was without prejudice and the merits of the present motion were never decided by any Court. On June 8, 2022, this Court heard oral arguments from the defense and the People, and this Court issued an order dated August 8, 2022, granting the defendant a hearing on all grounds alleged based upon defendant's prima facie showing of actual innocence meriting a fuller exploration. The parties stipulated to a record from which the Court could decide the motion without a hearing.

The present motion challenges the conviction for criminal possession of a weapon in the second degree on the grounds of newly discovered evidence, actual innocence, and denial of his constitutional right to be prosecuted by indictment. The People contend that CPL §440.10(3)(c) authorizes this Court to deny the motion because defendant previously filed such a motion, was in a position to raise this claim and did not do so or in the alternative, defendant waived any future challenge to the criminal possession of a weapon conviction when he withdrew that portion of the May 18, 2018 motion based upon an agreement that was reached between the People and defendant.

Denial of the motion pursuant to CPL §440.10(3)(c) is discretionary and this Court does not consider withdrawal of the motion as failure to raise the claim when the opportunity presented or abandoning the claim. This Court analyzes the People's contention that the defendant waived his right to bring the present post judgment motion similarly to the waiver of the right to appeal. In determining whether there was in fact a waiver of the right to bring the present post judgment motion, this Court looks to the record made by the parties at the time of the withdrawal. As some post-conviction remedies are not waivable, absolute bars to the pursuit

of potential post-conviction remedies must be knowingly and voluntarily made and precise waiver colloquies are necessary (*People v. Thomas*, 34 N.Y.3d 545 [2019], plea memorandum purported to impermissibly waive the right to bring any post judgment motions).

Here, with respect to resolution of the May 18, 2018 CPL §440.10 motion, the People stated on the record that based upon their conviction integrity investigation they consented to the vacatur of defendant's convictions for murder in the second degree and assault in the third degree based on newly discovered evidence (R0213). The People further indicated they opposed vacatur of the criminal possession of a weapon in the second-degree conviction and it was their understanding that the defense was going to withdraw the motion to vacate that conviction only (R0213). Since the record made by the People here does not evidence that defendant knowingly and voluntarily waived his right to make post judgment motions, this Court shall not summarily deny the relief requested on those grounds (*People v. St. John*, 163 A.D.2d 687, 558 N.Y.S.2d 295 [3d Dept. 1990], *app. denied*, 76 N.Y.2d 944 [1990]).

Turning to the merits of the motion, defendant makes the following claims:

1) Newly discovered evidence conclusively demonstrates that defendant is actually innocent of the acts for which he was indicted by the grand jury and convicted of at trial; and
2) Defendant's conviction violates his constitutional rights to be tried by indictment and to due process under the New York State and United States constitutions.

CPL §440.10 states, in relevant part:

1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment on the ground that...

(g) new evidence has been discovered since the entry of judgment…which is of such character as to create a probability that had such evidence been received at trial the verdict would have been more favorable to the defendant; or

(h) the judgment was obtained in violation of a right of the defendant under the constitution of this state or the United States.

In a motion to vacate a conviction based upon newly discovered evidence, the defendant must establish, by a preponderance of the evidence, that such evidence "(1) will probably change the result if a new trial is granted; (2) was discovered since the trial; (3) could not have been discovered prior to trial; (4) is material; (5) is not cumulative; and (6) does not merely impeach or contradict the record evidence" (*People v. Backus*, 129 A.D.3d 1621, 1623, 14 N.Y.S.3d 241 [2015], *lv. denied*, 27 N.Y.3d 991 [2016]). The power to grant a new trial based upon newly discovered evidence is purely statutory, the requirements of the statute must be met, and such determination is within the sound discretion of the court (*Id.*). Here, the People conceded on the May 18, 2018, motion that the evidence in question met the newly discovered evidence standard and consented to a vacatur of two of the defendant's convictions and now wish for this Court to come to a different conclusion with respect to the third conviction. While the People allege the evidence was not discovered since the trial as LaMarr Scott gave a sworn confession to police and publicly confessed to the murder long before trial, the People are overlooking the established fact that they dismissed Scott's claims and even prosecuted other defendants for what they believed to be perjury in relation to Scott's claims. Furthermore, LaMarr Scott's admissions are now under oath and resulted in his conviction.

The People claim that Scott's admissions do not give rise to the probability of a different result after trial. However, this Court is not persuaded by that claim as the evidence points to a

theory of accessorial liability which would require an instruction to the jury if presented at trial as the indictment charged the defendant as a principal (*People v. Spann*, 56 N.Y.2d 469 [1982]). There is a reasonable probability that had such evidence been received at trial, and a jury instruction given related to accessorial liability, the verdict would have been more favorable to the defendant. LaMarr Scott's admission of guilt on the record is material, is not cumulative, and does not merely impeach or contradict the record evidence. Therefore, this Court concludes that the defendant met his burden of establishing all six factors by a preponderance of the evidence. However, this Court rejects defendant's contention that he is entitled to dismissal of the indictment on the ground of actual innocence and instead concludes that he is entitled to a new trial. Actual innocence means "factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial (*People v. Davis*, 193 A.D.3d 967, 145 N.Y.S.3d 591 [2d Dept. 2021]; *People v. Fraser*, 165 A.D.3d 697, 84 N.Y.S.3d 553 [2d Dept. 2018], *lv. denied* 32 N.Y.3d 1171 [2019]; *see People v. Maxwell*, 152 A.D.3d at 623, 59 N.Y.S.3d 71 [2017], *lv. denied* 30 N.Y.3d 1062 [2017]; *see People v. Parsons*, 169 A.D.3d 1425, 1426, 91 N.Y.S.3d 825 [4th Dept. 2019], *lv. denied* 33 N.Y.3d 980 [2019]). Defendant has failed to establish actual innocence by clear and convincing evidence.

The defendant argues that he was indicted as a principal and the theory of accessorial liability is an unauthorized amendment to the indictment in violation of his constitutional rights. A court is authorized by statute to "order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like" provided that the amendment does not change the theory of the prosecution or prejudice the defendant on the merits (CPL §200.10 [1]; *Spann* at 473). This Court is not persuaded by the defendant's argument that his constitutional rights would be violated by

ordering a new trial on the indictment. "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of prosecution (*People v. Usera*, 233 A.D.2d 270, 650 N.Y.S.2d 137 [1st Dept. 1996], *app. denied* 89 N.Y.2d 989 [1997]). Even where the indictment does not charge the defendant with accessorial liability, the indictment is "not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting in concert to commit the same crime, nor does it permissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice (*People v. Rivera*, 84 N.Y.2d 766 [1995]).

Therefore, the elements of the indicted crime are the same where the defendant was a principal or an accessory, "the People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice" and "for charging purposes, the distinction between principal and accomplice is academic" (*Id.* at 771). This court concludes that the accessorial liability theory, if presented at a new trial, would not constitute an impermissible amendment to the indictment in violation of the defendant's constitutional rights.

This Court is not persuaded by defendant's claim that double jeopardy would bar prosecution under the accessorial liability theory. The double jeopardy clause protects criminal defendants from multiple prosecutions for the same offense and includes "the valued, but not absolute, right to proceed to verdict before the empaneled jury" *(People v. Adames*, 83 N.Y.2d 89, 92 [1993])."Ordinarily, when a defendant obtains a verdict or chooses to prevent one by successfully seeking a mistrial, double jeopardy principles are not implicated" (*Gorghan v. DeAngelis*, 7 N.Y.3d 470, 473 [2006]). Therefore, defendant is entitled to the ordinary remedy of a new, fair trial and not dismissal of the indictment.

**NOW, THEREFORE,** upon reading and filing defendant's Notice of Motion dated October 25, 2021, the opposing affidavit of the District Attorney of Erie County by Matthew B. Powers, Assistant District Attorney, sworn to on the 18th day of March, 2022, the post argument submission of the Erie County District Attorney by Paul J. Williams, III, dated July 8, 2022, the stipulated record by the People and Defendant and all other documents and proceedings had heretofore, and due deliberation having been had thereon, it is

**ORDERED, ADJUDGED AND DECREED** that the defendant's conviction of Criminal Possession of a Weapon in the Second degree is hereby vacated and a new trial is granted.

This decision shall constitute the order in this matter for appeal purposes and no other or further order shall be required.

**DATED:** Buffalo, New York
November 1, 2023

[signature]

**HON. SUSAN M. EAGAN, J.C.C.**