# EXHIBIT 72



UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

---

VALENTINO DIXON,
                Petitioner

v

JAMES T. CONWAY,
                Respondent

---

05-CV-0208E

---

GRAND JURY TESTIMONY

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **November 6, 1991** | |
| Aaron Jackson | 3 |
| John Sullivan | 20 |
| Travis Powell | 31 |
| | |
| **November 20, 1991** | |
| Michael Bland | 2 |
| | |
| **January 13, 1992** | |
| Mario Jarmon | 2 |
| James R. Diegleman | 15 |
| Leonard Brown | 21 |
| Lamarr Scott | 56 |
| Emil Adams | 74 |
| Freddy Stancil | 83 |
| Robert Lewis | 90 |

January 13, 1992

```
91-1476
1/13/92
1:11 PM
CLW
```

MR. BELLING: Now we're back on 91-1476 which is Valentino Dixon. I should charge you a couple of things, particularly from LaMarr Scott's testimony and Exhibit 10. The fact that Valentino Dixon in Exhibit 10 is sitting here with what LaMarr Scott says is an M-16 on his lap should not be used to draw any inference by you that he is a bad person or that he has automatic weapons. You decide this case based upon what you heard in this Grand Jury room and not on media exposure that may have occurred on this case and not based on this photograph or LaMarr Scott's opinion. He also rendered his opinion that the father told him that Valentino was in so much trouble that he can get a better deal out of this, you should disregard that also. Decide on the facts and if the facts lead you to believe there is reasonable cause to lay

```
 1                  charges, do that.
 2                          Also when you vote this case, the
 3                  first thing you have to do is and it would be a
 4                  lot simplier to do it that way is evaluate whether
 5                  or not you believe Mario Jarmon and Leonard
 6                  Brown when they say LaMarr did it so you don't
 7                  have to deliberate any further about Valentino
 8                  Dixon or believe the balance of the witnesses
 9                  and LaMarr saying he did not do it.  You should
10                  not hold it again Valentino Dixon the fact if
11                  you believe that his father somehow goofed
12                  around with LaMarr and the whole case, don't
13                  hold it against Valentino.  If you evaluate the
14                  evidence, I think Valentino, you'll make a
15                  decision about Valentino that will have enough
16                  ramifications even if you leave out those extra
17                  things.
18                          The first count I'm going to ask you
19                  to consider is a violation of 125.25,
20                  subdivision 1.  This is murder in the second
21                  degree.  It reads a person is guilty of murder
22                  in the second degree when, with intent to cause
23                  the death of another person, he causes the death
```

| | |
|---|---|
| 1 | of such person or of a third person. This would |
| 2 | of course go to Torriano Jackson whose death |
| 3 | certificate I think I read in here way back when |
| 4 | but I'll read it again just so I'm sure it was |
| 5 | done. Torriano Jackson of 19 Thatcher Street, |
| 6 | death certificate was marked as Grand Jury |
| 7 | Exhibit Number 4 and Dr. Logmanee certified that |
| 8 | his death was homicidal due to internal bleeding |
| 9 | caused by gunshots wounds, dated August 10th, |
| 10 | '91. |
| 11 | The second charge I'll ask you to |
| 12 | consider again relating to charges concerning |
| 13 | Torri Jackson is a violation of 125.25, |
| 14 | subdivision 2 which reads a person is guilty of |
| 15 | murder in the second degree when, under |
| 16 | circumstances evincing a depraved indifference |
| 17 | to human life, he recklessly engages in conduct |
| 18 | which creates a grave risk of death to another |
| 19 | person and thereby causes the death of another |
| 20 | person. I'll read you intentionally and |
| 21 | recklessly so you'll know what those terms both |
| 22 | mean. A person acts intentionally with respect |
| 23 | to a result or to conduct described by a statute |

```
 1    defining an offense when his conscious aim or
 2    objective is to cause such result or to engage
 3    in such conduct. Recklessly means a person acts
 4    recklessly with respect to a result or to
 5    circumstances described by a statute defining an
 6    offense when he is aware of and consciously
 7    disregards a substantial and unjustifiable risk
 8    that such result will occur or that such
 9    circumstance exists. The risk must be of such a
10    nature and degree that disregard thereof
11    constitutes a gross deviation from the standard
12    of conduct that a reasonable person would
13    observe in the situation.
14              Now, the third count I'll ask you to
15    consider is attempted murder in the second
16    degree which is written 110-125.25, subdivision
17    1. 125.25, subdivision 1, I've just read to
18    you. That was intentional murder. In the case
19    of Aaron Jackson however that would be modified
20    by an attempt because as we saw Aaron Jackson
21    survived and came to tell us about these
22    events. An attempt is when you have a felony
23    situation, a person is guilty of an attempt to
```

```
 1        commit a crime when, with intent to commit a
 2        crime, he engages in such conduct which tends to
 3        effect the commission of such crime.
 4                 Also with regard to Aaron I want to
 5        charge you a couple of assault -- actually three
 6        different theories of assault in the first
 7        degree defined first of all in 120.10,
 8        subdivision 1 which reads a person is guilty of
 9        assault in the first degree when, with intent to
10        cause serious physical injury to another person,
11        he causes such injury to such person or to a
12        third person by means of a deadly weapon.
13        Deadly weapon is defined in the Penal Law as any
14        loaded weapon from which a shot, readily capable
15        of producing death or other serious physical
16        injury, may be discharged.
17                 The next charge is 120.10, subdivision
18        3, which reads a person is guilty of assault in
19        the first degree when, under circumstances
20        evincing a depraved indifference to human life,
21        he recklessly engages in conduct which creates a
22        grave risk of death to another person and
23        thereby causes serious physical injury to
```

```
 1    another person.  That again would be with
 2    respect to Aaron Jackson.  We have his medical
 3    records marked here as an Exhibit.  He was
 4    hospitalized for an extended period of time and
 5    suffered the injuries described therein.
 6              The next count I would ask you to
 7    consider with respect to Aaron again is 120.10,
 8    subdivision 4.  It reads a person is guilty of
 9    assault in the first degree when, in the course
10    of and in furtherance of the commission or
11    attempted commission of a felony, or of
12    immediate flight therefrom, he or another
13    participant if there be any causes serious
14    injury to a person other than one of the
15    participants.  In this instance the underlying
16    felony I would submit could be considered to be
17    the murder of Torri Jackson and the strict
18    liability offense of causing injury to a third
19    party while committing a murder.
20              The next count I'll ask you to
21    consider, these next deal with injuring John
22    Sullivan known as Rabbit.  The first is a
23    violation of 120.05, subdivision 6.  It reads a
```

| | |
|---|---|
| 1 | person is guilty of assault in the second degree |
| 2 | when, in the course of and in furtherance of the |
| 3 | commission or attempted commission of a felony, |
| 4 | or of immediate flight therefrom, he or another |
| 5 | participant if there be any causes physical |
| 6 | injury to a person other than one of the |
| 7 | participants.  The difference there as you |
| 8 | recall John Sullivan was wounded through the |
| 9 | leg, went to Sisters Hospital and was treated |
| 10 | and released.  I don't believe that his medical |
| 11 | records support a finding of serious physical |
| 12 | injury.  That is assault second, physical injury |
| 13 | count. |
| 14 | The last count I'll ask you to |
| 15 | consider in regard to John Sullivan is assault |
| 16 | in the third degree under 120.00, sub two.  That |
| 17 | reads a person is guilty of assault in the third |
| 18 | degree when he recklessly causes physical injury |
| 19 | to another person. |
| 20 | Then I'll also ask you to consider a |
| 21 | violation of 265.03 which is criminal possession |
| 22 | of a weapon in the second degree.  That reads a |
| 23 | person is guilty of criminal possession of a |

```
 1              weapon in the second degree when  he possesses a
 2              machine gun or loaded firearm with intent to use
 3              same unlawfully against another.  Now, loaded
 4              firearm and machine gun are both defined in the
 5              Penal Law.  Machine gun means a weapon of any
 6              description, irrespective of size, by whatever
 7              name known, loaded or unloaded, from which a
 8              number of shots or bullets may be rapidly or
 9              automatically discharged from a magazine with
10              one continuous pull of the trigger and includes
11              a sub-machine gun.  Firearm means any pistol or
12              revolver, or a shotgun having one or more
13              barrels less than eighteen inches in length, or
14              a rifle having one or more barrels less than
15              sixteen inches in length, or a weapon made from
16              a shotgun or rifle whether by alteration,
17              modification or otherwise if such weapon as
18              altered, modified or otherwise has an overall
19              length of less than twenty-six inches.  A loaded
20              firearm means a firearm that was loaded with or
21              possessed at the same time, it --  I'm sorry,
22              any firearm loaded with ammunition or any
23              firearm which is possessed by one who, at the
```

```
 1        same time possesses a quantity of ammunition
 2        which may be used to discharge such firearm.
 3                  The last charge I'd ask you to
 4        consider is a violation of 265.01, subdivision
 5        2.  It reads a person is guilty of criminal
 6        possession of a weapon in the fourth degree
 7        which he possesses any deadly weapon with intent
 8        to use same unlawfully against another.  I
 9        already defined deadly weapon for you.
10                  I'll ask you to vote those counts.
11        Consider first of all if LaMarr Scott did it,
12        then you don't have to vote on Valentino Dixon.
13        Then vote on Valentino Dixon.  Then buzz me and
14        I may have additional charges after we review
15        that part of it.
16
          (Whereupon, Mr. Belling and the stenographer
17        left the room while the Grand Jury deliberated
          and returned.)
18
19
20        MR. BELLING:       Now, having reviewed your
21        recorded vote on the other matters, I want you
22        to consider whether or not Mario Jarmon and
23        Leonard Brown and I'll ask you to consider them
```

```
 1    separately should be charged with the crime of
 2    perjury in the first degree which is section
 3    210.15.  A person is guilty of perjury in the
 4    first degree when he swears falsely and when his
 5    false statement consists of testimony, and is
 6    material to the action, proceeding or matter in
 7    which it is given.  So consider them separately
 8    and then consider what Mario told you, what
 9    Leonard told you and decide whether or not the
10    two of them should be charged with perjury.
11    A JUROR:      Which are the two?
12    MR. BELLING:      Mario Jarmon is the fellow
13    that came in and testified that he was shot but
14    he was shot two or three times by Torri Jackson
15    with the little revolver.  Leonard Brown was the
16    fellow dressed all in red who testified
17    similarly but depending on which portion of his
18    testimony he was talking about, he was closer,
19    farther, couldn't see or could see, that's the
20    two of them.
21
22                    *     *     *
23
```