# EXHIBIT 93

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ~~Erie~~ Chemung )

**EXHIBIT 035**
JMM - 04/11/2023

I Johnnie R. Lane III, being duly sworn depose and says:

1. I am making this affidavit on behalf of defendant Mr. Derrick Brown.

2. On todays date March 4th, 2012 I've attached an affidavit given to me via mail by Thomas Roland, in hope that Mr. Brown can use the information given to me to help his case.

3. I Johnnie R. Lane III being of sound mind made this statement/affidavit voluntarily, and no threats or promises of any kind were made, nor am I expecting any thing in return.

4. I have read my statement/affidavit above, and find it to be true and accurate in all respects.

Respectfully submitted
Johnnie R. Lane III

March 4th 2012

Charles D. Caswell
Notary Public, State of New York
Chemung Count, No. 01CA6200259
Commission Expires Jan. 26, 2013

```
STATE OF NEW YORK)
                 )   ss.:              AFFIDAVIT
COUNTY OF ERIE   )
```

I Thomas Roland, being duly sworn deposes and says:

1. I am the person above making this affidavit on behalf of defendant Mr. Johnnie R. Lane III.

2. On the date of January 5, 1993, I was given $2,500 to not only make a statement but testify as well in court against the defendant Johnnie Lane. In my statement and testimony I stated that Mr. Lane and his co-defendant Derrick Brown were the ones that told me (bragged) about the shootings and murders that took place between the times of December 1992 and January 1993. the truth of the matter is that my statement and testimony was coached by district attorney Christopher Belling. Defendant Johnnie R. Lane never once admitted such actions to me and the only time I heard about these incidents was through Ms. Temesha Pratcher and Mr. Christopher Belling. In all actual fact, Temesha Pratcher was the individual that got me involved with this case which caused the district attorney to send someone to my house to pick me up for questioning. Once down town I was told by Christopher Belling that I could make some money for my corroboration and at the time I agreed with it. On the record I've stated that I was moved out of state because I felt that my life were in danger but T.R. the move itself was all part of the deal. When it was time for me to come back to Buffalo and testify against Mr. Lane, I was hesitant and I wanted to back out of the deal because I knew that I would be lying under oath. I was told by Christopher Belling that if I didn't live up to my part of the bargain, I would be arrested and thrown

Dixon-005944

in jail for obstruction of justice. Furthermore to make my testimony look good I was told to say that I was going to collage when in fact I never attended. I was also told to say that the reason why I was moved out of state was because I believed that my life was in danger when in fact it wasn't. I was even told to say that Ms. Temesha Pratcher didn't know about any reward when in all honesty it was all her idea. I also want it to be known that if needed I'll be willing to testify to everything that I have stated in this affidavit.

3. I Thomas Roland, being of sound mind made this statement voluntarily, and no threats or, promises of any kind were made; and nothing has been given to me for making the above allegations.

4. I have read my statement above, and find it to be true, and accurate in all respects.

Respectfully submitted,

*Thomas Roland III*

Sworn to before me this 9 day of Oct., 2007
NOTARY PUBLIC *Marian Duminuco*

MARIAN DUMINUCO
Notary Public, State of New York
Qualified in Erie County
Commission Expires *Jan. 2011*

Dixon-005945