UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VALENTINO DIXON,

          Plaintiff,

v.                     Case No. 19-cv-01678

CITY OF BUFFALO, et al.,

          Defendants.

---

### **RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY**

  In asking the Court to review *Chiaverini v. Cty. of Napoleon*, 602 U.S. __ , 144 S. Ct. 1745 (2024) (slip op.), Plaintiff confuses the elements of probable cause and favorable termination on a malicious prosecution claim.  To succeed on a malicious prosecution claim, a plaintiff must establish both that a prosecution was initiated without probable cause *and* the prosecution terminated in his favor. *See Savino v. Cty. of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (emphasis added). *Chiaverini* deals only with the element of probable cause (not favorable termination) and decides a very limited issue.

  In *Chiaverini*, the Court rejected a rule advanced by the Sixth Circuit. *Chiaverini*, at *1749.  The Sixth Circuit had held that, when multiple charges are brought against an individual at the same time, a malicious prosecution claim is ***categorically barred*** so long as there is probable cause for one of the charges.  *Id.* (emphasis added).  The Supreme Court disagreed and held that no such categorical bar exists for Fourth Amendment malicious prosecution claims.  *Id.* at 1750-1751.  In other words, plaintiffs can, under certain circumstances, recover under a malicious prosecution theory where baseless charges accompany other valid charges.  *Id.*

If the City Defendants had argued on summary judgment that sufficient probable cause for Plaintiff's criminal possession of a weapon claim categorically barred his malicious prosecution claim from the courthouse, then *Chiaverini* would certainly undermine the City Defendants' motion. But the City Defendants have not taken this position. Instead, the City Defendants' motion for summary judgment argued that Plaintiff's malicious prosecution claim cannot stand because the criminal proceedings ***have not fully terminated in his favor.***[1] Plaintiff was charged with murder, assault, and criminal possession of a weapon—***all charges that stemmed from the same inextricably intertwined criminal transaction.***[2] When it comes to the Torriano Jackson homicide, Plaintiff has admitted that he brought both the murderer and the murder weapon to the murder scene, thus making the homicide possible. And Plaintiff is still being prosecuted for that (admitted) criminal conduct.

Indeed, the City Defendants note that the Erie County District Attorneys' Office recently perfected its appeal of Judge Eagan's order granting Plaintiff a new trial on his criminal possession of a weapon charge. *People v. Valentino Dixon*, KA 23-01942 (4th Dep't 2023). Consequently, there is still an ongoing criminal prosecution related to the criminal conduct for which Plaintiff was indicted, which was not the case for the plaintiff in *Chiaverini*. The City Defendants' points as to favorable termination are thus unaffected by *Chiaverini*. *Chiaverini* has no bearing on the element of favorable termination.[3]

---

[1] The City Defendants maintain that Plaintiff cannot maintain his due process fabrication of evidence claim for the same reason.

[2] All charges against the plaintiff in *Chiaverini* were dismissed and the charges in *Chiaverini* were not interrelated in the same manner that they are in this case. *Chiaverini*, at *1749.

[3] As to the element of probable cause, the City Defendants stand by their position that there was probable cause to prosecute Plaintiff for each of the charges brought against him. Dkt. No. 169 at p. 26-29; Dkt. No. at p. 16-17.

DATED: July 17, 2024

        Respectfully submitted,

        <u>s/ Peter A. Sahasrabudhe</u>
           Peter A. Sahasrabudhe
        Hodgson Russ LLP
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, New York  14202
        Telephone:  716-856-4000

        *Attorneys for the City Defendants*