# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

838
KA 23-01942
PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

                V              MEMORANDUM AND ORDER

VALENTINO DIXON, DEFENDANT-RESPONDENT.

---

MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR APPELLANT.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

    Appeal from an order of the Erie County Court (Susan M. Eagan, J.), dated November 1, 2023. The order granted the motion of defendant to vacate a judgment of conviction with respect to criminal possession of a weapon in the second degree and granted a new trial.

    It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, and the judgment of conviction with respect to the count of criminal possession of a weapon in the second degree is reinstated.

    Memorandum: In 1992, defendant was convicted, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the third degree (§ 120.00 [2]), and criminal possession of a weapon in the second degree (former § 265.03). The conviction arises from an incident in Buffalo on August 10, 1991, when a 17-year-old male was fatally shot with a machine gun, and other teenagers were wounded. Two of the surviving victims identified defendant as the perpetrator of the crimes. Defendant appealed from the judgment of conviction, and we affirmed (*People v Dixon*, 214 AD2d 1010 [4th Dept 1995], *lv denied* 87 NY2d 900 [1995]).

    In May 2018, defendant filed a motion pursuant to CPL 440.10, seeking to vacate the judgment, based on, inter alia, newly discovered evidence (*see* CPL 440.10 [1] [g]). Defendant submitted, inter alia, a sworn statement by and videotaped interview with LaMarr Scott, who confessed to being the shooter. Based on those confessions as well as the People's own reinvestigation of the incident, the People consented to vacatur of the judgment with respect to the murder, attempted murder, and assault counts. However, inasmuch as the reinvestigation also revealed that defendant had provided Scott with the loaded machine gun prior to the shooting, they did not consent to vacatur of

the judgment with respect to the count of criminal possession of a weapon in the second degree.  Defendant withdrew that portion of his motion seeking to vacate the judgment with respect to that count, and County Court dismissed the remaining counts, which resulted in defendant's release from custody.

In October 2021, defendant filed a second motion pursuant to CPL 440.10, seeking to vacate the judgment of conviction with respect to criminal possession of a weapon in the second degree, based on, inter alia, newly discovered evidence (see CPL 440.10 [1] [g]).  Defendant attached, inter alia, his own deposition testimony and that of Scott from a civil action.  In the depositions, both men testified that defendant provided Scott with a loaded machine gun and transported him to the vicinity of the shooting.  Scott further testified that defendant showed him how to use the gun, told Scott that there was a "beef" between the victims' family and defendant's family, and told Scott that they "had some business to handle."  The People opposed the motion, contending that defendant's own evidence reflected that he was guilty of criminal possession of a weapon in the second degree as charged in the indictment, although under a theory of accessorial liability rather than the principal actor theory that was presented at trial.  The court vacated the judgment with respect to the count of criminal possession of a weapon in the second degree and granted defendant a new trial, concluding that, although the People would have been permitted to amend the indictment to add the accessorial liability theory, there is a reasonable probability that, had the newly discovered evidence been received at trial, the verdict would have been more favorable to defendant.  The People appeal.

Pursuant to CPL 440.10 (1) (g), a court may vacate a judgment of conviction on the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence."  "It is well settled that on a motion to vacate a judgment of conviction based on newly discovered evidence, the movant must establish, inter alia, that there is newly discovered evidence:  (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[ ] (6) which does not merely impeach or contradict the record evidence" (People v Smith, 108 AD3d 1075, 1076 [4th Dept 2013], lv denied 21 NY3d 1077 [2013] [internal quotation marks omitted]; see People v Salemi, 309 NY 208, 215-216 [1955], cert denied 350 US 950 [1956]).  Defendant has the burden of establishing "by a preponderance of the evidence every fact essential to support the motion" (CPL 440.30 [6]).  Furthermore, "[t]he power to grant an order for a new trial on the ground of newly discovered evidence is purely statutory.  Such power may be exercised only when the requirements of the statute have been satisfied, the determination of which rests within the sound

discretion of the court" (*Salemi*, 309 NY at 215; *see People v White*, 125 AD3d 1372, 1373 [4th Dept 2015]; *People v Pugh*, 236 AD2d 810, 811 [4th Dept 1997], *lv denied* 89 NY2d 1099 [1997]).  However, "this Court may 'review the facts and substitute its discretion for that of [the motion court] even in the absence of abuse' " (*People v Tankleff*, 49 AD3d 160, 179 [2d Dept 2007]; *see People v Rickert*, 58 NY2d 122, 133 [1983]).  Here, we substitute our discretion for that of the motion court and agree with the People that defendant failed to meet his burden on the motion.

Initially, we reject the People's contention that Scott's confession was not "newly discovered" within the meaning of CPL 440.10.  The People contend that defendant was aware of Scott's involvement in the shooting at the time of the trial and therefore could have obtained a statement through due diligence.  However, the record reflects that, although Scott first confessed to the crime, he recanted after the People threatened to bring perjury charges, thereby suppressing defendant's ability to obtain Scott's testimony at his trial.  "[T]he due diligence requirement is measured against the defendant's available resources and the practicalities of the particular situation" (*People v Bryant*, 117 AD3d 1586, 1588 [4th Dept 2014] [internal quotation marks omitted]).  Under the circumstances of this case, we conclude that defendant could not have obtained Scott's confession prior to trial through the exercise of due diligence.

However, we conclude that the evidence in question is not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]; *see generally People v Backus*, 129 AD3d 1621, 1625 [4th Dept 2015], *lv denied* 27 NY3d 991 [2016]).  Scott's deposition testimony establishes that defendant possessed the loaded machine gun, provided it to Scott, transported Scott to the vicinity of the crime, and had a motive to harm the victims because his family had "beef" with theirs, thus providing sufficient evidence to support a verdict of guilty as an accomplice to the weapons possession of which he was convicted (*see People v Young*, 209 AD3d 1278, 1279 [4th Dept 2022], *lv denied* 39 NY3d 988 [2022]; *see also* Penal Law § 20.00).  " '[W]hether one is the actual perpetrator of the offense or an accomplice is, with respect to criminal liability for the offense, irrelevant' " (*People v Rivera*, 84 NY2d 766, 771 [1995]).

Defendant requests that we affirm on the ground, which he asserted in the court below, that consideration of the new evidence in light of a theory of accessorial liability requires an impermissible amendment to the indictment.  We agree with the People that we have no authority to affirm on that basis (*see generally People v Smith*, 202 AD3d 1492, 1494 [4th Dept 2022]).

Under CPL 470.15 (1), "[u]pon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant."  That provision is "a legislative restriction on the

Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (*People v LaFontaine*, 92 NY2d 470, 474 [1998], *rearg denied* 93 NY2d 849 [1999]; *see People v Nicholson*, 26 NY3d 813, 825 [2016]; *People v Concepcion*, 17 NY3d 192, 195 [2011]). "[W]here the trial court's decision is fully articulated[,] the Appellate Division's review is limited to those grounds" (*Nicholson*, 26 NY3d at 826). The Appellate Division engages in "the type of appellate overreaching prohibited by CPL 470.15 (1)" when it "renders a decision on grounds explicitly different from those of the trial court, or on grounds that were clearly resolved in [the appellant's] favor" (*id.*; *see LaFontaine*, 92 NY2d at 474).

Here, the court determined that "the accessorial liability theory, if presented at a new trial, would not constitute an impermissible amendment to the indictment in violation of the defendant's constitutional rights," clearly resolving that issue in the People's favor. The court's further determination that, even taking into account the theory of accessorial liability, Scott's admissions were "of such character as to create a probability" of a more favorable outcome for defendant (CPL 440.10 [1] [g]) was the only issue decided adversely to the appellant by the motion court (*see LaFontaine*, 92 NY2d at 474). Our "review, therefore, is confined to that issue alone" (*id.*; *see People v Richards*, 151 AD3d 1717, 1719 [4th Dept 2017]; *see also Smith*, 202 AD3d at 1494).

Entered: December 20, 2024                                   Ann Dillon Flynn
                                                             Clerk of the Court