**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

VALENTINO DIXON,

          Plaintiff,

          v.

CITY OF BUFFALO et al.,

          Defendants.

No. 19-cv-01678 (WMS) (JJM)

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO TAKE JUDICIAL NOTICE**

Plaintiff agrees that this Court may take judicial notice of the recent opinion in *People v. Dixon*, No. 23-01942 (N.Y. App. Div. Dec. 20, 2024). Defendants are correct that, after the recent opinion, "*one of the charges* in the indictment brought against Mr. Dixon did not terminate in his favor." ECF 203 at 1 (emphasis added). More specifically, the court reinstated Plaintiff's conviction for possessing a gun unlawfully; but someone else—LaMarr Scott— committed the murder, attempted murder, and assault. ECF 203-1 (December 20, 2024, opinion in *People v. Dixon*).

Defendants are wrong, however, to tell the Court that the recent opinion is relevant to the pending motions for summary judgment. As Plaintiff has repeatedly explained, citing binding precedent from the Supreme Court and Second Circuit, the claims in this case must be analyzed on a charge-by-charge basis. ECF 180 (Plaintiff's summary-judgment brief) at 11–21; ECF 195 (Plaintiff's notice of recent Supreme Court authority); ECF 195-1 at 1, 5 (Supreme Court holding that suits like this one must be analyzed "charge by charge" and rejecting the argument that a "valid charge" can "insulate" a defendant from a "malicious-prosecution claim relating to [an] invalid charge").

1

Under clear and binding precedent, the fact that the gun-possession charge against Plaintiff has been held "valid" does not "insulate" Defendants from liability for the "invalid" charges—that is, for intentionally framing Plaintiff for murder, attempted murder, and assault.[1] Defendants have never made a sensible argument to the contrary. Instead, their opinion is that it would be "absurd" for someone "to recover substantial damages" for being framed for murder if that person actually possessed a gun unlawfully. ECF 169 (City Defendants' summary-judgment brief) at 33. That argument—a transparent attempt to cabin Plaintiff's damages—has no relevance at the summary-judgment stage.

In sum, Defendants are correct that the recent court opinion is subject to judicial notice, and they are correct that Rule of Evidence 201(c) says that the Court "must" take such notice upon request. But Defendants misstep when they urge that the recent opinion is relevant to the pending summary-judgment motions: it is not.

Dated: January 7, 2025
New York, New York

s/ Mary Katherine McCarthy
Nick Joel Brustin
Anna Benvenutti Hoffmann
Mary Katherine McCarthy
NEUFELD SCHECK BRUSTIN HOFFMANN
& FREUDENBERGER LLP
200 Varick Street, Suite 800
New York, NY 10014
T: (212) 965-9081

Donald M. Thompson
EASTON THOMPSON KASPEREK
SHIFFRIN LLP
The Powers Building
16 West Main Street, Suite 243
Rochester, New York 14614
T: (585) 423-8290

---

[1] Although Plaintiff plans to seek leave to appeal the December 20, 2024, opinion, the ultimate resolution of that appeal is not relevant to the pending summary-judgment motions.