UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────

VALENTINO DIXON,

                                  Plaintiff,

v.
                                                            Case No. 19-cv-01678

CITY OF BUFFALO, et al.,

                                  Defendants.

─────────────────────────────────────────

## CITY DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

       Plaintiff does not dispute that Federal Rule of Evidence 201 allows the Court to take judicial notice of the recent opinion in *People v. Dixon*, No. 23-01942 (4th Dep't Dec. 20, 2024). This concession dictates that the City Defendants' motion for the Court to take judicial notice of the opinion must be granted. The Court should review and consider the opinion.

       The City Defendants, of course, disagree with Plaintiff as to whether the opinion is relevant to their pending motion for summary judgment. It unquestionably is. The fact that the Fourth Department reinstated Plaintiff's conviction for criminal possession of a weapon in the second degree is highly relevant to the Court's summary judgment analysis –especially to the issue of favorable termination. Because Plaintiff was charged with a set of crimes that were all inextricably related, and because Plaintiff is unquestionably guilty and has been convicted of one of those crimes, he cannot establish that the indictment against him terminated in his favor.

       Indeed, the Fourth Department's opinion confirms that, based on the undisputed evidence, Plaintiff's criminal conduct led to and caused the shooting of Torriano Jackson. Plaintiff gave Lamar Scott the Tec-9 assault weapon that was used to kill Torriano Jackson. Plaintiff drove Scott and the gun to the scene of the shooting and did so after his brothers called

him to enlist his help. Scott had not been involved with the ongoing "beef" until Plaintiff chose to involve him after his brothers called for help. Before driving Scott and the Tec-9 to the scene of the shooting, Plaintiff showed Scott how to use the weapon. If it were not for the criminal conduct of Plaintiff, the murder, attempted murder, and assault would never have happened. The City Defendants' position is that, based on applicable Second Circuit and Supreme Court precedent, Plaintiff cannot establish favorable termination under these circumstances.

The situation would be different if, as Plaintiff continually frames the issue, the criminal possession of a weapon charge was completely unrelated to the other charges brought against him. For example, if Plaintiff had simply been driving around with the Tec-9 earlier in the day, and a different weapon was used in the shooting, Plaintiff's argument would be stronger. But those are not the facts presented by this dispute and they are not the facts before the Court on summary judgment. What is abundantly clear from the record before the Court is that Plaintiff's unlawful possession of a weapon consisted of him giving an illegal assault weapon to his associate to use in a murder, attempted murder, and assault. Because Plaintiff was validly convicted for these criminal acts, and because the criminal acts all relate to the overall criminal transaction for which he was charged, he cannot establish favorable termination.

The parties have now extensively briefed this issue for the Court. The Court is of course capable of determining on its own the relevance of the recent Fourth Department opinion when ruling on the City Defendants' pending motion for summary judgment. For present purposes, however, it suffices to say that the Court can and should take judicial notice of the recent Fourth Department opinion.

**DATED:** January 21, 2025

> Respectfully submitted,
> s/ Peter A. Sahasrabudhe
>   Peter A. Sahasrabudhe
>   Hodgson Russ LLP
> The Guaranty Building 140
> Pearl Street, Suite 100 Buffalo,
> New York 14202 *Attorneys for
> the City Defendants*

66447561v1