UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

VALENTINO DIXON,

                              Plaintiff,

v.
                                                    Case No. 19-cv-01678

CITY OF BUFFALO, et al.,

                              Defendants.
───────────────────────────────────────

## OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE A SUR-REPLY

      Defendants, the City of Buffalo, John Vickerd, Raniero Masecchia, James Lonergan, Mark Stambach, and Richard Donovan ("the City Defendants") oppose Plaintiff's request for leave to file a sur-reply in connection with the motions for summary judgment filed by the City Defendants and Defendant, the County of Erie. Plaintiff filed his request for leave to file a sur-reply on June 18, 2025.

      The Second Circuit's decision in *Ortiz v. Stambach*, 137 F.4th 48 (2d Cir. 2025) does not warrant re-opening briefing on a motion that has now been fully submitted for over fifteen months. The City Defendants believe that Plaintiff vastly overstates the application of *Ortiz*. For instance, *Ortiz* says nothing of the main contention raised by the City Defendants in these proceedings –that Plaintiff cannot establish favorable termination of the indictment issued against him because he is legally and factually guilty of criminal possession of a weapon in the second degree, a serious criminal offense that led to and caused the killing of Torriano Jackson in August of 1991. *Ortiz* does not even discuss favorable termination, so it is of no assistance to

the Court in determining the central argument raised by the City Defendants on summary judgment.

Moreover, to the extent that *Ortiz* may have tangential relevance to other issues raised on summary judgment, the Court can determine the extent of that relevance for itself without any additional briefing from Plaintiff. The Court does not need to consider Plaintiff's characterizations and arguments to discern how *Ortiz* may or may not apply to the analysis it must undertake in deciding the pending dispositive motions. For these simple but compelling reasons, Plaintiff's request for leave to file a sur-reply should be denied.

Alternatively, if the Court is inclined to allow Plaintiff the opportunity to submit a sur-reply, the City Defendants request the opportunity to submit a brief response to Plaintiff's submission. If Plaintiff is allowed to submit additional briefing on what he believes to be the appropriate application of *Ortiz*, the City Defendants should be able to respond in turn to set forth their position on the extent to which *Ortiz* is or is not applicable to the issues raised by the parties on summary judgment.

**DATED:** June 20, 2025

> Respectfully submitted,
> s/ Peter A. Sahasrabudhe
>   Peter A. Sahasrabudhe
>   Hodgson Russ LLP
> The Guaranty Building 140
> Pearl Street, Suite 100 Buffalo,
> New York 14202 *Attorneys for the City of Buffalo and City Defendants*

66447561v1

Case 1:19-cv-01678-MAV-JJM    Document 212    Filed 06/20/25    Page 3 of 3