UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALENTINO DIXON,

                        Plaintiff,

    v.                                                                           Civil No.: 1:19-cv-01678

CITY OF BUFFALO and COUNTY OF ERIE, and
DETECTIVE MARK R. STAMBACH,
DETECTIVE RANIERO MASECCHIA,
DETECTIVE JAMES P. LONERGAN,
DETECTIVE JOHN VICKERD,
CHIEF RICHARD T. DONOVAN,
JOHN DOES, Unknown Buffalo Police Department
Supervisors, and ASSISTANT DISTRICT
ATTORNEY CHRISTOPHER BELLING,
in their individual capacities,

                        Defendants.
_____

## RESPONSE TO PLAINTIFF'S SUR-REPLY

                                              **HODGSON RUSS LLP**
                                              *Attorneys for City of Buffalo*
                                              *and other City Defendants*
                                              Hugh M. Russ III, of counsel
                                              Peter A. Sahasrabudhe, of counsel
                                              The Guaranty Building
                                              140 Pearl Street, Suite 100
                                              Buffalo, NY  14202-4040
                                              716.856.4000

Before delving into the specific arguments made by Plaintiff on his sur-reply, we are compelled to point out two things. *First*, the Court only permitted Plaintiff a sur-reply as an opportunity to discuss the potential relevance and application of *Ortiz v. Stambach*, 137 F.4th 48 (2d Cir. 2025). Dkt. No 214. But that's not what Plaintiff did. Over two thirds of the sur-reply simply repeats and rehashes the same characterizations of the factual record that Plaintiff submitted in opposition to the City Defendants' motion for summary judgment. Plaintiff devotes only half a page to any discussion of *Ortiz*. Plaintiff should not be permitted under false pretenses to submit a sur-reply simply to repeat what he already said over-and-over to this Court in prior submissions. The sur-reply should be disregarded, because Plaintiff misled the Court as to his purpose in submitting the sur-reply.

*Second*, the Court must reject the mischaracterizations of Plaintiff as "innocent" and the protestations that Plaintiff "had nothing to do with" the murder of Torriano Jackson. We understand that Plaintiff's attorneys prefer to begin every submission by telling a Court that their clients are innocent and had nothing to do with the crimes for which they were convicted. In most "wrongful conviction" cases their firm handles, such statements may be true. But they are not true in this case. In this case, there can be no reasonable dispute that Plaintiff stands convicted of the serious felony offense of Criminal Possession of a Weapon in the Second Degree –the commission of which led to and caused the murder of Torriano Jackson and the serious wounding of Aaron Jackson. In the words of the New York State Appellate Division, Fourth Department, the Record:

> establishes that [Plaintiff] possessed the loaded machine gun, provided it to [Lamar] Scott, transported Scott to the vicinity of the

> crime, and had a motive to harm [Torriano Jackson and Aaron Jackson] because his family had "beef" with theirs, thus providing sufficient evidence to support a verdict of ***guilty*** as an accomplice to the weapons possession [charge] ***of which [Plaintiff] was convicted***

Dkt. No. 203-1 at p. 3 (emphasis added).

Because of these indisputable judicial findings by the Fourth Department, which are based in part on Plaintiff's own admissions, Plaintiff cannot recover on his fabrication of evidence claim, as allowing him to do so would "impugn ***an outstanding criminal conviction***." *See Smalls v. Collins*, 10 F. 4th 117, 139 (2d Cir. 2021) (emphasis added). Nor can Plaintiff recover on his malicious prosecution claims because he cannot show that his prosecution "***ended without a conviction***." *See Thompson v. Clark*, 596 U.S. 36, 39 (2022) (emphasis added).

Turning now to *Ortiz*, the supposed point of this exercise, we point out that *Ortiz* is so factually dissimilar from this case that it is of limited relevance. In *Ortiz*, there was no testimony corroborating the law enforcement account of what took place when the plaintiff was alleged to have initially confessed to the murders for which he was convicted. 137 F.4th at 57. By contrast, here, there is ample testimony from disinterested witnesses –not just from law enforcement—that their identifications of Plaintiff were independent and legitimate.

Emil Adams testified that he identified Plaintiff as the perpetrator of the Jackson homicide after being shown groups of pictures by Detective Stambach. Dkt. No. 174-26 ("Adams Dep.") at p. 42 ("I remember being shown groups of pictures of people"); Dkt. No. 174-55 (photo array shown to Adams). Adams testified that he did not identify Plaintiff because of any suggestion or coercion. Adams Dep. at p. 52. Further, Aaron Jackson testified that Detective Stambach's account of his identification was accurate and that he identified Plaintiff

after being shown a non-suggestive photo array.  Dkt. No. 174-24 ("Jackson Dep.") at p. 135-136.

These independent corroborations from disinterested witnesses makes this case highly distinguishable from *Ortiz*.  While circumstantial evidence may have been sufficient to support the jury's finding of liability under the circumstances presented by *Ortiz*, such circumstantial evidence is not sufficient to create a question of fact here, where law enforcement accounts have been corroborated by unbiased witnesses.  In fact, *Ortiz* did not even involve eyewitness identifications at all – so it is of no use for the Court in determining what the record does and does not show about the three eyewitnesses who identified Plaintiff.   Plaintiff would have a stronger argument if this case involved allegations of a false confession.  But this case involves the opposite –Plaintiff claims that Lamar Scott's confession was true but was improperly disregarded by Defendants, not that a confession was fabricated, embellished or misrepresented.  These stark differences demonstrate that Plaintiff vastly overstates the potential application of *Ortiz*.

Most fundamentally, *Ortiz* says nothing about whether Plaintiff should be permitted to proceed beyond summary judgment when he stands convicted of a serious felony that caused Torriano Jackson's death and serious wounds to Aaron Jackson.  Because Plaintiff's conviction indisputably stands, and because Plaintiff is indisputably not "innocent,"  the Court should grant the City Defendants' motion for summary judgment.

Dated: July 17, 2025

                              **HODGSON RUSS LLP**
*Attorneys for City of Buffalo*
*and other City Defendants*

By:   /s/ Peter A. Sahasrabudhe
Hugh M. Russ III, of counsel
Peter A. Sahasrabudhe, of counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000