UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VALENTINO DIXON,

                              Plaintiff,

v.                                                       Case No. 19-cv-01678

CITY OF BUFFALO, et al.,

                              Defendants.

---

## COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY

For the reasons set forth in the City Defendants' response [216],[1][2] the Plaintiffs' surreply [215] fails to resolve the Plaintiffs' inability to demonstrate a favorable termination and fails to raise any argument based on *Ortiz* that would affect any of the Defendants' arguments made by the Defendants at summary judgment.

Indeed, the Plaintiff's inability to obtain a favorable termination and the distinguishing elements of *Ortiz* are interrelated. As the Second Circuit observed in *Ortiz*, the evidence demonstrated both (i) the lack of involvement of Mr. Ortiz in the murder *and* (ii) a confession of Mr. Ortiz that contained details that would only be known to the murderer. *Ortiz v. Stambach*, 137 F.4th 48, 63 (2d Cir. 2025). In other words, there was a chain of evidence that, if credited, gave powerful evidence of not simply false evidence, but of fabricated evidence. This is far more powerful evidence than the misidentification of Plaintiff as the shooter where the Plaintiff "possessed the loaded machine gun, provided it to Scott, transported Scott to the vicinity of the

---

[1] Bracketed references are to the Court's Case Management/Electronic Case Files system for the above referenced index number.

crime, and had a motive to harm the victims because his family had 'beef' with theirs, thus providing sufficient evidence to support a verdict of guilty as an accomplice to the weapons possession of which he was convicted" (*People v. Dixon*, 233 A.D.3d 1505, 1508, 224 N.Y.S.3d 760, 764 (4th Dep't 2024)).

Particularly as to the County and Christopher Belling[3], *Ortiz* provides no support for the Plaintiff's position.[4] As a preliminary matter, Mr. Belling is not factually connected to the original eyewitness identifications of the Plaintiff, which are addressed at points 1 and 2. At point 3, the Plaintiff makes an entirely circular argument that has no application to Chris Belling. Indeed, the Plaintiff encourages the inference that the police's failure to test Mr. Scott's clothing and shoes was informed by the Defendants' knowledge that Plaintiff had been framed for the murder, but that theory cannot be imputed to Mr. Belling, who was not present for the initial identifications.

The entire saga surrounding Mr. Scott provides no support for a claim against the County Defendants. Unlike Mr. Ortiz's testimony in *Ortiz*, Mr. Scott's account of why he recanted his confession provides a perfectly concise and logical explanation for his conduct that had nothing to do with Christopher Belling or any agent of the Erie County District Attorney's Office. (Scott Dep. Trans. pp. 64-65 [167-2 (A 1132-33)].) By Mr. Scott's account, he recanted because he felt "ashamed" for the crime because he had not been "raised that way." (*Id*. at A 1132.) While the Plaintiff points to prior statements of Mr. Scott, these statements are not substantive evidence sufficient to establish a question of fact. *See Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (plaintiff could not rely on affidavit of retracting witness, where retraction was inconsistent with witness's subsequent deposition testimony); *accord Taveras v. City of New York*, No.

---

[4] Plaintiff's surreply [215] confusingly refers to the "Defendants" collectively, but only cites portions of Plaintiff's opposition [180] to the City Defendants' motion for summary judgment.

2

06CV3807(SJ)(RML), 2009 WL 10701924, at *5 (E.D.N.Y. Apr. 7, 2009). In this way, the Plaintiff fails not just to advance sufficient circumstantial evidence, the Plaintiff fails to advance admissible evidence of any kind implicating Mr. Belling.

The *Ortiz* decision details all the factual inferences that could be drawn from a detailed confession by a person who was not present for the crime. *Id.*, 137F.4th at 66-67. By attempting to stretch the holding in *Ortiz* to this case, particularly as to Mr. Belling, the Plaintiff loses track of any limiting principle and advocates, in essence, that a plaintiff's strong showing of falsity of some evidence is itself sufficient to sustain a fabrication claim.

For these reasons, and for the reasons more fully set forth in the prior briefing of the County Defendants' motion for summary judgment, this Court should grant judgment to the County Defendants.

Dated: July 18, 2025
      Buffalo, New York

Respectfully submitted,

**LIPPES MATHIAS LLP**

By:   /s/James P. Blenk
Jennifer C. Persico
James P. Blenk
*Attorneys for Defendants, County of Erie and former Assistant District Attorney Christopher Belling*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
jblenk@lippes.com

3